In The

# United States District Court
# Northern District of Florida

EQUALITY FLORIDA, ET AL,                )          Number: 4:22-cv-00134-AW-MJF

    PLAINTIFFS,                          )

             v.                      )

RONALD DESANTIS, ET AL,                  )

    DEFENDANTS.                          )

## <u>MOTION TO INTERVENE</u>

NOW COMES, Scott Huminski ("Huminski"), and moves to intervene pursuant to F.R.C.P. 24 as follows:

1.  A central gravamen of the Complaint is that Ronald DeSantis, Et al. (Defendants) engage in a systemic procedure, policy, custom or practice of silencing First Amendment speech via the use of notorious discriminatory tactics targeting speech of those of a specific group such as the LGBTQ citizenry/community of Florida or those of a particular viewpoint. Certainly, the Plaintiffs are free to speak on any issue except a topic related to LGBTQ status and issues. In the case at Bar, one of those viewpoints is that residents of Florida have the right to freedom of speech absent the fear of governmental retaliation or viewpoint discrimination based upon a criteria such as the content of speech, race, color, creed or, more succinctly, speech with content that discusses topics that the government is uncomfortable with such as sexual orientation or gender identity. Ronald Desantis could have not signed the "don't say gay" bill and referred it back to the legislature for narrow-tailoring, but, failed to consider basic First Amendment and Due Process/Equal Protection mandates and signed the highly discriminatory, unconstitutionally vague and over-broad bill creating Florida law. Cleverly, the bill was crafted to appear as if it was only a prohibition in the grades kindergarten to grade three, but, the vague language of the bill extends to the entire school population regardless of age or grade.

2.  Huminski, a 10 year resident of Florida, is a long-time critic of the "plodding steer of the State" whether it be in <u>Huminski v. Corsones</u>, 396 F3d 53, 90 (2nd Cir 2005), or as the leader and founder of Scott X and the Constitution Commandos, an anti-Police-State rock


FILED USDC FLND TL
APR 5 '22 PM2:58

1

band, with half a million views of their youtube music videos.  See Exhibit "A", WHEN

COURTS SUBVERT LAW TO BANISH A CRITIC,  CHARLES LEVENDOSKY c.

2000 Casper (Wyo.) Star-Tribune (discussing Huminski's First Amendment issues).

3. In retaliation for Huminski's anti-Police-State First Amendment core protected political
   expression, Ronald DeSantis, Et al. engaged in the following retaliatory conduct:

   - Huminski was criminally prosecuted in State v. Huminski, 17-MM-815, Lee
     County Court **absent** a State of Florida charging document authored by the
     State or signed by a legitimate State of Florida prosecutor with the only
     document that could be deemed as a commencement/charging document
     being a show cause order copied from another Florida Court (the 20th Circuit
     Court), a true and correct copy of the order attached to an associated Court
     Paper are attached hereto as Exhibit "B".

   - A state prosecutor did show up at hearings in State v. Huminski and, of
     course, successfully pursued the case to criminal conviction absent the filing
     of a charging document and without bothering to serve Huminski with a
     commencement document.

   - At conviction the State of Florida insisted upon an order barring Huminski
     from any contact with the State of Florida for life.  A true and correct copy of
     a court filing of Huminski detailing the lifetime First Amendment censoring
     of Huminski and other case details in State v. Huminski is attached hereto as
     Exhibit "C".  Included in Exhibit "C" are papers forbidding Huminski from
     reporting crime to his local sheriff as another violation of the First
     Amendment absent any procedural or substantive Due Process.  A First
     Amendment summary punishment.  The State stipulated in the case that
     Huminski could speak to his local sheriff only if spoken to and reporting
     crime and other communication was prohibited.  Excerpt prohibiting
     Huminski communication below, for life, whereby Huminski's local sheriff
     was a defendant in the "civil" case and the State of Florida was the plaintiff in
     State v. Huminski.  No communication by a resident of the State to the entire
     State of Florida government. A bit over-broad considering the "parties".

Clerk to Update Case w/ Defendants Information Listed                   COS Fees Due & Owing in the amount $_____
DEFENSE MOTION FOR MISTRIAL-DENIED ' MOTION TO DISMISS-DENIED ' ANY FUTURE FILINGS ARE
TO BE UNDER THE SIGNATURE OF A LICENSED ATTORNEY; NO COMMUNICATION WITH THE PARTIES
Pre-Sentence Investigation/Sentencing        IN THE CIVIL OR CRIMINAL CASE                    Full/Partial

If probation has not been imposed, you must pay your financial obligation within the time allowed by the court.

4.  Huminski did not only suffer the same First Amendment viewpoint based discrimination as the Plaintiffs, and Due Process/Equal Protection violations – he was incarcerated for his speech "crime" and, as a fully disabled American for the last 10 years determined by the Social Security Administration, continues to suffer shock and injury to mind and body and the expected products of a *void ab initio* criminal judgment including prejudice in obtaining credit, housing, employment and continued harassment from Ronald DeSantis, Et al. (Defendants) via on-going collection activities arising from the <u>State v. Huminski</u> void "criminal" judgment concerning fines, costs and fees.  These ill-gotten gains and pecuniary windfalls demanded by the State, to this day, only apply to a statutory criminal conviction in a case that, in the best light, was a *sui generis* common law case – contempt, whereby, only the allegedly offended Court has the ability to hear and conduct a trial (i.e. only the 20th Circuit Court had subject matter jurisdiction to hear contempt in <u>Huminski v. Town of Gilbert, Et al.</u>, 17-CA-421, not a County Court criminal case captioned as <u>State v. Huminki</u>).  See <u>Huminski v. State</u>, 2d19-1247 (FL 2 DCA 2019) (hearing contempt private to the allegedly offended Court).  See also Exhibit "B".

5.  Huminski's long-time labeling of Florida as a Police State is not far from reality when criminal prosecutions commence absent the participation of the State, without service and proceed to judgment in the absence of any and all jurisdiction.  What notoriously corrupt entity filed the commencement document in <u>State v. Huminski</u> remains a mystery and the paper contains no signature of an attorney representing the State of Florida, yet, a criminal conviction stands to this day *per se* prejudicing Huminski preventing him from obtaining a Florida Driver's License and causing him injury and prejudice.  Ronald DeSantis, Et al., has done their very best in other fora to cover-up the patently illegal and unconstitutional conduct foisted upon Huminski set forth in material herein.

6.  Huminski's attorney in State Court, Eugene Steele, was killed in a car accident after briefing in the Florida 3 DCA and the Court refused to meaningfully address *pro se* pleadings causing Huminski to dismiss that appeal because he didn't have a voice that would be heard.  All of Huminski's assets to hire an attorney are now tied up in the late Attorney Steele's estate or are gone.

7.  Defendant DeSantis has directed his attorney general to obsessively oppose any attempt by Huminski regarding a collateral attack upon <u>Huminski v. State</u> or any attempt to vindicate his rights related to <u>Huminski v. State</u> in bad faith and with unclean hands on the part of the State of Florida concerning their securing of a criminal conviction absent

their authoring of a commencement document and absent service in <u>State v. Huminski</u> and with the speech banishment(s) on the record in that matter.  See Exhibit "C".

8. Ronald DeSantis, did direct his Attorney General to use any and all methods to continue the First Amendment prohibitions foisted upon Huminski in <u>State v. Huminski</u> on or about September 1, 2021.

9. The motivations of Ronald DeSantis, Et al. (Defendants) related to Huminski's set of facts boils down to the silencing of dissent and core protected political expression that is protected at an elevated level compared to the speech of the Plaintiffs' concerning discussion of LGBTQ issues.  Both are serious constitutional violations.  The speech prohibitions foisted upon Huminski are absolute as far as speech directed to the government of the State of Florida as ordered by the County Court in <u>State v. Huminski</u>.

10. Huminski would be happy to withdraw this paper if the State concedes to address the *void ab initio* judgment in <u>State v. Huminski</u> (stipulating to its *void ab initio* status thus abolishing the speech prohibitions) and stops its collection activities related to the criminal conviction and removes the criminal conviction from all records.  Civilized settlement is always a preferable route to litigation, but, it requires an admission of wrong-doing which governmental entities rarely succumb to.

11. The discussion of this litigation in the schools of Florida is a potential target of the exceedingly vague Bill under attack by Plaintiffs extending to high school students that may be 18, 19 or even 20 years of age.  At what age is the discussion of this lawsuit appropriate?  … one may ask, or at what age or grade level does the bill apply to and what specific content are to be condemned and prohibited?

## **Memorandum of Law**

Under Fed. Rule Civ. P. 24(a)(2), upon timely application, anyone shall be permitted to intervene in an action when the applicant shows:

(1) his application to intervene is timely;

(2) he has an interest relating to the property or transaction which is the subject of the action;

(3) he is so situated that disposition of the action, as a practical matter, may impede or impair his ability to protect that interest; and

(4) his interest is represented inadequately by the existing parties to the suit.

*Fox v. Tyson Foods, Inc.*, 519 F.3d 1298, 1302-03 (11th Cir. 2008) (quoting *Chilesv.Thornburgh*, 865 F.2d 1197, 1213 (11th Cir. 1989)).

Here, Huminski's request for intervention satisfies the requirements of Rule 24(a)(2) for intervention as of right.

## 1. Huminski's Motion to Intervene is Timely

The Eleventh Circuit has identified several factors relevant to determining whether a request for intervention is timely:

(1) the length of time during which the proposed intervenor knew or reasonably should have known of the interest in the case before moving to intervene;

(2) the extent of prejudice to the existing parties as a result of the proposed intervenor's failure to move for intervention as soon as it knew or reasonably should have known of its interest;

(3) the extent of prejudice to the proposed intervenor if the motion is denied; and

(4) the existence of unusual circumstances militating either for or against a determination that their motion was timely.

*Georgia v. U.S. Army Corps of Eng'rs*, 302 F.3d 1242, 1259 (11th Cir. 2002) (citing *Chiles*, 865 F.2d at 1213).

This Circuit has recognized that the requirement of timeliness "must have accommodating flexibility toward both the court and the litigants if it is to be successfully employed to regulate intervention in the interest of justice." *U.S. Army Corps of Eng'rs*, 302 F.3d at 1259 (quoting *McDonald v. E.J. Lavino Co.*, 430 F.2d 1065, 1074 (5th Cir. 1970)).

## 2. Huminski has a Substantial Legal Interest in this Litigation

For an applicant's interest in the subject matter of the litigation to be cognizable under Rule 24(a)(2), it must be "direct, substantial and legally protectable." *U.S. Army Corps of Eng'rs*, 302 F.3d at 1249; *see also Chiles*, 865 F.2d at 1212-13 (noting that the focus of a Rule 24 inquiry is "whether the intervenor has a legally protectable interest in the litigation."). The inquiry on this issue "is 'a flexible one, which focuses on the particular facts and circumstances surrounding each [motion for intervention].'" *Chiles*, 865 F.2d at 1214 (quoting United States *v. Perry Cnty. Bd. of Educ.*, 567 F.2d 277, 279 (5th Cir. 1978)).

Huminski has a legally protectable interest in this litigation as a party impacted as greatly, or more so, by the State of Florida's zeal to silence speech based upon discriminatory or

viewpoint based criteria.  Huminski's speech, critical of government, is core protected political expression – dissent, afforded the highest level of First Amendment protection.

The Court orders issued in State v. Huminski have the same chilling effect upon Huminski's speech that the bill challenged by Equality Florida has upon the general population and both are grounded upon the same government motive – silencing of speech that the government finds distasteful.


### 3.     The Disposition of the Instant Litigation May Impair Huminski's Ability to Protect his Interest

Huminski's ability to protect his substantial legal interest would be impaired absent intervention.  Federal decisions interpreting and applying the provisions of the First Amendment, Due Process and Equal Protection are an important enforcement tool related to the Plaintiffs' and Huminski's claims concerning the discriminatory silencing of speech and content related silencing of speakers.

The outcome of this case, including the potential for appeals by existing parties, implicates *stare decisis* concerns that warrant Huminski's intervention.  *See* Stone v. First Union Corp., 371 F. 3d 1305, 1309-10 (11th Cir. 2004) (recognizing that potential for a negative *stare decisis* effect "may supply that practical disadvantage which warrants intervention of right") (citing *Chiles*, 865 F.2d at 1214); *see also* United States v. City of Los Angeles, 288 F.3d 391, 400 (9th Cir. 2002) (holding that amicus curiae status may be insufficient to protect the rights of an applicant for intervention "because such status does not allow [the applicant] to raise issues or arguments formally and gives it no right of appeal").  While the existing parties to the litigation will not be prejudiced by Huminski's intervention, Huminski will be prejudiced if its request for intervention is denied.   This intervention motion is prior to an appearance by Ronald DeSantis, Et al..


### 4. The Existing Parties Do Not Adequately Represent Huminski's Interests

The fourth and final element to justify intervention of right is inadequate representation of the proposed intervenor's interest by existing parties to the litigation because the background facts present a slightly different approach to the same legal issue – out of control governmental censorship.  This element is satisfied if the proposed intervenor "shows that representation of his interest 'may be' inadequate." *Chiles*, 865 F.2d at 1214 (quoting Trbovich v. United Mine Workers of Am., 404 U.S. 528, 538 n. 10 (1972)).  The burden on the proposed intervenor to

show that existing parties cannot adequately represent its interest is "minimal." *Stone,* 371 F.3d 1311;*U.S. Army Corps of Eng'rs*, 302 F.3d at 1259 (citing *Trbovich,*404 U.S. at 538 n.10).  Any doubt concerning the propriety of allowing intervention should be resolved in favor of the proposed intervenors because it allows the court to resolve all related disputes in a single action. *Loyd v. Ala. Dep't of Corr.*, 176 F.3d 1336, 1341 (11th Cir. 1999); *Fed. Sav. & Loan Ins. Corp. v. Falls Chase Special Taxing Dist.*, 983 F.2d 211, 216 (11th Cir. 1993).

Huminski's interest is in the enforcement of the First Amendment, Due Process and Equal Protection and to advance the public interest in eliminating speech discrimination and prohibitions.

In summary, Huminski meets the Rule 24(a) requirements for intervention as of right.

### 5. Huminski Meets the Requirements for Permissive Intervention

Fed. R. Civ. P. 24(b) provides for permissive intervention as an alternative basis for Huminski's intervention in this action.  Rule 24(b) states, in relevant part:

(1) On timely motion, the court may permit anyone to intervene who:

(A) is given a conditional right to intervene by a federal statute; or

(B) has a claim or defense that shares with the main action a common question of law or fact.

(2) On timely motion, the court may permit a federal or state governmental officer or agency to intervene if a party's claim or defense is based on:

(A) a statute or executive order administered by the officer or agency; or

(B) any regulation, order, requirement, or agreement issued or made under the statute or executive order.

(3) In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.

The Eleventh Circuit has established a two-part test to guide the Court's discretion as to whether a party may intervene pursuant to Rule 24(b)(2):  the applicant must show that "(1) his application to intervene is timely; and (2) his claim or defense and the main action have a question of law or fact in common." *Chiles,* 865 F.2d at 1213 (citing *Sellers v. United States,* 709 F.2d 1469, 1471 (11th Cir. 1983)).

As discussed above, Huminski's application for intervention in this litigation is timely and Huminski's participation would neither unduly delay the proceedings nor prejudice the adjudication of the rights of the original parties.  Additionally, Huminski's claims against the defendant share common questions of law with Plaintiff's claims, and rest upon common

questions of law related to censorship and constitutional issues flowing from content-based censorship.

By avoiding multiple lawsuits and coordinating discovery, intervention will lend efficiency to the proceedings.

Accordingly, Huminski meets the requirements for permissive intervention.

### III.   CONCLUSION

For the foregoing reasons, the Court should grant the Motion to Intervene (i) as a matter of right pursuant to Rule 24(a)(2), Federal Rules of Civil Procedure, or, in the alternative, (ii) permissively pursuant to Rule 24(b) Federal Rules of Civil Procedure.

Dated at Miami, Florida this 3rd day of April, 2022.
-/S/- Scott Huminski
_____

Scott Huminski, pro se
P.O. Box 353820
Palm Coast, FL  32135
(239) 300-6656
S_Huminski@live.com

<u>Certificate of Service</u>

Copies of this document and any attachment(s) was served upon the parties via the U.S. Mails and/or email and/or the e-filing system in this case.

Dated this 3rd day of April, 2022.
-/s/- Scott Huminski
_____
Scott Huminski

## EXHIBIT "A"

WHEN COURTS SUBVERT LAW TO BANISH A CRITIC

(EDITOR'S NOTE: Charles Levendosky, editorial page editor of the Casper (Wyo.) Star-Tribune, has a national reputation for First Amendment commentary. His email address is levendos(AT-sign)trib.com.)

By CHARLES LEVENDOSKY c. 2000 Casper (Wyo.) Star-Tribune

In Vermont, a number of state judges and one federal judge don't think citizens have the right to attend criminal or civil trials -- at least not those citizens who criticize judges or the decisions they make. Citizen-reporter Scott Huminski has been summarily barred from Vermont courts for his criticisms.

His case is a lesson in how those in power, even when they know they are wrong can subvert constitutional guarantees of liberty.

Although Huminski transports antiques for a living, for the past three years he has been on a crusade watching how his state courts operate. He attends state court proceedings and then publicizes what he considers misconduct with posters placed in the windows of his Bennington home and in the windows of his van. He also distributes information about the proceedings to attorneys and government officials.

One of Huminski's posters contained the headline, "Judge Corsones: Butcher of the Constitution" and beneath it, Huminski listed five reasons why he made that claim. One of the reasons, Huminski charged was that Rutland District Court Judge Nancy Corsones "strips defendants of the right to defense counsel."

That poster resulted in him being banished from "all lands and property under the control of the Supreme Court and the Commissioner of Buildings and General Services, including the Rutland District Court, parking areas, and lands."

Judge M. Patricia Zimmerman of the Rutland District Court signed this sweeping trespass notice on May 27, 1999. The Bennington County Sheriff's Department served Huminski with the notice.

Clearly, Huminski is a gadfly, troubling the plodding steer of state. He may be bothersome, but he isn't a criminal. He has done nothing illegal. He has only exercised his rights as a U.S. citizen.

Zimmerman's trespass order is the third one issued against Huminski, but it is the broadest. The first trespass notice, issued only days earlier, prohibited Huminski from entering the Rutland District Court or its parking lot. The second trespass order barred him from entering Corsones' property.

If Huminski were to even park his van in the parking lot of a Vermont court, he could be arrested immediately.

The trespass notices were filed for one reason only -- Huminski criticized a state judge and her decisions.

Law enforcement officials make no claim that Huminski was disruptive, a public nuisance, or interfered with the administration of justice. He was quiet and attentive while in the courtroom and the courthouse. He neither picketed the courthouse, nor engaged in vulgar or obscene expression while there. He simply posted his opinions.

The trespass orders have worked. They have kept a citizen-reporter from engaging in public debate about his state courts. Huminski has not been close to a Vermont court for nearly a year. His reporting has been silenced.

Instead, Huminski filed a lawsuit in a federal district court against Rutland and Bennington law

enforcement officials claiming they have violated the Vermont Constitution and his First Amendment rights to attend and report on court proceedings. He acted as his own attorney. And lost.

On Oct. 20, 1999, U.S. District Court Judge J.G. Murtha, apparently blinded by Huminski's harsh criticism of a judge, dismissed his claims. Murtha concluded that Huminski had "failed to demonstrate a clearly established federal right which the defendants violated." Never mind that the U.S. Supreme Court has ruled time and again that the people have a right to criticize government officials.

In his decision, Murtha quoted a U.S. Supreme Court case having to do with picketing near a courthouse -- a very narrow decision that has nothing at all to do the facts of Huminski's case. No one asserted that Huminski had picketed the Rutland District Court. He hadn't.

The Vermont Constitution, in Article 13 of its Declaration of Rights, states: "That the people have a right to freedom of speech, and of writing and publishing their sentiments, concerning the transactions of government, and therefore the freedom of the press ought not to be restrained." How clear can it be? Courtroom proceedings are "transactions of government." And "the people have a right ... of writing and publishing their sentiments" concerning those transactions.

Now, Huminski has Robert Corn-Revere, an experienced and well-respected First Amendment attorney from Washington, D.C., handling his case. They have filed an appeal with the U.S. Second Court of Appeals.

According to Corn-Revere, he hopes that his client gets "a clear statement from the Second Circuit that local governmental officials don't have the ability to simply exclude people from the courthouses in the state of Vermont.

"More specifically, we would hope to get a ruling that eliminates the ability to simply use mechanisms like trespass law to silence critics of local judges. In short, what we're looking for is a clear declaration from the Second Circuit involving the fundamental First Amendment rights that are at stake in this case in the situation we're presented with here."

These Vermont law enforcement officials and judges have the astounding gall to seriously think that they can bar a citizen from the state courts for all time because that citizen criticized a judge. They make no bones about it.

In the briefs filed with the court of appeals, the attorneys for the sheriff's department, city law enforcement and city officials baldly state they have such a right.

And they note in their briefs that Huminski "has never attempted to enter courthouse property since service of the (trespass) notice, and thus has neither been denied access nor suffered any criminal sanction." The briefs assert, "Huminski has suffered no actual harm."

The series of events involving Huminski might be worse than a collusion of arrogance on the part of those in power to silence a critic.

Widespread ignorance of the foundation of liberty upon which this nation is built -- especially on the part of judges and law enforcement officials could eventually bring our nation crumbling down -- as if an earthquake had fractured the structural basis of our constitutional values. An earthquake of ignorance.

Arrogance or ignorance? That isn't much of a choice. Either way, Huminski has been unfairly and illegally persecuted by the power structure in Vermont. The harm he has suffered, all of us share. The outcome of this case affects us all.

EXHIBIT "B"

In The

# Eleventh Judicial Circuit Court

| | | |
|---|---|---|
| SCOTT HUMINSKI, | ) | |
| MICHAEL ESSIX, | ) | CASE NUMBER: |
| PLAINTIFFS | ) | 21-CA-018435 |
| V. | ) | |
| STATE OF FLORIDA, ET AL., | ) | CIVIL ACTION |
| DEFENDANTS. | ) | |

## MEMO re: FORGERY OF COURT ORDERS

NOW COMES, Scott Huminski ("Huminski"), and concerning the felony forgery and official misconduct that are significant elements in this matter states as follows:

1. A true and correct copy of the original and legitimate contempt show cause order as filed in <u>Huminski v. Town of Gilbert, et al.</u>, 17-CA-421, 20th Circuit Court is in the <u>Complaint</u> and sworn in, <u>Huminski's Verified Ex Parte Motion for a Temporary Restraining Order</u>. Complaint, D.E. 2, Exhibit A Page(s) 15-17 (exhibit page numbers are at the bottom right corner of the exhibit only). Also attached hereto as Exhibit "A" for convenience. (the "LEGITIMATE ORDER").

2. A true and correct copy of the FORGED contempt show cause order as filed in <u>State v. Huminski.</u>, 17-MM-815, Lee County Court is in the <u>Complaint</u> and sworn in, <u>Huminski's Verified Ex Parte Motion for a Temporary Restraining Order</u>. Complaint, D.E. 2, Exhibit A Page(s) 19-21 (exhibit page numbers are at the bottom right corner of the exhibit only). Also attached hereto as Exhibit "B" for convenience. (the "FORGERY").

## CONFLICTING FILING DATES

## THE FORGERY WAS FILED 25 DAYS LATER after modification

The  LEGITIMATE ORDER,

06/14/2017 4:55 PM Filed Lee County Clerk of Court          *170014603*

IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT,
IN AND FOR LEE COUNTY, FLORIDA

The FORGERY

with 2 extra filing dates and missing clerk notations "13", "170014603"  that were digitally removed by the forger.

6/30/2017 4:52 PM Filed Lee County Clerk of Courts
6/5/2017 1:56 PM Filed Lee County Clerk of Court

IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT,
IN AND FOR LEE COUNTY, FLORIDA

CIVIL CASE CAPTION

SCOTT HUMINSKI,                    Civil Case No.:  17CA421
Plaintiff

## THE FORGERY HAS A HAND-WRITTEN DOCKET NUMBER ADDED TO THE LEGITIMATE ORDER and Digital deletions

Judicial orders can not be treated like used clothing at a Goodwill Store and recycled and reused in multiple cases in multiple courts.

2

The LEGITIMATE ORDER,

SCOTT HUMINSKI,
    Plaintiff

v.

TOWN OF Gilbert, AZ, et al

Civil Case No.: 17CA421

**ORIGINAL FOR SERVICE**

Criminal Case No. _____

The FORGERY

with "ORIGINAL FOR SERVICE" and the Sheriff's stamp digitally removed by the forger and a County Court Docket Number hand-written in by the forgery felon. The forgery felon also added some numerals where a sheriff department stamp used to exist.

CIVIL CASE CAPTION

SCOTT HUMINSKI,
    Plaintiff

v.

TOWN OF Gilbert, AZ, et al

Civil Case No.: 17CA421

Criminal Case No. <u>17-MM-000815</u>

## ALL SHERIFF DEPARTMENT NOTATIONS DIGITALLY REMOVED BY THE FORGERY FELON

3

The LEGITIMATE ORDER,

| DATE executed by Court | CASE No. | ORDER TITLE |
|---|---|---|
| 4/19/17 | 17CA421 | Order on Defendant Mike Scott's Motion to Dismiss and Motion for Protective Order (specifically Paragraphs 1, 2 & 7) – attached hereto as Exhibit A |
| 4/19/17 | 17CA421 | Order on Scribd, Inc's Motion to Dismiss Plaintiff's Verified Complaint for Declaratory, Injunctive and |

Sheriff, Lee County, Florida

☒ SERVED    ☐ NOT SERVED
TIME 0800 A.M.  DATE 6-13  2017
COMMENT PERS. SERV.
DEPUTY RLSW  0601

1   6/6 1400 NO ANSWER
    6/7 1012  "
    6/8 808  "

The FORGERY

with the Sheriff's notations digitally removed by the forgery felon.

The Orders that SCOTT HUMINSKI is alleged to be in violation of are:

| DATE executed by Court | CASE No. | ORDER TITLE |
|---|---|---|
| 4/19/17 | 17CA421 | Order on Defendant Mike Scott's Motion to Dismiss and Motion for Protective Order (specifically Paragraphs 1, 2 & 7) – attached hereto as Exhibit A |
| 4/19/17 | 17CA421 | Order on Scribd, Inc's Motion to Dismiss Plaintiff's Verified Complaint for Declaratory, Injunctive and |

1

4

# THE FORGERY FELON DIGITALLY ERASED A TIME STAMP AND REPLACED IT WITH THE DATE OF THE FORGERY

The LEGITIMATE ORDER,

| | | Other Relief (specifically Paragraph 2) – attached hereto as Exhibit B |
|---|---|---|

**COUNT 1: INDIRECT CRIMINAL CONTEMPT**
In the <u>Order on Defendant Mike Scott's Motion to Dismiss and Motion for Protective Order</u>, SCOTT HUMINSKI was specifically ordered that any further pleadings be signed by a licensed attorney representing the Plaintiff (Paragraph 7). In the <u>Order on Scribd, Inc's Motion to Dismiss</u>

The FORGERY

with the valid Circuit Court time/date stamp digitally removed by the forgery felon and the date of the forgery has replaced it.

| | | Other Relief (specifically Paragraph 2) – attached hereto as Exhibit B |
|---|---|---|

**COUNT 1: INDIRECT CRIMINAL CONTEMPT**
In the <u>Order on Defendant Mike Scott's Motion to Dismiss and Motion for Protective Order</u>, SCOTT HUMINSKI was specifically ordered that any further pleadings be signed by a licensed attorney representing the Plaintiff (Paragraph 7). In the <u>Order on Scribd, Inc's Motion to Dismiss</u>

5

# THE FORGERY FELON "LIFTED" THE JUDICIAL SIGNATURE OF THE CIRCUIT COURT ORDER TO CREATE A FORGED COUNTY COURT ORDER

The LEGITMATE ORDER,

IT IS FURTHER ORDERED that the Sheriff of this County serve this **Order to Show Cause** by delivering copies to SCOTT HUMINSKI, with proof of Sheriff's service.

DONE AND ORDERED in Lee County, Florida, on _____6 / 5 /17_____ .

Circuit Judge, Elizabeth V. Krier

The FORGERY with the digitally "lifted" judicial signature with a "lifted" date. The felony forger didn't bother to change the date of the signature to make a more believable forgery. A reckless criminal who may have experience in getting away with forged court orders in the 20th Circuit without being challenged before. Complacency for this felon led to a sloppy crime.

IT IS FURTHER ORDERED that the Sheriff of this County serve this **Order to Show Cause** by delivering copies to SCOTT HUMINSKI, with proof of Sheriff's service.

DONE AND ORDERED in Lee County, Florida, on _____6 / 5 /17_____ .

Circuit Judge, Elizabeth V. Krier

Notably, it is humanly impossible to replicate a signature that is digitally perfect on 6/5/2017 and 6/30/2017 and it it impossible to do it with digital precision related to its alignment with the other text in the document. A bold and very poor forgery also constituting official misconduct which can be prosecuted for 2 years after the forger leaves office or ends employment with the State of Florida.

6

## THE FORGERY FELON DIGITALLY REMOVES THE VALID FILED DATE
## TO AVOID CONTRADICTION WITH THE FORGERY

### The LEGITMATE ORDER,

S. Douglas Knox & Keely Morton, attorneys for Defendant-City of Glendale at
doglas.knox@quarles.com; keely.morton@quarles.com; docketfl@quarles.com
Robert D. Pritt & James D. Fox, Attorneys for City of Surprise, AZ at
serve.rpritt@ralaw.com; jfox@ralaw.com; serve.jfox@ralaw.com
Robert Sherman, attorneys for Defendant-Sheriff Mike Scott at
Robert.sherman@henlaw.com; Courtney.ward@henlaw.com
Kenneth R. Drake & Doron Weiss, attorneys for SCRIBD, INC. at
kendrake@dldlawyers.com; dweiss@dldlawyers.com

3

I CERTIFY THIS DOCUMENT TO BE
A TRUE & CORRECT COPY OF THE
RECORD ON FILE IN MY OFFICE.

**JUN - 5 2017**

Linda Doggett, Clerk Circuit
Court Lee County, Florida
By: _____ D.C.

### The FORGERY

which was never certified by the clerk on appeal.

Copies to:
  ✓  State Attorney's Office
  ✓  Public Defender's Office

S. Douglas Knox & Keely Morton, attorneys for Defendant-City of Glendale at
doglas.knox@quarles.com; keely.morton@quarles.com; docketfl@quarles.com
Robert D. Pritt & James D. Fox, Attorneys for City of Surprise, AZ at
serve.rpritt@ralaw.com; jfox@ralaw.com; serve.jfox@ralaw.com
Robert Sherman, attorneys for Defendant-Sheriff Mike Scott at
Robert.sherman@henlaw.com; Courtney.ward@henlaw.com
Kenneth R. Drake & Doron Weiss, attorneys for SCRIBD, INC. at
kendrake@dldlawyers.com; dweiss@dldlawyers.com

3

There also exist in these cases, 3 diferent versions of the "same" judicial recusal
order also 2 of which are forgeries located at the Complaint, D.E. 2, Exhibit "A"

7

pages 23-25 (exhibit page numbers are at the bottom right corner of the exhibit only).

Forgery and official misconduct, both felonies, appear to be the *modus operandi* of these courthouse criminals.

The legitimate original is followed by the two forgeries, (see next page)

THE ORIGINAL

8/2/2017 12:10 PM   Filed Lee County Clerk of Courts

IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
IN AND FOR LEE COUNTY, FLORIDA
CIVIL DIVISION

SCOTT HUMINSKI

        Plaintiff

                                  CASE NO: 17-CA-421

vs.

TOWN OF GILBERT, AZ, et al

        Defendant

_____/

**ORDER OF DISQUALIFICATION**

    THIS CAUSE having come before this Court on 8/1/17 on its own Motion, it is ORDERED and ADJUDGED:

Pursuant to Cannon 3E of the Florida Code of Judicial Conduct, the undersigned Judge hereby disqualifies herself from cases involving the above Plaintiff, including the above styled Case.

DONE and ORDERED this 1ˢᵗ day of August, 2017.

                                  Honorable Elizabeth V. Krier
                                  Circuit Court Judge, 20ᵗʰ Circuit

Conformed copies to:
Scott Huminski, pro se Plaintiff at s_huminski@live.com
Kenneth R. Drake, attorney for Scribd, Inc at kendrake@dldlawyers.com; dweiss@dldlawyers.com
S. Douglas Knox & Keely Morton, attorneys for City of Glendale at douglas.knox@quarles.com; keely.morton@quarles.com; docketfl@quarles.com
Robert D. Pritt & James D. Fox, attorneys for City of Surprise AZ at serve.rpritt@ralaw.com; jfox@ralaw.com; serve.jfox@ralaw.com
Robert C. Sherman, attorneys for Lee County Sheriff at Robert.shearman@henlaw.com; Courtney.ward@henlaw.com

COURT ADMINISTRATION

9

FELONY FORGERY OF JUDICIAL RECUSAL ORDER # 1

Judicial recusal order forgery number one filed two weeks after the legitimate order, (1) the original date and time filing stamp is digitally erased and replaced with a new date, (2) the Circuit Court docket number is digitally erased and replaced with a County Court docker number, the entire distribution list along with the date in the left margin next to it is digitally erased and replaced with a new distribution list and (3) it is stamped "COPY" "COPY".  See next page.

8/14/2017 2:57 PM  Lee County Clerk of Courts

IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
IN AND FOR LEE COUNTY, FLORIDA
CIVIL DIVISION

STATE OF FLORIDA

CASE NO: 17-MM-815

vs.

SCOTT HUMINSKI

Defendant

_____/

ORDER OF DISQUALIFICATION

THIS CAUSE having come before this Court on 8/1/17 on its own Motion, it is ORDERED and
ADJUDGED:

Pursuant to Cannon 3E of the Florida Code of Judicial Conduct, the undersigned Judge hereby
disqualifies herself from cases involving the above Plaintiff, including the above styled Case.

DONE and ORDERED this 1ˢᵗ day of August, 2017.

Honorable Elizabeth V. Krier
Circuit Court Judge, 20ᵗʰ Circuit

Conformed copies to:
Scott Huminski at s_huminski@live.com
State Attorney's Office
Public Defender's Office
COURT ADMINISTRATION

COPY

CC /

11

## FELONY FORGERY OF JUDICIAL RECUSAL ORDER # 2

Judicial recusal order forgery number two filed two weeks after the legitimate order and over an hour after the first forgery in this series.  Apparently the forgery felon was not pleased with their initial forgery draft and came up with this new version with (1) the original date and time filing stamp is digitally erased and replaced with a new date and time an hour and a half later than the first forgery, (2) the Circuit Court docket number has been restored contrary to the first forgery above, (3) it is stamped "COPY" at a different portion of the document than the first forgery above and (4) the original distribution list has been restored absent the date and initials in the left margin next to the distribution list that was digitally erased by the forgery felon.  See next page.

12

8/14/2017 3:33 PM    Filed Lee County Clerk of Courts

IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
IN AND FOR LEE COUNTY, FLORIDA
CIVIL DIVISION

SCOTT HUMINSKI

        Plaintiff

                                   CASE NO: 17-CA-421

vs.

TOWN OF GILBERT, AZ, et al

        Defendant

                                                      COPY

**ORDER OF DISQUALIFICATION**

      THIS CAUSE having come before this Court on 8/1/17 on its own Motion, it is ORDERED and ADJUDGED:

Pursuant to Cannon 3E of the Florida Code of Judicial Conduct, the undersigned Judge hereby disqualifies herself from cases involving the above Plaintiff, including the above styled Case.

DONE and ORDERED this __1st__ day of __Aug.t__, 2017.

                                        Honorable Elizabeth V. Krier
                                        Circuit Court Judge, 20th Circuit

Conformed copies to:
Scott Huminski, pro se Plaintiff at s_huminski@live.com
Kenneth R. Drake, attorney for Scribd, Inc at kendrake@dldlawyers.com; dweiss@dldlawyers.com
S. Douglas Knox & Keely Morton, attorneys for City of Glendale at douglas.knox@quarles.com; keely.morton@quarles.com; docketfl@quarles.com
Robert D. Pritt & James D. Fox, attorneys for City of Surprise AZ at serve.rpritt@ralaw.com; jfox@ralaw.com; serve.jfox@ralaw.com
Robert C. Sherman, attorneys for Lee County Sheriff at Robert.shearman@henlaw.com; Courtney.ward@henlaw.com

COURT ADMINISTRATION

WHEREFFORE, a forgery by court personal is not a valid charging document precluding subject matter jurisdiction.

13

Dated in Flagler County, Florida this 16th day of September, 2021.

-/s/- Scott Huminski

_____

Scott Huminski, Pro Se
P.O. Box 353820
Palm Coast, FL 32137
(239) 300-6656
S_huminski@live.com

### Certificate of Service

Plaintiff, Scott Huminski, hereby certifies that this paper and any attachment(s) have been served upon the parties of record via the e-filing system on this date.

Dated this 16th day of September, 2021.

-/s/- Scott Huminski

_____

Scott Huminski

,<ATTACHMENTS>

# EXHIBIT "A"

06/14/2017 4:55 PM Filed Lee County Clerk of Court          170014603

IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT,
IN AND FOR LEE COUNTY, FLORIDA

CIVIL CASE CAPTION

SCOTT HUMINSKI,                          Civil Case No.: 17CA421
    Plaintiff
v.                                       **ORIGINAL FOR SERVICE**
TOWN OF Gilbert, AZ, et al

Criminal Case No. _____

| DESCRIPTION OF SCOTT HUMINSKI | |
|---|---|
| GENDER: Male | EYE COLOR: ? |
| RACE: Caucasian | HAIR COLOR: Brown |
| HEIGHT: approx. 5 ft 10 in. | LAST KNOWN ADDRESS: 24544 Kingfish St. |
| WEIGHT: ? | Bonita Springs, FL 34134 |
| DOB: 12/1/59 | |

### ORDER TO SHOW CAUSE

This cause comes before the court for review based upon the alleged conduct of SCOTT HUMINSKI for the issuance of an Order to Show Cause directed to SCOTT HUMINSKI for violation of the Orders set forth below copies of which are attached hereto and made a part hereof.

The Orders that SCOTT HUMINSKI is alleged to be in violation of are:

| DATE executed by Court | CASE No. | ORDER TITLE |
|---|---|---|
| 4/19/17 | 17CA421 | Order on Defendant Mike Scott's Motion to Dismiss and Motion for Protective Order (specifically Paragraphs 1, 2 & 7) – attached hereto as Exhibit A |
| 4/19/17 | 17CA421 | Order on Scribd, Inc's Motion to Dismiss Plaintiff's Verified Complaint for Declaratory, Injunctive and |

Sheriff, Lee County, Florida

☒ SERVED        ☐ NOT SERVED
TIME 0850 AM. DATE 6-13  2017
COMMENT PERS. SERV.
DEPUTY KLSWB    0601

1    6/6 1400 NO ANSWER
     6/7 1012   "
     6/8 808   "

16



| | | Other Relief (specifically Paragraph 2) – attached hereto as Exhibit B |
|---|---|---|

**COUNT 1: INDIRECT CRIMINAL CONTEMPT**

In the Order on Defendant Mike Scott's Motion to Dismiss and Motion for Protective Order, SCOTT HUMINSKI was specifically ordered that any further pleadings be signed by a licensed attorney representing the Plaintiff (Paragraph 7). In the Order on Scribd, Inc's Motion to Dismiss Plaintiff's Verified Complaint for Declaratory, Injunctive and Other Relief, SCOTT HUMINSKI was specifically ordered not to file any additional documents or materials of any nature with the Court unless the filing was signed by an attorney and specifically provided that an Order to Show Cause might be entered against him if he did so (Paragraph 2). SCOTT HUMINSKI has continued to file multiple documents in the Court file in contradiction to these Orders as evidenced by the attached composite Exhibit C.

**COUNT 2: INDIRECT CRIMINAL CONTEMPT**

In the Order on Defendant Mike Scott's Motion to Dismiss and Motion for Protective Order, SCOTT HUMINSKI was specifically prohibited from directly contacting, communicating with or otherwise serving materials directly on Sheriff Scott, his agents and employees (see Paragraph 1 & 2). SCOTT HUMINSKI was specifically ordered to direct such contact to counsel for Mike Scott (see Paragraph 2). SCOTT HUMINSKI has repeatedly violated this Order by contacting Sheriff Scott, his agents and employees since the execution of the Court's orders – see the emails attached as composite Exhibit D.

---

NOW, THEREFORE, you SCOTT HUMINSKI are hereby ORDERED to appear before this court before Judge *KRIER* on **THURSDAY, 6/29/17**, at *1:30 p.m.*, in Room 4H of the Lee County Courthouse, located at1700 Monroe Street, Ft. Myers, Florida 33901, to be arraigned. THIS IS A CRIMINAL PROCEEDING. A subsequent trial will be scheduled requiring Respondent to show cause why he should not be held in contempt of this court for violation of the above Orders. **Punishment, if imposed, may include a fine and incarceration.** Should the court determine, based on the evidence presented at trial, that the conduct of SCOTT HUMINSKI warrants sanctions for civil contempt in addition to or instead of indirect criminal contempt, the court reserves the right to find him guilty of civil contempt and impose appropriate civil sanctions.

IF YOU FAIL TO APPEAR as set forth above, a warrant for your arrest or a writ of bodily attachment may be issued to effectuate your appearance.

---

2



16

The court hereby appoints the STATE ATTORNEY's OFFICE to prosecute the case.

The Court hereby advises SCOTT HUMINSKI that he is entitled to be represented by counsel and if he can't afford an attorney, that one may be appointed for him in this criminal contempt proceeding ONLY (not in the civil Case). This Court hereby appoints the PUBLIC DEFENDER's OFFICE to provisionally represent SCOTT HUMINSKI at the above Arraignment proceeding pending a determination of indigency. This Court anticipates that SCOTT HUMINSKI will be found to be indigent.

**If you are a person with a disability who needs any accommodation to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact: Court Administration at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**

IT IS FURTHER ORDERED that the Sheriff of this County serve this Order to Show Cause by delivering copies to SCOTT HUMINSKI, with proof of Sheriff's service.

DONE AND ORDERED in Lee County, Florida, on ___6 / 5 / 17___.

Circuit Judge, Elizabeth V. Krier

Copies to:
 √   State Attorney's Office
 √   Public Defender's Office

S. Douglas Knox & Keely Morton, attorneys for Defendant-City of Glendale at
doglas.knox@quarles.com; keely.morton@quarles.com; docketfl@quarles.com
Robert D. Pritt & James D. Fox, Attorneys for City of Surprise, AZ at
serve.rpritt@ralaw.com; jfox@ralaw.com; serve.jfox@ralaw.com
Robert Sherman, attorneys for Defendant-Sheriff Mike Scott at
Robert.sherman@henlaw.com; Courtney.ward@henlaw.com
Kenneth R. Drake & Doron Weiss, attorneys for SCRIBD, INC. at
kendrake@dldlawyers.com; dweiss@dldlawyers.com



I CERTIFY THIS DOCUMENT TO BE
A TRUE & CORRECT COPY OF THE
RECORD ON FILE IN MY OFFICE.

JUN - 5 2017

Linda Doggett, Clerk Circuit
Court Lee County, Florida
By: _____ D.C.

3

18

EXHIBIT "B"

6/30/2017 4:52 PM Filed Lee County Clerk of Courts
6/5/2017 1:56 PM Filed Lee County Clerk of Court

Filed 05/30/2017

IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT,
IN AND FOR LEE COUNTY, FLORIDA

CIVIL CASE CAPTION

SCOTT HUMINSKI,
     Plaintiff

v.

TOWN OF Gilbert, AZ, et al

Civil Case No.: 17CA421

Criminal Case No. 17-MM-000815

| DESCRIPTION OF SCOTT HUMINSKI | |
| --- | --- |
| GENDER: Male | EYE COLOR: ? |
| RACE: Caucasian | HAIR COLOR: Brown |
| HEIGHT: approx. 5 ft 10 in. | LAST KNOWN ADDRESS: 24544 Kingfish St. |
| WEIGHT: ? | Bonita Springs, FL 34134 |
| DOB: 12/1/59 | |

### ORDER TO SHOW CAUSE

    This cause comes before the court for review based upon the alleged conduct of SCOTT HUMINSKI for the issuance of an Order to Show Cause directed to SCOTT HUMINSKI for violation of the Orders set forth below copies of which are attached hereto and made a part hereof.

The Orders that SCOTT HUMINSKI is alleged to be in violation of are:

| DATE executed by Court | CASE No. | ORDER TITLE |
| --- | --- | --- |
| 4/19/17 | 17CA421 | Order on Defendant Mike Scott's Motion to Dismiss and Motion for Protective Order (specifically Paragraphs 1, 2 & 7) – attached hereto as Exhibit A |
| 4/19/17 | 17CA421 | Order on Scribd, Inc's Motion to Dismiss Plaintiff's Verified Complaint for Declaratory, Injunctive and |

1

19

Filed 05/30/2017

| | | Other Relief (specifically Paragraph 2) – attached hereto as Exhibit B |
|---|---|---|

**COUNT 1: INDIRECT CRIMINAL CONTEMPT**
In the <u>Order on Defendant Mike Scott's Motion to Dismiss and Motion for Protective Order</u>, SCOTT HUMINSKI was specifically ordered that any further pleadings be signed by a licensed attorney representing the Plaintiff (Paragraph 7). In the <u>Order on Scribd, Inc's Motion to Dismiss Plaintiff's Verified Complaint for Declaratory, Injunctive and Other Relief</u>, SCOTT HUMINSKI was specifically ordered not to file any additional documents or materials of any nature with the Court unless the filing was signed by an attorney and specifically provided that an <u>Order to Show Cause</u> might be entered against him if he did so (Paragraph 2). SCOTT HUMINSKI has continued to file multiple documents in the Court file in contradiction to these <u>Orders</u> as evidenced by the attached composite Exhibit C.

**COUNT 2: INDIRECT CRIMINAL CONTEMPT**
In the <u>Order on Defendant Mike Scott's Motion to Dismiss and Motion for Protective Order</u>, SCOTT HUMINSKI was specifically prohibited from directly contacting, communicating with or otherwise serving materials directly on Sheriff Scott, his agents and employees (see Paragraph 1 & 2). SCOTT HUMINSKI was specifically ordered to direct such contact to counsel for Mike Scott (see Paragraph 2). SCOTT HUMINSKI has repeatedly violated this <u>Order</u> by contacting Sheriff Scott, his agents and employees since the execution of the Court's orders – see the emails attached as composite Exhibit D.

> NOW, THEREFORE, you SCOTT HUMINSKI are hereby ORDERED to appear before this court before Judge *KRIER* on **THURSDAY, 6/29/17**, at *1:30 p.m.*, in Room 4H of the Lee County Courthouse, located at 1700 Monroe Street, Ft. Myers, Florida 33901, to be <u>arraigned</u>. **THIS IS A CRIMINAL PROCEEDING.** A subsequent trial will be scheduled requiring Respondent to show cause why he should not be held in contempt of this court for violation of the above <u>Orders</u>. **Punishment, if imposed, may include a fine and incarceration.** Should the court determine, based on the evidence presented at trial, that the conduct of SCOTT HUMINSKI warrants sanctions for civil contempt in addition to or instead of indirect criminal contempt, the court reserves the right to find him guilty of civil contempt and impose appropriate civil sanctions.
>
> **IF YOU FAIL TO APPEAR** as set forth above, a warrant for your arrest or a writ of bodily attachment may be issued to effectuate your appearance.

2

20

The court hereby appoints the STATE ATTORNEY's OFFICE to prosecute the case.

The Court hereby advises SCOTT HUMINSKI that he is entitled to be represented by counsel and if he can't afford an attorney, that one may be appointed for him in this criminal contempt proceeding ONLY (not in the civil Case). This Court hereby appoints the PUBLIC DEFENDER's OFFICE to provisionally represent SCOTT HUMINSKI at the above Arraignment proceeding pending a determination of Indigency. This Court anticipates that SCOTT HUMINSKI will be found to be Indigent.

**If you are a person with a disability who needs any accommodation to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact: Court Administration at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**

IT IS FURTHER ORDERED that the Sheriff of this County serve this **Order to Show Cause** by delivering copies to SCOTT HUMINSKI, with proof of Sheriff's service.

DONE AND ORDERED in Lee County, Florida, on _____6 / 5 /17_____.

Circuit Judge, Elizabeth V. Krier

Copies to:
___√___ State Attorney's Office
___√___ Public Defender's Office

S. Douglas Knox & Keely Morton, attorneys for Defendant-City of Glendale at douglas.knox@quarles.com; keely.morton@quarles.com; docketfl@quarles.com
Robert D. Pritt & James D. Fox, Attorneys for City of Surprise, AZ at serve.rpritt@ralaw.com; jfox@ralaw.com; serve.jfox@ralaw.com
Robert Sherman, attorneys for Defendant-Sheriff Mike Scott at Robert.sherman@henlaw.com; Courtney.ward@henlaw.com
Kenneth R. Drake & Doron Weiss, attorneys for SCRIBD, INC. at kendrake@dldlawyers.com; dweiss@dldlawyers.com

3

21

Exhibit "C"

In The
# **Third District Court of Appeal**

| | | |
|---|---|---|
| SCOTT HUMINSKI, | ) | Number: 3d21-1920 |
| APPELLANT , | ) | |
| v. | ) | |
| STATE OF FLORIDA, ET AL, | ) | |
| APPELLEES. | ) | |

## **EMERGENCY VERIFIED MOTION FOR EMERGENCY RELIEF, RULE 9.300(c)**

NOW COMES, Appellant Scott Huminski ("Huminski"), and pursuant to F.R.A.P. 9.300(c) moves, states, deposes, and swears, as follows,

1. The gravamen of the complaint in the Court below is that the State of Florida secured a void judgment in <u>State v. Huminski</u>, 17-MM-815, Lee County Court absent authoring or filing any commencement document that would vest jurisdiction in the County Court and absent standing to prosecute which is absolutely true and correct because the County Court commencement document was merely an altered court order from <u>Huminski v. Town of Gilbert, et al.</u>, 17-CA-421, 20th Circuit, created on 6/30/2017, after modification of an original and legitimate order issued in <u>Huminski v. Gilbert</u>, et al. on 6/5/2017.

2. Attached hereto as Exhibit "A" is a true and correct copy of Huminski's affidavit as filed in this appeal on 3/7/2022, <u>AFFIDAVIT OF S. HUMINSKI #2 RE: State's forgery of court orders/unclean hands,</u> which contain true and correct fact statements as to the use of forgery to initiate <u>State v. Huminski.</u>

3. The commencement document in <u>State v. Huminski</u> attached hereto in Exhibit "A" was not signed by any legitimate State prosecutorial authority.

4. The commencement document in <u>State v. Huminski</u> attached hereto in Exhibit "A" was not authored by any legitimate State prosecutorial authority and it is a modified version of an order issued in <u>Huminski v. Town of Gilbert, et al.</u>, a civil case where the State of Florida was not a party.

5. The commencement document in <u>State v. Huminski</u> attached hereto in Exhibit "A" was not filed with 117 pages of attachments that it referenced and that

1

do exist in the Circuit Court version of the order in <u>Huminski v. Town of Gilbert, et al.</u>.

6.   Not only was Huminski never served in <u>State v. Huminski</u>, 117 pages of attachments were never filed with the commencement document or served.

7.   There exists no proof of service in <u>State v. Huminski</u>.

8.   Huminski was never served with the 117 pages of attachments in the version of the commencement document that exists in <u>Huminski v. Town of Gilbert, et al</u>. and the server of this document (in the Circuit Court matter) testified at hearing/trial that he did not serve any attachments.

9.   Huminski was placed on pre-trial supervision in <u>State v. Huminski</u>.

10.   Huminski, at conviction in <u>State v. Huminski,</u> was assessed by the Court every cost and fees that would apply only to criminal convictions in Florida.

11.   Attached hereto as Exhibit "B" is a true and correct copy of the final judgment form from <u>State v. Huminski</u> listing the costs and fees levied upon Huminski.

12. Exhibit "A" contains true and correct versions of 3 judicial recusal orders, two of which are forgeries.  The only authentic order exists in <u>Huminski v. Town of Gilbert</u>.

13.   Exhibit "B" contains a term that was requested by the State at trial that Huminski be barred from contacting the State of Florida or his local sheriff concerning any matter subsequent to conviction which prevented Huminski from reporting several crimes in his town of residence which was solely served by a Sheriff's Department.

14.   The no contact with his local sheriff provision of the previous paragraph was part of Huminski's pre-trial supervision, however, the State later stipulated that Huminski could contact law enforcement to report crime.

15.   A true and correct copy of the stipulation mentioned in the prior paragraph is attached hereto as Exhibit "C".

16.   All materials and fact represented in the attached papers filed herewith are true and correct.

17.   Huminski asserts with the same force and effect as if more fully set forth herein all papers filed by him as a *pro se* litigant in this appeal.

18.     This paper requests emergency relief because the State is; (1) continuing to attempt to breathe life into a hopelessly void judgment in <u>State v. Huminski</u>, (2) continues enforcement efforts concerning the void judgment and (3) continues to this day to attempt to profit off the ill-gotten gains related to the void judgment via ongoing and relentless collection efforts causing Huminski prejudice and discrimination in employment, housing, obtaining credit and all harm, injure and prejudice that flows from a criminal conviction.

19.     Huminski has been confirmed fully disabled by the Social Security administration and medical providers Leonard Lado, M.D., Karen Huffer and Rebecca Potter, LMHC, for over 10 years related to his PTSD, General Anxiety Disorder, social phobia and the State's continuing conduct related to the void judgment continues to cause Huminski shock and injury to body and mind.  The collection activities of the State must be enjoined to mitigate and perhaps end the injury, damage and prejudice to Huminski related to the State's obsession with the void judgment.

20.     Huminski is unable to obtain a Florida Driver's License with outstanding criminal fines and fees causing him harm and prejudice and many of the costs/fines/fees foisted upon Huminski related to the void judgment are only criminal in nature as set forth by the statutes used to justify the imposition of them.

21.     Attached hereto as Exhibit "D" is a true and correct copy of the appearance of the public defender in <u>State v. Huminski</u> mistakenly citing inapplicable criminal rules in a *sui generis* common law case.  Upon information and belief treating contempt in routine civil cases as a statutory criminal offense in the 20th Circuit is standard operating procedure (SOP) that even the entire public defender office has accepted as commonplace and proper.  Huminski directed the public defender not to fall for this governmental scheme without success because when a prosecutor and the presiding judge are "on board" concerning the practice of converting contempt in a civil case with a "CA" designation to a routine statutory crime, an over-burdened public defender has little recourse or time to object. Huminski's counsel at the time was a Georgetown Law School graduate.

22.     Attached hereto as Exhibit "E" is a true and correct copy of a "minutes" entry in <u>State v. Huminski</u> (although not captioned in <u>State v. Huminski</u>)

3

predating the existence of that case memorializing the State's plot to transfer of the civil "CA" case to a "criminal" County Court case to terrorize Huminski as follows,

*"Also to be discussed transfer of civil case to criminal".*

Upon information and belief cases such as <u>Huminski v. Town of Gilbert</u>, et al., 17-CA-421 never get transferred to "criminal" County Court in jurisdictions other than the 20th Circuit.  County Courts (courts of inferior and limited jurisdiction) do not have jurisdiction to take over matters from the Circuit Courts and no Rule, Statute or other legitimate authority provides for such a transfer in the Courts of Florida.

23.  Attached hereto as Exhibit "F" is a true and correct copy of the ruling in <u>Huminski v. State</u>, 2d19-1247, whereby the Second District Court of Appeal found that hearing and trying contempt is private to the offended Court.

24. Upon information and belief, the Court in <u>Huminski v. State</u>, 2d19-1247 statement that,

"§ 38.22, Fla. Stat. (2018) ("Every court may punish contempts <u>against it</u> . . ." (emphasis added))",

concisely settles all debate related to this appeal, the matter below and all collateral cases because the Court's emphasis on the words "<u>against it</u>" (ie. Circuit Court) convincingly exemplifies and determines that all papers filed in this appeal and the Courts below by the State were filed for the sole reason to vex, further frivolous arguments, abuse the criminal justice system and to burden the Florida Courts all prejudicial to the administration of justice. Sanctions should be levied under this Courts inherent disciplinary and supervisory powers.

25.  On September 17, 2021 when Huminski hired counsel, Huminski directed the late Attorney Steele thru his alleged assistant Ronald Humphreys to file an appearance and continuance related to the scheduled hearing and counsel filed an appearance several hours after the hearing that dismissed the case below and caused this appeal.  Upon information and belief, this advice came solely from Mr. Humphreys without participation of Huminski's late attorney.

26.  On September 21, 2021, subsequent to the hearing dismissing the case below, Huminski directed counsel to file a motion for emergency relief to achieve the goals of this paper and Huminski never heard back from counsel despite repeatedly requesting this relief continually from counsel during the last six months.

27.     Huminski has never spoken to Attorney Steele and has never engaged in any 2-way conversation with his former late attorney in any fora.

28.     On dozens of occasions over the last 6 months Huminski requested counsel advise him; (1) why all legal fees in this matter went to the closely-held corporation of his assistant, Ronald Humphrey, Lawstaff, Inc. (a corporation headquartered at the private residence of Mr. Humphreys), (2) why there wasn't a timely appearance in the Court below, (3) why unclean hands was not proffered after the State's answer brief and (4) why counsel was not filing for emergency relief related to the collection activities of the State and collateral issues to which Huminski only received the response of silence from counsel or his alleged assistant, Mr. Humphreys.

29.     To this date, Huminski believes Mr. Humphreys, a non-attorney, was sole counsel on this case and he received all client funds related to representation into his corporation Lawstaff, Inc. and paid a stipend to John Contini, a disbarred attorney, for referral of this case to him and paid a stipend to Attorney Steele for using his Bar credentials.  (See Huminski's 2 notices of retention of counsel filed on September 17, 2021 and September 20, 2021 in the Court below)

30.     Mr. Humphreys verbally advised Huminski to attend the hearing of September 21, 2021 *pro se* in a case where a vexatious litigant issue was pending. Upon information and belief, Mr. Steele nor any licensed attorney would advise a client in such a manner and this advice was a product of the unauthorized practice of law, UPL.

## MEMORANDUM OF LAW

Huminski asserts the arguments of his late attorney filed in this matter especially including the bad faith argument posed by counsel, or Mr. Humphreys, in the motion for attorney fees.

State v. Huminski, 17-MM-815, Lee County Court, is a hopelessly void criminal judgment (in a *sui generis* common law case) that was commenced; (1) absent the filing of a pleading authored by a prosecutorial representative of the State, (2) absent a signature of an authorized representative of the State, (3) absent service upon Huminski and (4) filing in contravention to F.S. § 831.01 (felony

forgery) and F.S. § 838.022 (felony official misconduct) acts of moral turpitude, bad faith and justifying a finding of unclean hands.  See generally Huminski's affidavit AFFIDAVIT OF S. HUMINSKI #2 RE: State's forgery of court orders/unclean hands filed in this matter on 3/7/2022.  Accord Huminski v. State, 2d19-1247.  See Exhibit "F".


## VOID JUDGMENTS

In Florida, a "void judgment" is so defective that it is deemed never to have had legal force and effect.  Sterling Factors Corp. v. U.S. Bank Nat. Ass'n, 968 So. 2d 658, 665 (Fla. 2d DCA 2007)

Trial courts "lack jurisdiction" until proper pleadings are filed.  Lovett v. Lovett, 112 So. 768, 776 (Fla. 1927) accord Lewis v. Lewis, 78 So.2d 711, 712.  The government's relied upon document to commence State v. Huminski is not a proper pleading.  A trial court's lack of subject-matter jurisdiction makes its judgment void. NWT v. LHD (In re DNHW), 955 So.2d 1236, 1238 (Fla. 2d DCA 2007)


## CONTEMPT A *SUI GENERIS* COMMON LAW OFFENSE IS NOT PROSECUTED BY THE STATE AS A PLAINTIFF

Concerning *sui generis* common law offenses, "`Proceedings for contempt are sui generis (of their own class) in their nature and not strictly either civil or criminal, as those terms are commonly used. But courts have classified and termed them, "civil" and "criminal.""" Dangel on Contempt, page 5, Section 12.  The State's positioning themselves as a Plaintiff in State v. Huminski when they were never a party in the case containing the alleged contempt, Huminsk v. Town of Gilbert, et al., was accomplished by notoriously corrupt conduct that remains a mystery absent a criminal inquest into the forgery and official misconduct that the State has successfully obfuscated so far in the Court below and with its papers filed in this Court.

The Florida Supreme Court did not get it wrong in the contempt case cited above Lewis v. Lewis, State v. Lewis would have been just as corrupt of a caption as State v. Huminski.  Whatever underhanded method was used to get the case docketed as State v. Huminski, it constitutes an attack upon the integrity of the

justice system and prejudices the administration of justice and the filings of the State in this matter were made in bad faith with unclean hands, more specifically, absolutely filthy hands attempting to profit off of their ill-gotten gains with a void judgment.

## STATE V. HUMINSKI WAS PROSECUTED IN THE ABSENCE OF ALL JURISDICTION

In <u>Pennoyer v. Neff</u>, 95 US 714, 732 (1878), the U.S. Supreme Court held that the judgment of a court lacking personal jurisdiction violated the Due Process. Huminski was not served by the State in <u>State v. Huminski</u> but was compelled to attend court proceedings in the quite irregularly initiated case, <u>State v. Huminski,</u> to avoid incarceration for failure to appear in the State's so-called "criminal" case absent any filing by the State initiating the prosecution.  Accord <u>Huminski v. State</u>, 2d19-1247. See Exhibit "F".

## HEARING OF CONTEMPT IS PRIVATE TO THE ALLEGEDLY OFFENDED COURT

The Florida Supreme Court held that the hearing and trying of contempt is private to the allegedly offended court in <u>South Dade Farms v. Peters</u>, 88 So. 2d 891 - Fla: Supreme Court 1956 while adopting U.S. Supreme Court precedent as follows:

> *"In the opinion last cited this court adopted the language of the Supreme Court of the United States in the leading case of <u>Gompers v. Buck's Stove & Range Co., 221 U.S. 418, 31 S.Ct. 492, 501, 55 L.Ed. 797,</u> from which we quote also the following:*
>
> > *"There has been general recognition of the fact that the courts are clothed with this power, and must be authorized to exercise it without referring the issues of fact or law to another tribunal or to a jury in the same tribunal. For, if there was no such authority in the first instance, there would be no power to enforce its orders if they were disregarded in such independent investigation. Without authority to act promptly and independently the courts could not administer public justice or enforce the rights of private litigants. <u>Bessette v. W.B. Conkey Co., 194 U.S. 324</u> 337, 24 S.Ct. 665, 48 L.Ed. [997] 1005.'"*

in stark contrast to the hearing and conviction of Huminski in the Lee County Court for alleged contempt occurring before the 20th Circuit Court  in <u>Huminski v. Town of Gilbert, AZ, et al.</u>, 17_CA-421, 20th Circuit, with a criminal prosecution

7

brought in State v. Huminski, Lee County Court.  Accord Huminski v. State, 2d19-1247.  A court of inferior jurisdiction heard a Circuit Court contempt case without any statutory authority in a so-called "criminal" misdemeanor case (indicated by the "MM" designation and the State being named as Plaintiff) whereby he was placed on pre-trial supervision and assessed every cost and fee applicable only to criminal prosecutions (crimestoppers fund, costs of prosecution, etc.).  The State was not a party in Huminski v. Gilbert, but, by an unknown yet, patently illegal scheme, bullied its way into the position of Plaintiff absent the filing of a shred of paper commencing State v. Huminski.

The dissent in TYRONE JENKINS, Appellant, v. STATE OF FLORIDA, Appellee. No. 4D20-1171 [June 23, 2021] clearly drives the point home concerning subject matter jurisdiction in contempt cases stating in pertinent part,

> *"Appellant was convicted of indirect criminal contempt for sending an expletive-laced diatribe to a circuit court judge after the judge dismissed his civil case, accusing the judge of incompetence and impugning his integrity. On appeal, appellant claims that the county court judge who tried the contempt proceeding lacked subject matter jurisdiction. I agree that the county court lacked jurisdiction, and I would reverse."*

Accord Huminski v. State, 2d19-1247. See Exhibit "F".

The State's own admission that at least one of the fees imposed upon Huminski at "criminal" conviction in State v. Huminski did not apply to contempt is compelling, stating in pertinent part in the State of Florida brief filed in Huminski v. State, 2D19-1912, Florida Attorney General, 2/21/2020,

> "ISSUE FOUR WHETHER THE TRIAL COURT ERRED IN IMPOSING A $50 COST OF PROSECUTION FOR THE OFFENSE OF CRIMINAL CONTEMPT. [RESTATED].
>
> Appellant's fourth claim, that the court impermissibly imposed a cost of prosecution in this case, appears to have merit. Because contempt is a common law crime and the statutes governing contempt do not explicitly allow for the cost of prosecution to be imposed, Appellee concedes that this cost was seemingly imposed in error and the case should be remanded for the limited purpose of striking the cost from Appellant's judgment and sentence. "

Apparently, the author of the above didn't get the memo that the Rule of Law in State v. Huminski was to be ignored and illegal governmental conduct covered-up.

8

As this case exemplifies, in criminal justice matters, the State rarely admits error and uses the power of criminal prosecution as a tool of terror. Notable, is the State's characterization of contempt as a "crime" when in reality, under Florida authority, it is a *sui generis* common law offense. The confusion concerning contempt extends to the Florida Attorney General's office.

## BAD FAITH

At hearing in this matter, the presiding judge asked the State if they wanted her to dismiss on their other paper as well which would have brought in the merits. The State informed the court that they did not wish that motion, filed weeks before the granted motion, to be heard. This maneuver by the State was solely intended as a backup plan to extend litigation unnecessarily. A technique employed by defendants with deep pockets to wear out and adversary and outspend an adversary that doesn't have endless funding from the State treasury. This scheme, used in a quasi-criminal context such as the instant case, has no place in a civilized society and offends public policy.

## LEGISLATIVE INTENT

The State's use of the vexatious litigant statute to protect, preserve, enforce and profit from a hopelessly void criminal judgment was never a notion that the legislative branch had contemplated or would endorse.

As held by the Florida Supreme Court in <u>Borden v. East-European Ins. Co.</u>, 921 So. 2D 587,

> "*It is a fundamental principle of statutory interpretation that legislative intent is the "polestar" that guides this Court's interpretation. See <u>State v. J.M., 824 So.2d 105, 109 (Fla.2002); Reynolds v. State, 842 So.2d 46, 49 (Fla.2002)</u>.*"

## CONCLUSION

The aforementioned constitutes an abuse of the power of criminal prosecution that shocks the conscience and epitomizes a manifest injustice. This conduct also constitutes *bad faith* and *unclean hands* on the part of the State of Florida related

to these matters.  The State can request __no relief__ from this Court or the Court Below pursuant to unclean hands concerning their conduct attempting to breathe life into a hopelessly void judgment and continual attempts to enforce the void judgment and profit from it in their ongoing collection activities.  The State's filings in this matter seeking relief from this Court were filed in *bad faith* with *unclean hands*.  The late Mr. Steele asserted the same in his paper requesting attorney fees.

**WHEREFORE**, the Court should, based upon the aforementioned,

1. Find the State has proceeded in this appeal and in the Court below with unclean hands by attempting to breathe life into a hopelessly void judgment and continuing to pursue enforcement and collection activities related to the void judgment and/or

2. Enjoin the State from continuing any activities that attempt to breathe life into a void judgment, collect on the judgment or enforce the judgment and/or

3. Summarily reverse this case with instructions to grant all relief sought in the Court below and/or

4. The Court should invoke its inherent supervisory and disciplinary powers and/or

5. The Court should find the State's conduct in bad faith with unclean hands because the ruling in <u>Huminski v. State</u>, 2d19-1247 (Exhibit "F"), clearly holds that contempt is private to the offended court, not a court of inferior jurisdiction, and the State positions are vexatious and frivolous given well-established and overwhelming authority and/or

6. Grant any other relief the Court deems fair and just or as a sanction including the striking of the papers filed by the State in this matter. Ironically, the State couldn't bother to file a proper commencement document in <u>State v. Huminski</u>, but, now files volumes to protect the void judgment burdening this and the lower court worthy of the most severe of sanctions.  A judgment issued in the absence of any and all jurisdiction simply can not be remedied with additional volumes of paper filed by the State.

7. Huminski requests oral argument related to this motion.

Appellant advises the Appellees to treat this paper as a motion for sanctions under F.S. § 57.105 and are given safe harbor for 21 days as an opportunity to withdraw their frivolous and vexatious papers filed in this appeal.

## <u>Declaration</u>

Under penalties of perjury, I declare that I have read the foregoing document and that the facts stated in it are true. F.S. 92.525.

Dated at Miami, Florida this 13th day of March, 2022.

-/S/-  Scott Huminski

_____

Scott Huminski, pro se
P.O. Box 353820
Palm Coast, FL  32135
(239) 300-6656
S_huminski@live.com

### <u>Certificate of Service</u>

Copies of this document and any attachment(s) was served upon the Appellees via the e-filing system in this case.

Dated this 13th day of March, 2022.

-/s/- Scott Huminski

_____

Scott Huminski

# Exhibit "A"

In The

# Third District Court of Appeal

<table>
<tr><td>Scott Huminski,</td><td>)</td><td>Number: 3d21-1920</td></tr>
<tr><td>Appellant ,</td><td>)</td><td></td></tr>
<tr><td>v.</td><td>)</td><td></td></tr>
<tr><td>State of Florida, Et Al,</td><td>)</td><td></td></tr>
<tr><td>Appellees.</td><td>)</td><td></td></tr>
</table>

RECEIVED, 03/07/2022 08:00:21 PM, Clerk, Third District Court of Appeal

## AFFIDAVIT OF S. HUMINSKI #2 RE:  State's forgery of court orders/unclean hands

NOW COMES, Appellant Scott Huminski ("Huminski"), and, under oath, hereby states, deposes and swears as follows:

1. The State of Florida used a forged document to commence <u>State v. Huminski</u>, 17-MM-815 which is the gravamen of the matter below which is a collateral attack upon a *void ab initio* judgment that was the product of the State's reliance upon a forged commencement document in <u>State v. Huminski</u>.

2. Huminski's <u>Affidavit of Scott Huminski Re: State's forgery of court orders/unclean hands,</u> filed in this matter on 2/28/2022, is a true and correct depiction of the forgeries used by the State in <u>State v. Huminski</u> to pursue a criminal prosecution and obtain a criminal conviction in the Lee County Court when the alleged contempt arose in <u>Huminski v. Town of Gilbert</u>, et al., 17-CA-421, 20th Circuit Court.

3. State criminal prosecutions such as <u>State v. Huminski</u> do not arise in the State of Florida from contempt in a civil matter to which the State was never a party such as <u>Huminski v. Town of Gilbert, et al.</u>.

4. The State bullied it's way into <u>State v. Huminski</u> with forged charging instruments in an extreme abuse of the power of criminal prosecution.

5. In <u>State v. Huminski</u>, no State prosecutor authored a charging document and no commencement document exists containing the signature of a State prosecutor only a show cause order with the judicial signature "lifted" from a Circuit Court order in <u>Huminski v. Town of Gilbert, et al.</u>.

6. In <u>State v. Huminski</u>, the show cause order which is the only commencement document that remotely resembles a commencement document does not list the State of Florida as a party.

7. How the State managed to get a case entitled <u>State v. Huminski</u> docketed remains a mystery absent the State's filing of any commencement document in the case.

8. This appeal is solely the product of Appellant's counsel failing to appear in the case subsequent to their retention on September 17, 2021 and noticed on that same day as truthfully portrayed in the docket below and the record on appeal which is the same day the granted motion (subject of this appeal) was filed by the State.  Appellants counsel did file an appearance, too little too late, a few hours after the dispositive hearing (AKA Status Conference) on September 21st

9. Huminski noticed the Court again on September 20, 2021 in writing memorialized on the docket below and verbally informed the Court below at the Status Conference (sua sponte converted to a dispositive motion hearing) of the retention of counsel 4 days earlier.

10. The only response Huminski proffered to the granted motion to dismiss filed on September 17, 2021 were the verbal and written notices of retention of counsel filed and presented to the Court below detailed in the prior 2 paragraphs.

11. The State's filings in this matter (upon information and belief with unclean hands) are an attempt to breathe life into the hopelessly void judgment from <u>State v. Huminski</u> which was not commenced with a proper pleading filed by the State nor did any initial pleading list the State as a plaintiff.

12. The State's filings in this matter (upon information and belief with unclean hands) are an attempt to profit from ill-gotten gains related to the void judgment in <u>State v. Huminski</u>.

13. The State's filings in this matter (upon information and belief with unclean hands) are an attempt to cover-up the forgeries they used in <u>State v. Huminski</u>.

14. Upon information and belief the State's conduct before this Court related to their attempts to protect the *void ab initio* judgment in <u>State v. Huminski</u> is conduct that shocks the conscious and constitutes a manifest injustice.

15. On 9/21/2021 after dismissal at the status hearing, Huminski requested counsel to file for emergency relief to stop the State's continuing activities to collect on the judgment in <u>State v. Huminski</u> and Huminski received no response from counsel, only silence.

16. On multiple occasions since September 21, 2021, Huminski requested counsel to seek relief in this Court to place the parties in *status quo* related to the judgment in <u>State v. Huminski</u> to stop harassment, collection activities and prejudice from the government and received no response, only silence.

17. Huminski has not conferred once with counsel that produced a meaningful response from counsel that addressed any of Huminski's concerns.

18. All legal fees paid to counsel went to a tightly held corporation of Ronald Humphreys, Lawstaff, Inc., headquartered at the home of Mr. Humphreys quite contrary to an attorney's ethical duty to safeguard client funds.

19. Upon information and belief Mr. Humphrey's is engaging in the criminal Unauthorized Practice of Law because no licensed attorney would advise a client to attend a hearing *pro se* when a vexatious litigant issue was pending in a court proceeding.

20. Mr. Humphreys did advise me to attend the hearing of September 21, 2021 *pro se*, advice that cause the dismissal of the case below and forced this very unnecessary appeal prejudicing the administration of justice constituting UPL as this advice certainly did not come from Mr. Steele nor would it come from any licensed attorney in Florida.

21. Upon information and belief Florida attorneys do not engage in the neglect of a legal matter entrusted to them or engage in malpractice, however, non-attorney Mr. Humphreys, or his corporation that collects legal fees, Lawstaff, Inc., is not bound by any attorney ethical precepts because he is not an attorney nor is Lawstaff, Inc. that collected all legal fees in this case.

3

22. Huminski has requested that Attorney Steele explain why all legal fees paid in this matter went to Mr. Humpheys' corporation Lawstaff, Inc. and got no response, only silence.

23. This appeal is solely the result of UPL or neglect of a legal matter entrusted to either Mr. Humphreys or Mr. Steele and malpractice and has created a burden on this Court.

24. On this date, I once again requested Mr. Steele and Mr. Humphreys to move to strike or seek a similar sanction regarding today's State filing in this matter pursuant to unclean hands/bad faith and got no response. I also previously received no response when I asked both men to challenge the State's Answer brief under unclean hands and received no response, only silence.

25. I have never spoken to Attorney Steele and I don't know the man and don't believe an attorney-client relationship exists especially since all legal fees were paid to Mr. Humphreys' corporation.

26. I intend to file a UPL complaint concerning Mr. Humphreys and possibly an ethics complaint concerning Mr. Steele (if he indeed is counsel on this appeal), however Mr. Humphreys threatened me today via email to end my inquiries into the aforementioned issues which may be construed as obstruction of justice concerning forthcoming complaints to authorities.

## Declaration

Under penalties of perjury, I declare that I have read the foregoing document and that the facts stated in it are true. F.S. 92.525

Dated at Miami, Florida this 7th day of March, 2022.

-/S/-  Scott Huminski

_____

Scott Huminski, pro se
P.O. Box 353820
Palm Coast, FL 32135
(239) 300-6656

4

S_huminski@live.com

<u>Certificate of Service</u>

Copies of this document and any attachment(s) was served upon the State of Florida via the e-filing system in this case.

Dated this 7th day of March, 2022.
-/s/- Scott Huminski

_____

Scott Huminski

Exhibit "B"

ORDER / COMMITMENT FORM

COUNTY COURT, LEE COUNTY, FLORIDA

**17-MM-000815**  State of Florida vs Huminski, Scott A

_____ Previously FTA for assigned Judge _____
_____ Felony Reduction  _____ Juvenile

**1 CONTEMPT OF COURT CIRCUIT OR COUNTY No Charge - No Level §900.04**

| Citation | Issuing Agency | Court Date | Court Clerk |
|---|---|---|---|
| | OTH | 03/16/2018 | SM |

BENCH

**Attorney:**  AT Huminski, Scott A

| APPEARANCE | PLEA | ADJUDICATION | VERDICT | DISPOSITION |
|---|---|---|---|---|
| _____ Failed to Appear | _____ Guilty | _____ Withheld by Judge | ✗ Guilty by Judge | _____ Acquitted |
| ✗ Present w/o Attorney | ✗ Not Guilty | ✗ Adjudicated Guilty | _____ Not Guilty by Judge | _____ Nolle Pros |
| _____ Present w/ Attorney | _____ Nolo Contender | _____ Withheld by Clerk | _____ Guilty by Jury | _____ No Information |
| _____ Present by Attorney | _____ Lesser Offense | | _____ Not Guilty by Jury | _____ Dismissed |
| _____ Present w/ Interpreter | | | _____ Mistrial | _____ Adm.Dismissed |
| _____ Interpreter Services Requested | Degree _____ | | | _____ Merge & Dismiss |
| _____ Language _____ | Statute _____ | | | |
| _____ Victim/Other _____ | | | | |

**SENTENCE**

✗ Probation (Reporting) _____ 6 _____ DD/MM/YY
_____ Consecutive/Concurrent with _____
_____ One Time Cost $_____ _____ Waive COS $_____
✗ Report to Probation Today or Upon Release Within _____
_____ Probation may terminate early when conditions are met
_____ May Transfer Probation to _____
_____ May Report to Probation and/or Instruct by Mail
_____ Ignition Interlock Device _____ DD/MM/YY
_____ Impound Vehicle for _____ days as a condition of
probation unless statutory conditions are met
_____ Statutory Exception to Vehicle Impound
_____ Does Not Own Vehicle _____ Shared Vehicle
_____ Other_____
_____ Random ____ Alcohol ____ Drug Screenings & Urinalysis
at own expense - No positive/diluted samples
_____ No Possession or Consumption of Alcohol or Illicit Substances
_____ DUI School - Follow recommendations/Phase ____ I ____ II
_____ School to Determine which Phase
_____ Sign up w/in _____ days
_____ Traffic School 4 Hr / 8Hr / 12 Hr
_____ Attend and Complete Lee Memorial High Risk
Driver's Course or ____ Victim Impact Panel
_____ Psychiatric Evaluation ____ Evaluate for
Alcohol/Substance Abuse/Anger Mgmt and follow
recommendations of...
_____ Sign up for Batterer's Intervention Program w/in 30 Days
_____ Attend & Complete _____ Anti-Theft _____ Mile Post Program
_____ Attend & Complete Program_____
_____ DNA Testing Collected _____ in Court _____ at LCJ
_____ Other Testing _____ HIV _____ STD _____
_____ Defendant Advised of Habitual and/or Felony Status

✗ Jail Time ___45___ ( DD/MM/YY )
_____ Consecutive/Concurrent with _____
_____ Weekend Time Fri 6pm to Sun 6pm
_____ Beginning _____
_____ Day Work Program* _____ Days
_____ Minimum ____ day(s) a week ____ consecutive weeks
_____ Credit Time Served _____ DD/MM/YY
_____ Credit Time Served Applied to ____ Straight Time
_____ Weekends ____ Day Work Program
_____ Defendant Remanded ✗ Sentence Suspended -45 DAYS
_____ DL Suspended/Revoked _____ DD/MM/YY
_____ Spec. Conditions - Drive for Work/Business purposes
_____ Show Valid Driver's License within _____
_____ Produced Valid Driver's License in Court
_____ Community Service _____ Hours and/or Pay $_____
_____ Must complete _____ hours of community service
before buyout
_____ Show Proof of Com. Service to Clerk w/in _____
_____ Stay Away from arrest location _____
_____ No Contact with victim _____
_____ State Orally Amends Charge in Open Court
_____ Formal Filing of Information is Waived
_____ Information Filed in Open Court
_____ Successfully Completed Pretrial Diversion Program
_____ Judicial Warning
_____ Defendant Accepted DV Diversion
_____ Defendant to be Released ROR on this Charge Only

**MANDATORY COURT APPEARANCE**

**CONTINUANCES**
Date Continued to _____

For _____ AR _____ DS _____ TR _____ DA _____ DD _____ DT _____ RH

Time _____ AM / PM  Court Room _____ _____ Speedy Trial Waived _____ Speedy Trial Tolled
(ABA) _____ HAS _____ MEG _____ ZMG _____ DSG _____ JMG _____ TPP _____ ABH _____
_____ Report to PTS/Screen for Public Defender

**Defendant/Attorney** _____  **Date** _____

Failure to comply with any part of this order shall result in a bench warrant being issued for your arrest and/or suspension of your driver's license privilege.

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact Brooke Dean, Operations Division Manager, whose office is located at Lee County Justice Center, 1700 Monroe Street, Fort Myers, Florida 33901, and whose telephone number is (239) 533-1771, at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**

Rev-05/05/2017

**ORDER / COMMITMENT FORM**

COUNTY COURT, LEE COUNTY, FLORIDA

**17-MM-000815**      **State of Florida vs Huminski, Scott A**

_____ Previously FTA for assigned Judge _____
_____ Felony Reduction _____ Juvenile

**1 CONTEMPT OF COURT CIRCUIT OR COUNTY No Charge - No Level §900.04**

| Citation | Issuing Agency | | Court Date | Court Clerk |
|---|---|---|---|---|
| | OTH | | 03/16/2018 | |

**FINE ASSESSMENTS (statutes indicated)**

✓ Fine $ 500 _____ (775.083)
✓ 5% Surcharge $ 25 _____ (938.04)

**MANDATORY ASSESSMENTS**

✓ Court Costs (Include Crime Stoppers & Crime Prevention)
(318.18 / 775.083 / 938.01 / 938.03 / 938.05 / 938.06 / 939.185)
✓ $220.00 ____ Other $ _____
If Ordered Under - Reason:

_____ $33.00 Certain Traffic Offense Court Cost (318.17 / 318.18)
_____ $135.00 DUI Court Costs (938.07)
_____ $70.00 Reckless Driving Court Costs (318.18 / 316.192)
_____ $65.00 Racing Court Costs (318.18)
_____ $5.00 Leaving the Scene Court Costs (316.061)
_____ $195.00 BUI Court Costs (938.07 / 327.35)
_____ $201.00 Domestic Violence Trust Fund (938.08)
_____ $151.00 Rape Crisis Trust Fund (938.085)
_____ $151.00 Crimes Against Minors (938.10)
_____ $5000.00 Civil Penalty (796.07)
_____ $40.00 Contested By Nonprevailing Party Fee (34.045)

**DISCRETIONARY ASSESSMENTS**

_____ $100.00 FDLE Trust Fund/Statewide Crime Lab (938.25)
_____ Investigative Fee $ _____ to
to ___ FDLE ___ FMP ___ LCSO ___ Statewide Pros.
___ Other _____ (938.27)
_____ Worthless Check Diversion Fee $ _____ (832.08)
_____ Diversion Cost of Supervision $ _____ (948.09)

Pay Within _____ DD/MM/YY

_____
_____ Upon release from In-Custody

**MOTION HEARINGS**

_____ Revoke Bond _____ Reinstate Bond
_____ Set/Reduce/Increase Bond to _____
_____ Suppress ____ Dismiss ____ Continue
_____ Expunge/Seal (All outstanding monetary obligations must be
paid to the Clerk's office before the case is officially
expunged/sealed.)
_____ Withdraw Plea
_____ Withdraw as Counsel
_____ Modify No Contact Order _____ Lift No Contact Order
_____ Other _____
Motion Result (Circle One): Granted Denied Reserves Ruling

_____ State & Defense Stipulate to Suppress the Breath Test Results
_____ State Amends Information from BAL of .15 or Above to .08
_____ Clerk to Update Case w/ Defendants Information Listed

DEFENSE MOTION FOR MISTRIAL- DENIED ' MOTION TO DISMISS- DENIED ' ANY FUTURE FILINGS ARE TO BE W/DN THE SIGNATURE OF A LICENSED ATTORNEY' NO COMMUNICATION W/TH THE PARTIES IN THE CIVIL RE CRIMINAL CASE
Pre-sentence Investigation/Sentencing _____

**ATTORNEY FEES & SURCHARGES**

✓ $50.00 Cost of Prosecution (938.27)
_____ $50.00 Public Def Application Fee (27.52)
Additional Application Fees $ _____
(Must be addressed on the record)
_____ Defense Attorney Costs at Conviction (938.29)
___ $50.00 ____ Other $ _____

**RESTITUTION**

_____ Minimum Payment of $ _____ per Month
to _____
___ As a Condition of Probation
_____ Restitution Ordered $ _____ to
_____
_____ Restitution Reduced to Judgment
_____ Court Orders Restitution - Reserves on Amount

**DISPOSITION OF MONETARY OBLIGATIONS**

✓ May Convert Fine Cost _____ All or In Part to Community
Service at $10 per Hour
___ Defendant Advised of Notary Requirement for Community
Service (For Non-Probationary Sentences)
_____ Credit Time Served for Fines/Costs/Fees _____
_____ Monetary Obligations Referred to Clerk of Court Collections
_____ Monetary Obligations Reduced to Judgment ___ Previous Only
_____ Monetary Obligations (VOP) ___ Carried Forward
_____ Defendant to sign up for Payment Plan
_____ First Payment Due within 30 Days
_____ Waive all Additional Mandatory Costs

**WARRANTS/BONDS**

_____ BW/D6 Ordered Balance $ _____
_____ Issue Bench Warrant _____ MM/DD/YYYY
_____ Bond Estreature $ _____
_____ Non-Compliance/Non-Appearance $ _____
_____ Set Aside BW/D6 $ _____
_____ Set Aside Estreature $ _____
_____ Cash Bond to pay Fine/Cost including _____
_____ Return Cash Bond to Depositor

_____ Conflicting Appearance Date Addressed in Court

**REVOCATION HEARINGS**

_____ Defendant Pleas Guilty/Admits Allegations
_____ Defendant Pleas Not Guilty/Denies Allegations
_____ Adjudicated Guilty _____ Adjudication Withheld
_____ Probation Reinstated _____
_____ Probation Modified _____
_____ Same Terms and Conditions to Apply
_____ Probation Revoked & Terminated _____ Probation Terminated
_____ COS Fees Due & Owing in the amount $ _____

Full/Partial

If probation has not been imposed, you must pay your financial obligation within the time allowed by the Judge or sign up for the payment plan option offered by the Clerk of Court. If sentenced to Probation, you must adhere to standards as directed.

Failure to comply with any part of this order may result in a suspension of your driver license privilege and/or warrant being issued for your arrest (322.245) .
Unpaid financial obligations still remaining 90 days after payment due date will be referred to the Clerk of Court to a collection agency and an additional fee of up to 40% of the outstanding balance owed will be added at that time (28.246).
Mandatory assessments are imposed and shall be included in the judgment without regard to whether the assessment was announced in open court.

Asst. State Attorney _____ /A. Kuwagee   Bar No. _____ / 26999   Date _____

Judge James R Adams _____ /slam/   Date _____

Rev:05/05/2017

Exhibit "C"

KS/SK

IN THE COUNTY COURT OF THE TWENTIETH JUDICIAL CIRCUIT IN AND FOR LEE COUNTY, FLORIDA

STATE OF FLORIDA                    CASE NO.    17-MM-000815  JRA

vs.

SCOTT ALAN HUMINSKI

_____/

## STIPULATED MOTION TO MODIFY CONDITIONS OF PRETRIAL RELEASE

COMES NOW, the Defendant, by and through the Office of the Public Defender, and the State Attorney and jointly stipulate that the Defendant's pretrial release conditions be modified, and states the following as grounds:

1. On June 29, 2017, Mr. Huminski was placed on pretrial supervision as part of indirect criminal contempt proceedings.
2. Mr. Huminski's conditions included (but were not limited to) no contact with the Lee County Sheriff's Office "except through their legal counsel, unless said contact is initiated by the Sheriff's Office, such as if SCOTT HUMINSKI is arrested or stopped for a traffic violation." Order on Arraignment, dated July 7, 2017.
3. The Lee County Sheriff's Office provides security for the Lee County Justice Center and is the default law enforcement agency in the City of Bonita Springs, where Mr. Huminski lives.
4. Mr. Huminski's conditions should be modified so that he shall not have any contact with the Lee County Sheriff's Office except through his legal counsel unless said contact:
   a. is initiated by the Sheriff's Office, such as if Mr. Huminski is arrested or stopped for a traffic violation;
   b. is made in the process of attending and participating in court dates for his criminal case; or
   c. is necessary to report a crime or other emergency normally referred to the Lee County Sheriff's Office.

DATED this 20th day of September, 2017.

STEPHEN B. RUSSELL                         KATHLEEN A. SMITH
State Attorney                             Public Defender

Anthony W. Kunasek                         Kevin John Sarlo
Assistant State Attorney                   Assistant Public Defender
Florida Bar No. 0026999                    Florida Bar No. 0126369

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished to Anthony W. Kunasek, Assistant State Attorney, 2000 Main Street, 6th Floor, Fort Myers, FL 33901; to the Honorable Kathleen A. Smith, Public Defender, P. O. Drawer 1980; to Scott Huminski, 24544 Kingfish Street, Bonita Springs, FL 34134 dated this 22nd day of September, 2017.

Linda Doggett
Clerk of the County Court

By: J. Garcia
Deputy Clerk

KS/SK

IN THE COUNTY COURT OF THE TWENTIETH JUDICIAL CIRCUIT IN AND FOR LEE COUNTY,
FLORIDA

STATE OF FLORIDA                         CASE NO.     17-MM-000815  (JRA)

vs.

SCOTT ALAN HUMINSKI

_____/

## ORDER

**THIS CAUSE** having come for consideration upon the Stipulation between Defense counsel and
State Attorney and the Court being duly advised in the premises, it is thereupon:

**ORDERED AND ADJUDGED** that the Stipulated Motion to Modify Conditions of Pretrial
Release is hereby:

_____ ✓   GRANTED

_____      DENIED

**DONE AND ORDERED**, this 22 day of September, 2017.

_____
James R. Adams
Judge of the County Court

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished to the
Anthony W. Kunasek, Assistant State Attorney, 2000 Main Street, 6th Floor, Fort Myers, FL 33901;  to
the Honorable Kathleen A. Smith, Public Defender, Lee County Justice Center, 1700 Monroe Street, Fort
Myers, Florida; to Scott Huminski, 24544 Kingfish Street, Bonita Springs, FL 34134 dated this 22nd day
of September, 2017.

Linda Doggett
Clerk of the County Court

By: _____
Deputy Clerk

Exhibit "D"

IN THE COUNTY COURT OF THE TWENTIETH JUDICIAL CIRCUIT
IN AND FOR LEE COUNTY, FLORIDA

STATE OF FLORIDA                              CASE NO.  17-000815MM   (JRA)
vs.

SCOTT ALAN HUMINSKI

---

## NOTICE OF APPEARANCE; WAIVER OF ARRAIGNMENT; WRITTEN PLEA OF NOT GUILTY; NOTICE OF DISCOVERY AND INITIAL DISCLOSURE

The Public Defender hereby enters this notice of appearance.

The Defendant, pursuant to Rule 3.160(a), Florida Rules of Criminal Procedure and files this Written Plea of Not Guilty to the charge(s) pending in the above-entitled cause.

The Defendant, pursuant to Fla.R.Crim.P.3.220, files written notice of said Defendant's election to participate in discovery.

The Defendant, pursuant to Fla. R. Crim. P. 3.220(d), has no disclosures or witnesses other than those that will be disclosed by the State pursuant to Fla. R. Crim. P. 3.220(b). Should the Defendant discover additional witnesses or materials subject to disclosure, the Defendant will promptly provide such to the State pursuant to Fla. R. Crim. P. 3.220(j).

**I HEREBY CERTIFY** that a true and correct copy of the forgoing has been furnished electronically to the Anthony W. Kunasek, Assistant State Attorney, 2000 Main Street, 6th Floor , Fort Myers FL 33901; on this 20th day of September, 2017.

KATHLEEN A. SMITH
Public Defender
2000 Main Street
Fort Myers, Florida 33901

By:_____
Of Counsel - Kevin John  Sarlo
Florida Bar No. 0126369
KevinS@pd.cjis20.org

Exhibit "E"

17 mm815

# IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT IN AND FOR LEE COUNTY, FLORIDA
### CIVIL ACTION

Huminski, Scott
  **Plaintiff**
**vs**
Town of Gilbert AZ et al
  **Defendant**

**Case No: 17-CA-000421**

Date: **June 29, 2017**

Judge: **Elizabeth V Krier**

Deputy Clerk: **Brenda Horton**

Court Reporter:

## MINUTES

Attorney for Plaintiff:     **Kevin Sarlo**
Attorney for Defendant:    **Anthony Kunasck**

☑ Present   ☐ Not Present
☑ Present   ☐ Not Present

**Hearing Information:**

## SHOW CAUSE / ARRAIGNMENT PROCEEDING:

-Plea of Not Guilty Entered
-CMC scheduled on 8/15/17 at 1:00 for 10 minutes
-CMC is set to review how the State is proceeding with the case and at that
  Point we can schedule future hearings. Also to be discussed transfer case
  From civil to criminal
-Pretrial release without bond / Conditions: Mr. Huminski is to check in with
  Pretrial officer every 2 weeks, along with the condition to not violate anymore
  Orders. Only Mr. Huminski's PD or licensed attorney may contact the courts.
  He must not contact the courts or Sheriff's Department by email

☐ Motion                   ☐ Granted    ☐ Denied    ☐ Reserved

Notes:
-Scott Huminski-present
-Copies of orders on file given to Mr. Huminski, Mr. Sarlo, and Mr. Kunasck
  In court

*Sworn

Exhibit "F"

**IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA**
**SECOND DISTRICT, POST OFFICE BOX 327, LAKELAND, FL 33802-0327**

May 08, 2019

**CASE NO.: 2D19-1247**
L.T. No.: 18-AP-3,
          18-AP-9

SCOTT HUMINSKI                    v.        STATE OF FLORIDA

Appellant / Petitioner(s),                  Appellee / Respondent(s).

**BY ORDER OF THE COURT:**

The petition for writ of prohibition and in the alternative for writ of mandamus is granted.  As this court concludes that it has jurisdiction over the appeal of case 17-MM-815, the Appellate Division of the Twentieth Judicial Circuit Court for Lee County shall immediately transfer the appeal of that case to this court.  Although it appears that a given court must address its own contempt cases, § 38.22, Fla. Stat. (2018) ("Every court may punish contempts <u>against it</u> . . ." (emphasis added)), we additionally rely on the series of administrative orders issued by the Chief Judge of the Twentieth Judicial Circuit appointing all county judges as acting circuit judges, beginning with the order signed on December 2 and filed on December 5, 2016, in Book 60, Page 124 of the clerk's records, such that the disposition order in case 17-MM-815 may be considered an order of the circuit court.  See also Fla. R. Jud. Admin. 2.515(b)(4); <u>Wild v. Dozier</u>, 672 So. 2d 16, 20 (Fla. 1996); <u>State ex rel. Treadwell v. Hall</u>, 274 So. 2d 537, 539 (Fla. 1973); <u>see also</u> § 38.22, Fla. Stat. (2018).

NORTHCUTT, VILLANTI, and KHOUZAM, JJ., Concur.

I HEREBY CERTIFY that the foregoing is a true copy of the original court order.

Served:

Attorney General, Tampa       Katherine Coombs Cline,      Anthony M. Candela,
Hon. Elizabeth V. Krier       A.A.G.                       Esq.
                              Linda Doggett, Clerk

td

Mary Elizabeth Kuenzel
Mary Elizabeth Kuenzel
Clerk



UPS GROUND

TRACKING #: 1Z 1A0 F88 03 2429 7577

BILLING: P/P

FL 323 0-01

TALLAHASSEE   FL 3230-7730

SHIP
TO:
DANA HUMINSKI
(239) 300-6656
THE UPS STORE #2462
250 PALM COAST PKWY NE
STE 605
PALM COAST   FL 32137-8217

US DISTRICT COURT
STE 322
111 N ADAMS ST

2 LBS          1 OF 1
SHIP WT: 2 LBS
DATE: 04 APR 2022

BM4

PINK
WALT-3720
OUT
OUT
X□

ymiski
PO Box 359820
N Const Fl
32135

U.S. District Court
111 N ADAMS St
Sute 322
Tallahassee FL
32301-7730

spRR...pG9r

