In The

# United States District Court
# Northern District of Florida

| | | |
|---|---|---|
| EQUALITY FLORIDA, ET AL, | ) | Number: 4:22-cv-00134-AW-MJF |
| PLAINTIFFS, | ) | |
| V. | ) | |
| RONALD DESANTIS, ET AL, | ) | |
| DEFENDANTS. | ) | |

## Affidavit Re: Florida's disdain for the Supremacy Clause/federal law

NOW COMES, Scott Huminski ("Huminski"), and, under oath, swears, deposes and states as follows:

1. Huminski has been barred for life from communication with the State of Florida with threats of imprisonment requested by State prosecutors and granted by State courts mandating Huminski not communicate with, complain about, report crime or criticize directly [to] the State of Florida or face consequences of punishment via arrest/imprisonment and other penalties by the State of Florida as enunciated in State of Florida v. Scott Huminski, 17-MM-815, Lee County Court in a final judgment court order of 3/16/2018 stating,

   "No communication with the parties in the civil or criminal case",

   ____ Clerk to Update Case w/ Defendants Information Listed ____ COS Fees Due & Owing in the amount $____
   Defense Motion For Mistrial - Denied; Motion to Dismiss - Denied; Any future filings are to be under the signature of a licensed attorney; No communication with the parties in the civil or criminal case
   Pre-Sentence Investigation/Sentencing ____ Full/Partial

2. State v. Huminski was a criminal prosecution for contempt that allegedly occurred in Huminski v. Town of Gilbert, et al., 17-CA-421, 20th Circuit Court.

3. On 6/26/2017 Huminski v. Town of Gilbert, in its entirety including the contempt allegations, was removed to the United States District Court (Bankruptcy Unit) and the

FILED USDC FLND TL
APR 22 '22 PM1:53



Notice of Removal was filed in both Federal Court and the Florida 20th Circuit on 6/26/2017 pursuant to Bankruptcy Rule 9027.

4. Once the State of Florida was confronted with the removal to federal court, it chose to simply forge a Court order by taking an order issued in the 20th Circuit on 6/5/2017, modifying it and then filing it in the Lee County Court initiating State v. Huminski, on 6/30/2017 (4 days after removal) as a criminal statutory misdemeanor case despite the lack of existence of a criminal statute allowing such a criminal prosecution and the loss of any and all jurisdiction to the federal courts regarding contempt. This manufactured order contained a lifted judicial signature from a 6/5/2017 Circuit Court order without a new judicial signature and without a signature from any State prosecutorial authority. Upon information and belief, the forged court order was manufactured in the dark recesses of the Lee County Court complex in Fort Myers, Florida to evade jurisdiction of the federal courts and terrorizing Huminski was the only purpose of the State's illegal tactics involving forgery of a court order to initiate State v. Huminski when the matter was already pending in the federal courts. Duplicitious litigation is vexatious, frivolous, a vast abuse of the power of criminal prosecution, conduct prejudicial to the administration of justice, abuses judicial economy and burdens the State criminal justice system with matters being determined by the federal courts.

5. Huminski was placed on pre-trial criminal supervision by the County Court in State v. Huminski and his conditions of pre-trial release included no communication with local law enforcement with regard to reporting crime or any other speech.

6. Attached hereto as Exhibit "A" is a true and correct copy of the Notice of Removal as filed in both State and Federal Courts removing the 20th Circuit civil case and alleged contempt therein to the United States District Court (Bankruptcy Unit) with the Circuit Court filing stamp in the header and the filing stamp of the Bankruptcy Court thereon.

7. Florida State Courts have routinely denied the fully disabled Huminski his requests for ADA accommodations with regard to State v. Huminski and matters collaterally attacking State v. Huminski in the Florida 11th Judicial Circuit and the Florida Third District Court of Appeal. The one word orders denying ADA accommodations in Florida State courts, "DENIED", are abundant.

8. Upon information and belief, the State of Florida operates with a complete and utter disobedience and disdain concerning federal laws with regard to the Bill of Rights and the Supremacy Clause as pled by the Plaintiffs in this matter including the herein described violations of Title 11 and the Americans with Disabilities Act. Huminski believes the State of Florida is morally bankrupt concerning its disdain for federal law and the U.S. Constitution.

9. Concerning the hearing and trial of contempt in Florida which is private to the allegedly offended Court, when it comes to silencing core protected political expression such as Huminski's, the State of Florida refuses to abide by the case law authority set forth by Florida appellate courts related to the proper venue to hear contempt. See generally, South Dade Farms v. Peters, 88 So. 2D 891 (Florida Supreme Court 1956) ( approvingly citing "*There has been general recognition of the fact that the courts are clothed with this power, and must be authorized to exercise it without referring the issues of fact or law to another tribunal or to a jury in the same tribunal. ...* Bessette v. W.B. Conkey Co., 194 U.S. 324 337, 24 S.Ct. 665, 48 L.Ed. [997] 1005.") and Huminski v. State, 2d19-1247 (Fl 2nd DCA, 2019)(adding emphasis to the statutory language "against it" concerning F.S. § 38.22). Trial of Circuit Court contempt in a County Court is prohibited and absent jurisdiction and statutory authority.

10. Upon information and belief, the State of Florida's contempt for the powers, authority and jurisdiction of the federal courts is extreme and obvious because of their failure to

acknowledge a removal of a State case to the federal courts as set forth herein evidenced by the State's willingness to engage in a criminal prosecution in the absence of any and all jurisdiction – a fundamental Due Process violation.

11. Upon information and belief The Supremacy Clause of the Constitution of the United States establishes that the Constitution, federal laws, and treaties, constitute the "supreme Law of the Land", apparently except in the State of Florida.

12. Below is a true and correct docket excerpt from the U.S. Bankruptcy Court memorializing the removal of Huminski v. Gilbert, 17-CA-421, 20th Circuit Court, and the contempt allegations therein on 6/26/2017 to the federal courts prior to the existence of State v. Huminski, Lee County Court,

9:17-bk-03658-FMD Scott Alan Huminski
Case type: bk Chapter: 7 Asset: No Vol: v Judge: Caryl E Delano
Date filed: 04/28/2017 Date of last filing: 08/03/2017

Associated Cases

| Case | Associated Case | Type |
|---|---|---|
| 9:17-bk-03658-FMD Scott Alan Huminski | 9:17-ap-00509-FMD Huminski v. Town of Gilbert, AZ et al | Adversary |

Other Filings by Same Debtor(s)
There Are No Case Filing Associations For This Case

U.S. Bankruptcy Court
Middle District of Florida (Ft. Myers)
Adversary Proceeding #: 9:17-ap-00509-FMD

*Assigned to:* Caryl E. Delano
*Lead BK Case:* 17-03658
*Lead BK Title:* Scott Alan Huminski

*Date Filed:* 06/26/17
*Date Removed From State:* 06/26/17

Dated at Flagler County, Florida this 19th day of April, 2022.

Scott Huminski, pro se
P.O. Box 353820
Palm Coast, FL 32135
(239) 300-6656
S_Huminski@live.com

**Sworn and Subscribed** to before me this 19th day of April, 2022 in Flagler County, Florida,




NOTARY EXP. Feb 6, 2024

## Certificate of Service

Copies of this document and any attachment(s) was served upon the parties via the U.S. Mails and/or email and/or the e-filing system in this case on this day.

Dated this 19th day of April, 2022.

Scott Huminski

# Exhibit "A"

Filing # 58273401 E-Filed 06/26/2017 05:02:06 PM

In The
United States Bankruptcy Court
For the Middle District of Florida

RECEIVED
JUN 2 . REC'D
CLERK U.S. BANKRUPTCY COURT
TAMPA, FL

IN RE, )
SCOTT ALAN HUMINSKI, ) CASE NO.17-03658-9D7
DEBTOR )
) ADV. PROC. NO.
)

**NOTICE OF REMOVAL TO U.S. BANKRUPTCY COURT**
**and**
**PROSECUTION OF VIOLATIONS OF THE 11 U.S. Code § 362 – AUTOMATIC STAY**

NOW COMES, Debtor, Scott Huminski ("Huminski"), notices of the removal of Huminski v. Town of Gilbert, et al., 17CA421, 20th Judicial Circuit, Lee County, Florida.

Huminski also seeks to prosecute three violations of the automatic stay by one of the defendants in the removed case, Sheriff Mike Scott and his agency. Defendants and the Court below have ignored the automatic stay and, in hearing, the Judge below stated that she can ignore bankruptcies (paraphrase).

Huminski filed for bankruptcy on 4/28/2017. Meeting of creditors was held on 6/13/2017.

The State proceeding may be removed to this Court pursuant to 28 U.S.C. § 1452, which provides in pertinent part:

> A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title. 28 U.S.C.A. § 1452(a).

Based on the language of § 1452, a party may remove any civil action over which a bankruptcy court has jurisdiction under 28 U.S.C. § 1334. Pursuant to 28 U.S.C. § 1334, this Court has original jurisdiction over all civil proceedings "arising under title 11, or arising in or related to cases under Title 11." 28 U.S.C. § 1334(b). The State suit was the catalyst that caused the filing of bankruptcy. Filed herewith are two motions requesting relief against a defendant in the removed matter for violation of the automatic stay. 11 U.S.C. § 362

RCVD
FILED USDC FLND TL
APR 22 '22 PM1:53
SJB

The removed proceeding is related to the Debtor's Bankruptcy Case within the meaning of 28 U.S.C. § 1334 and it was essentially the sole motivation for bankruptcy.

The removed proceeding is a civil action within the meaning of 28 U.S.C. § 1452 because: a) the proceeding is a private party dispute between the Defendants and the Debtor in which the Plaintiff and Defendants seeks money and injunctive relief; and b) the Proceeding is not an action before the Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power.

Based on the foregoing, removal to this Court pursuant to 28 U.S.C. § 1452 is proper.

This Notice of Removal is timely pursuant to F.R.B.P. 9027 because the Debtor filed this Notice of Removal with this Court within ninety (90) days of entry of the order for relief under the Bankruptcy Code and within ninety (90) days of the Petition Date because the commencement of a voluntary Chapter 7 proceeding constitutes an order for relief. 11 U.S.C. § 301(b).

Upon removal, the Proceeding is a "core" proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B) and (O). Moreover, because the Proceeding asserts a claim against the Debtor, it necessarily implicates the bankruptcy claims allowance process and is therefore constitutionally as well as statutorily "core" within the Supreme Court's recent ruling in Stern v. Marshall, 131 S. Ct. 2594 (2011).

Further removal is proper: (a) under 28 U.S.C. § 1452, because the Action arises under the United States Bankruptcy Code, 11 U.S.C. § 101, et seq., (the "Bankruptcy Code"), and relates to a case under the Bankruptcy Code, as contemplated by 28 U.S.C. §1334(b); (b) under 28 U.S.C. § 1441(b), because the case arises under federal law, as contemplated by 28 U.S.C. §1331.

In addition, removal of this Action is proper under 28 U.S.C. § 1441(b) because this Court has federal question jurisdiction over Plaintiff's claims under 28 U.S.C. § 1331. Debtor has alleged a violation of his human rights in treaties the U.S. is a party to and under the supremacy clause such treaties become "law of the land" and Debtor seeks relief for vioations of 11 U.S.C. § 362, the automatic stay.

Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of the Debtor's rights to maintain and/or assert any affirmative defenses in this matter, including, but not limited to, the defenses of: (1) lack of jurisdiction over the person or subject matter; (2) arguments that venue is improper; (3) insufficiency of process; (4) failure to state a claim; (5)

and any other pertinent defense available under applicable state or federal law, or otherwise, which rights are expressly reserved.

Further, nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of the Debtor's rights and protections under the automatic stay provided pursuant to § 362 of the Bankruptcy Code and any other provision of the Bankruptcy Code, which rights and protections are expressly reserved.

Notice of this filing is being served upon defendants and will be filed in the State Court as soon as possible. When service is complete, Debtor will file a certificate of service.

WHEREFORE the Debtor hereby removes the aforementioned State Proceeding, Huminski v. Town of Gilbert, et al. to the United States Bankruptcy Court for the Middle District of Florida pursuant to 28 U.S.C. §§ 1441, 1452 and F.R.B.P. 9027.

Dated at Bonita Springs, Florida this 25th day of June, 2017.

-/s/- Scott Huminski

Scott Huminski, pro se
24544 Kingfish Street
Bonita Springs, FL 34134
(239) 300-6656
S_huminski@live.com

Huminski
P.O. Box 353820
Palm Coast FL 32135

F

U.S. POST
$
FCM LG
32137
Date of sa
04/19/
06
114875
0112204191908333

USPS FIRST-CLASS MA

oz
29

U.S. District Cour
#322

APR 2 2 2022

SHIP
TO:

111 N ADAMS ST
TALLAHASSEE FL 32301-7736

USPS TRACKING® NUMBER

9516 4066 9801 2109 5713 96

111 N. Adams St
#322
Tallahassee, FL 32301