## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA

EQUALITY FLORIDA; FAMILY
EQUALITY; M.A., by and through
his parent AMBER ARMSTRONG;
ZANDER MORICZ; LINDSAY
MCCLELLAND, in her personal
capacity and as next friend and
parent of JANE DOE; RABBI AMY
MORRISON and DR. CECILE
HOURY; DAN and BRENT
VANTICE; LOURDES CASARES
and KIMBERLY FEINBERG;
LINDSEY BINGHAM SHOOK; and
ANITA HATCHER POWDERLY,

                Plaintiffs,

v.

RONALD D. DESANTIS, in his
official capacity as Governor of
Florida; FLORIDA STATE BOARD
OF EDUCATION; THOMAS R.
GRADY, BEN GIBSON,
MONESIA BROWN, ESTHER
BYRD, GRAZIE P. CHRISTIE,
RYAN PETTY, and JOE YORK, in
their official capacities as members
of the Board of Education;
RICHARD CORCORAN, in his
official capacity as Commissioner of
Education of Florida; FLORIDA
DEPARTMENT OF EDUCATION;
SCHOOL BOARD OF MANATEE
COUNTY; SCHOOL BOARD OF
SARASOTA COUNTY; SCHOOL
BOARD OF MIAMI-DADE
COUNTY; ST. JOHNS COUNTY

Civil Action No. 4:22-cv-0134-
AW-MJF

SCHOOL BOARD; and JACKSON
COUNTY SCHOOL BOARD;

                    Defendants.

## MOTION TO ESTABLISH A LITIGATION SCHEDULE
## AND FOR A RULE 16 CONFERENCE

Pursuant to this Court's Order dated April 21, 2022 (ECF 33) (the "April 21 Order"), Plaintiffs respectfully move for the entry of a coordinated litigation schedule—and, if Defendants oppose this motion, a Rule 16 conference—in order to ensure efficient, economical, and sensible proceedings following Plaintiffs' forthcoming submission of an amended complaint on May 25, 2022.

### BACKGROUND

On April 20, 2022, Defendants filed an unopposed motion for an extension of time in light of Plaintiffs' stated intention to file an amended complaint. *See* ECF 32 at 1. In that motion, Defendants added: "Defendants also note that Plaintiffs have proposed a schedule of further deadlines, which is under consideration." *Id.* at 2. As Plaintiffs explained in that same filing, the "litigation should be conducted in a coordinated and efficient manner, especially given the number of parties and the complexity of the issues involved." *Id.* To achieve those goals, Plaintiffs had "made a comprehensive scheduling proposal to Defendants addressing Defendants' anticipated motions to dismiss, Plaintiffs' anticipated preliminary injunction motion, and limited discovery (if any) relating to issues such as the expert testimony to be

submitted by Plaintiffs in connection with their motion for a preliminary injunction." *Id.*

On April 21, 2022, the Court granted Defendants' motion, providing that Plaintiffs have until May 25, 2022, to file an amended complaint and to join any new defendants, and that Defendants have until June 27, 2022 to respond to the amended complaint.   ECF 33. The Court added: "The motion indicates that Plaintiffs anticipate moving for preliminary injunctive relief and for related discovery.  The parties must confer regarding that scheduling, and any party may move at any time for entry of a litigation schedule." *Id.*

Pursuant to the April 21 Order, on April 25, 2022, counsel for Plaintiffs wrote to counsel for Defendants to request a response to their outstanding scheduling proposal.  *See* Ex. A.  On April 27, 2022, counsel for Defendants responded by saying that they were not willing to confer at that time with respect to any issue other than the dates already agreed upon since they wished to proceed expeditiously with their motion to dismiss and opposed discovery pending its resolution.  *Id.*  While counsel for Defendants generally expressed openness to discuss consolidating litigation of the motion to dismiss and the preliminary injunction motion (presumably at some point in the future), they did not respond to the proposal from Plaintiffs concerning a comprehensive schedule, and they refused to respond to Plaintiffs' proposal concerning a discovery schedule relating to Plaintiffs'

anticipated preliminary injunction motion (notwithstanding multiple communications from Plaintiffs' counsel that Plaintiffs intend to rely on both fact and expert evidence to support their request for preliminary injunctive relief). *Id.*

On May 4, 2022 (and on May 6, 2022), Defendants communicated their position that the deadline for the Rule 26(f) conference should be extended until "a couple of weeks after the amended complaint is served to allow any newly added plaintiffs and defendants to participate." *Id.* In so doing, Defendants again failed to respond to Plaintiffs' proposal concerning the entry of a litigation schedule to govern the proceedings ahead, and once again made clear their unwillingness to engage at this point in any conversation with Plaintiffs about such a schedule. *Id.*

While we cannot be 100% sure of the rationale for Defendants' thinking, we assume they believe that the Court need never address the merits of the arguments Plaintiffs will make in connection with their motion for a preliminary injunction due to their view (not ours) of the strength of their arguments on their anticipated motion to dismiss. While it is customary for parties in litigation to have confidence in their arguments, counsel for Plaintiffs have never encountered a situation where Defendants refused to even discuss a schedule assuming their position does not prevail.

## ARGUMENT

Following submission of the Amended Complaint on May 25, 2022, Plaintiffs will seek a preliminary injunction and Defendants will file a motion to dismiss. There will be substantial overlap in the issues raised by these filings—particularly as between Defendants' legal arguments for dismissal and Plaintiffs' arguments concerning a substantial likelihood of success on the merits of their claims. As a matter of efficiency and economy, these motions should be briefed and resolved in a coordinated manner. Such coordination would reduce the total number of party and amicus briefs, streamline the presentation of the issues, and facilitate the Court's decisional process. It would also tee up both motions early in the upcoming school year. But Defendants have refused to engage in any substantive discussion of a comprehensive schedule, instead emphasizing only their intention to file a motion to dismiss and their view that no merits discovery is warranted pending disposition of that motion. Their position leaves Plaintiffs with no choice but to file this motion seeking entry of a schedule.

The importance of a comprehensive litigation schedule here is only amplified by a further point: as Plaintiffs' counsel have repeatedly communicated to Defendants' counsel, Plaintiffs intend to rely on fact and expert evidence to establish that a preliminary injunction is warranted. Defendants' counsel have thus far refused to indicate whether they intend to rely on fact or expert evidence of their own in

opposing Plaintiffs' motion.  To the extent the parties wish to undertake any discovery (*e.g.*, depositions) related specifically to the evidence they will put forth during the preliminary injunction proceedings, that should obviously occur *before* rather than after briefing on Plaintiffs' preliminary injunction motion.  That way, the briefs that the parties submit to the Court will address a complete evidentiary record, and the motions can be briefed together with maximal efficiency, instead of a burdensome and awkward (and exceptionally irregular) process in which parties leave open the possibility of requesting depositions *after* preliminary injunction briefs have already been filed.  *See Dream Defs. v. DeSantis*, 559 F. Supp. 3d 1238 n.9 (N.D. Fla. 2021) ("[T]his Court routinely allows for limited discovery ahead of preliminary-injunction hearings and hears live witness testimony at such hearings." (collecting cases)); *see also Klay v. All Defendants*, 425 F.3d 977, 982 (11th Cir. 2005) ("A district court is 'entitled to broad discretion in managing pretrial discovery matters.'" (citation omitted)); *Mullane v. Almon*, 339 F.R.D. 659, 663 (N.D. Fla. 2021) ("Because of the expedited nature of injunctive proceedings, expedited discovery is more likely to be appropriate when a plaintiff is seeking a preliminary injunction." (citation omitted)).

Accordingly, for the reasons set forth above, Plaintiffs respectfully propose the following schedule:

- **May 25, 2022**: Deadline for Plaintiffs to file an amended complaint and to add/drop parties.

- **June 27, 2022**: Deadline for Defendants to respond to the amended complaint, and deadline for Plaintiffs to disclose to Defendants the identity of all fact and expert witnesses on whom they intend to rely in seeking preliminary injunctive relief, including appropriate disclosures for any expert witnesses.

- **July 6, 2022**:  Deadline for Defendants to disclose to Plaintiffs the identity of all fact and expert witnesses on whom they intend to rely in opposing preliminary injunctive relief.

- **July 11, 2022, to August 5, 2022**: Period in which the parties must complete depositions of any fact or expert witnesses on whom they will rely in the preliminary injunctive proceedings.

- **August 16, 2022**: Deadline for Plaintiffs to file a combined brief in support of their motion for a preliminary injunction and in opposition to Defendants' motion to dismiss.

- **September 16, 2022**: Deadline for Defendants to file a combined brief opposing Plaintiffs' motion for a preliminary injunction and replying to Plaintiffs' opposition to their motion to dismiss.

- **September 30, 2022**: Deadline for Plaintiffs to submit a reply brief in support of their motion for a preliminary injunction.

This schedule reflects Plaintiffs' efforts to accommodate Defendants' views on the schedule while also ensuring sufficient time for limited discovery and an expedited opportunity for Plaintiffs to be heard on their preliminary injunction motion.

To the extent Defendants oppose this motion, or the Court has any questions about Plaintiffs' proposed schedule, Plaintiffs further request that the Court set a scheduling conference pursuant to Federal Rule of Civil Procedure 16.

### CERTIFICATE OF COUNSEL UNDER LOCAL RULE 7.1(B)

Pursuant to Local Rule 7.1(B), the undersigned certifies that counsel for Plaintiffs made several attempts to confer with Defendants concerning the foregoing issues, including by telephone on April 14, 2022, and subsequent attempts to resolve the issue by email, as set forth in Plaintiffs' motion.  Defendants have refused to engage in discussions with Plaintiffs concerning Plaintiffs' proposals regarding the entry of a comprehensive litigation schedule in this case.

Dated: May 8, 2022

/s/ Roberta Kaplan
Roberta Kaplan
John Quinn
Kate Doniger
KAPLAN HECKER & FINK LLP
350 Fifth Avenue, 63rd Floor
New York, NY 10118
(212) 763-0883
rkaplan@kaplanhecker.com

Joshua Matz
Valerie Hletko
KAPLAN HECKER & FINK LLP
1050 K Street NW, Suite 1040
Washington, DC 20001
(212) 763-0883
jmatz@kaplanhecker.com

Christopher Stoll
NATIONAL CENTER FOR LESBIAN
RIGHTS
870 Market Street, Suite 370
San Francisco, California 94102
(415) 392-6257
CStoll@nclrights.org

Elizabeth F. Schwartz
ELIZABETH F. SCHWARTZ, P.A.
3050 Biscayne Blvd., Suite 600
Miami, Florida 33137
liz@elizabethschwartz.com

Michael W. Weaver (*pro hac vice
forthcoming*)
MCDERMOTT WILL & EMERY
444 West Lake Street
Chicago, Illinois 60606
(312) 984-5820
mweaver@mwe.com

*Attorneys for Plaintiffs*