# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA

EQUALITY FLORIDA; FAMILY
EQUALITY; M.A., by and through
his parent AMBER ARMSTRONG;
ZANDER MORICZ; LINDSAY
MCCLELLAND, in her personal
capacity and as next friend and
parent of JANE DOE; RABBI AMY
MORRISON and DR. CECILE
HOURY; DAN and BRENT
VANTICE; LOURDES CASARES
and KIMBERLY FEINBERG;
LINDSEY BINGHAM SHOOK; and
ANITA HATCHER POWDERLY,

                Plaintiffs,

      v.

RONALD D. DESANTIS, in his
official capacity as Governor of
Florida; FLORIDA STATE BOARD
OF EDUCATION; THOMAS R.
GRADY, BEN GIBSON,
MONESIA BROWN, ESTHER
BYRD, GRAZIE P. CHRISTIE,
RYAN PETTY, and JOE YORK, in
their official capacities as members
of the Board of Education;
RICHARD CORCORAN, in his
official capacity as Commissioner of
Education of Florida; FLORIDA
DEPARTMENT OF EDUCATION;
SCHOOL BOARD OF MANATEE
COUNTY; SCHOOL BOARD OF
SARASOTA COUNTY; SCHOOL
BOARD OF MIAMI-DADE
COUNTY; ST. JOHNS COUNTY

Civil Action No. 4:22-cv-0134-
AW-MJF

SCHOOL BOARD; and JACKSON
COUNTY SCHOOL BOARD;

                                     Defendants.

## PLAINTIFFS' OPPOSITION TO DEFENDANTS' CONSOLIDATED MOTION TO EXTEND RULE 26(F) DEADLINE

Defendants devote nine pages to opposing Plaintiffs' motion for a litigation schedule, but never propose one of their own (despite the Court's express invitation in its most recent order that the parties do so) and never explain why the Court should not adopt a schedule that coordinates Defendants' anticipated motion to dismiss with Plaintiffs' anticipated preliminary injunction motion. Instead, Defendants admit that they are unwilling to engage on any scheduling question apart from filing their own motion to dismiss (and requesting an extension of the Rule 26(f) deadline), apparently so confident in their motion that they see no point to even first discussing a schedule until three weeks after Plaintiffs file their amended complaint. That confidence is misplaced—and so is their assertion that it is somehow improper for Plaintiffs to seek a comprehensive schedule in this case. The Court should deny Defendants' motion and establish a litigation schedule.

*First*, Defendants never actually deny that it would make sense (and achieve significant efficiencies) to coordinate the briefing on their motions to dismiss and Plaintiffs' preliminary injunction motion. Given the substantial overlap between the

issues to be addressed, as well as the likelihood of amicus practice, it should be in everybody's interests to agree on a consolidated schedule for those motions.

*Second*, Defendants have never in fact "conferred" on a schedule. Opp. at 2. They have refused to discuss a coordinated litigation schedule at all. To this day, they attack Plaintiffs' proposal without identifying any counterproposal they have ever made and without making one. Moreover, Defendants are candid about their thinking: they believe that the Court should entertain their motion to dismiss without even considering Plaintiffs' forthcoming preliminary injunction motion. Based on that belief, they see no need to seriously discuss anything else. But Defendants' bountiful self-confidence offers no legitimate reason for the Court to decline to establish a litigation schedule. Nor is it an excuse for Defendants' blatant refusal to even discuss a schedule that would properly organize the filings in this case.

*Third*, Defendants are simply wrong to characterize Plaintiffs' motion as a request for expedited merits discovery. The only reason Plaintiffs raised the issue of discovery is that they intend to rely on fact and expert testimony in support of their preliminary injunction motion—and it would make no sense for the parties to submit full briefing on preliminary injunction motions, complete with numerous fact and expert witnesses, and only then for the parties to first consider potential requests for depositions or other discovery. If Defendants will agree to waive any right to such discovery at the preliminary injunction stage, so be it. But otherwise, it is responsible

and appropriate (and entirely commonplace) for the parties to account for potential depositions in structuring these proceedings. That is why Plaintiffs have proposed a highly expedited period of discovery confined solely to the evidence that will be submitted to the Court in connection with preliminary injunction practice. And in response, Defendants do not ever deny that they may seek such discovery—instead, they seek to obfuscate the issue by complaining generally about expedited discovery and insisting that no decisions should be reached for at least another month (and apparently until after the preliminary injunction briefing is well underway).

To be clear, Defendants are mistaken in suggesting that Plaintiffs' proposal is unusual. As confirmed by the cases that Plaintiffs cited in their original motion, it is commonplace for parties to undertake limited discovery in specific contemplation of a forthcoming preliminary injunction motion. The Advisory Committee Notes to Rule 26(d) specifically note that discovery before the Rule 26(f) conference "will be appropriate in some cases, such as those involving requests for a preliminary injunction . . . ." And Florida federal courts have made the same point: "Expedited discovery is particularly appropriate when a plaintiff seeks injunctive relief because of the expedited nature of injunctive proceedings . . . where it would better enable the court to judge the parties' interests and respective chances for success on the merits at a preliminary injunction hearing." *Marketran, LLC v. Brooklyn Water Enters., Inc.*, 2016 WL 8678547, at *1 (S.D. Fla. Aug. 5, 2016) (citation and

quotation marks omitted) (granting expedited discovery prior to preliminary injunction hearing).

Many other courts nationwide have followed the same reasoning. *See, e.g.*, *Water Tree Ventures, LLC v. Giles*, 2018 WL 7361405, at *1 (N.D. Fla. Aug. 7, 2018) (finding good cause to grant discovery concerning "matters relevant" to the potential preliminary injunction in order to forestall unlawful action); *see also Wedge Water LLC v. Ocean Spray Cranberries, Inc.*, 2021 WL 2138519, at *2 (S.D. Cal. May 26, 2021) (authorizing discovery to permit a party to determine *whether* to file a preliminary injunction where moving party produces "concrete evidence of a potential harm" and "establishes the need to preserve the status quo"); *Oglala Sioux Tribe v. Van Hunnik*, 298 F.R.D. 453, 456 (D.S.D. 2014) (granting discovery request for the purpose of "prepar[ing] a motion for a preliminary injunction"); *Apple, Inc. v. Samsung Electronics Co., Ltd.*, 2011 WL 1938154, at *2 (N.D. Cal. May 18, 2011) (granting discovery absent a pending motion for preliminary injunction because plaintiff sought to prevent irreparable harm); *Wachovia Securities, L.L.C. v. Stanton*, 571 F. Supp. 2d 1014, 1050 (N.D. Iowa 2008) (pre-motion discovery appropriate where it would "clarify matters" and may "ultimately lead to the prompt and efficient disposition of this litigation and the parties' underlying dispute"); *Charles Schwab & Co., Inc. v. Portfolio, LLC*, 2008 WL 11322135, at *2 (D.N.M. June 26, 2008); *Ellsworth Associates, Inc. v. U.S.*, 917 F. Supp. 841, 844 (D.D.C. 1996) (finding

discovery "particularly appropriate when a plaintiff seeks injunctive relief because of the expedited nature of injunctive proceedings" and that "courts have routinely granted expedited discovery in cases involving challenges to constitutionality of government action"); *Edudata Corp. v. Sci. Computer*s, *Inc.*, 599 F. Supp. 1084, 1088 (D. Minn. 1984) (granting discovery where it would "better enable the court to judge the parties' interests and respective chances for success on the merits"), *rev'd in part on other grounds*, 746 F.2d 429 (8th Cir. 1985).[1]

*Finally*, Defendants assert that Plaintiffs' motion for a preliminary injunction (which has not yet been filed) should be denied or treated less seriously because Plaintiffs have decided to amend their complaint and to propose a schedule. Opp. at 3 (citing *Wreal, LLC v. Amazon.com, Inc.*, 840 F.3d 1244, 1248 (11th Cir. 2016)). Defendants are mistaken twice over. It is black-letter law that the parties have an obligation to "work cooperatively in controlling the expense and time demands of litigation" and "to work together, and with the court, to achieve prompt and efficient resolutions of disputes." Fed. R. Civ. P. 1. Moreover, this case—unlike *Wreal*— concerns a challenge to a law that has *not yet* gone into effect (that occurs on July 1, 2022) and that will impose concrete constitutional harms properly addressed through a preliminary injunction proceeding. *See, e.g.*, *Elrod v. Burns*, 427 U.S. 347, 373

---

[1] Defendants' cases concerning "expedited discovery" are not to the contrary as none involved the question whether to conduct discovery before a preliminary injunction.

(1976); *Cate v. Oldham*, 707 F.2d 1176, 1188 (11th Cir. 1983). Plaintiffs' diligence in establishing a proper evidentiary record for their preliminary injunction request—and their efforts to coordinate with Defendants—reflect efforts to ensure a reasoned and orderly process rather than one in which Defendants refuse to commit to any positions on scheduling so that they can later seek to stall and confuse the litigation.

To be clear, if Defendants do not believe any discovery should be taken with respect to Plaintiffs' preliminary injunction motion, then Plaintiffs are ready to propose a schedule that removes the discovery period and condenses the remaining deadlines. But Defendants should not be heard to complain about supposed requests to "expedite" discovery even as they refuse to commit to any positions and ask the Court to order that the parties need not even discuss anything until June 15, 2022.

Dated: May 10, 2022

/s/ Roberta Kaplan
Roberta Kaplan
John Quinn
Kate Doniger
Brandon Trice
KAPLAN HECKER & FINK LLP
350 Fifth Avenue, 63rd Floor
New York, NY 10118
(212) 763-0883
rkaplan@kaplanhecker.com

Joshua Matz
Valerie Hletko
KAPLAN HECKER & FINK LLP
1050 K Street NW, Suite 1040
Washington, DC 20001
(212) 763-0883
jmatz@kaplanhecker.com

Christopher Stoll
NATIONAL CENTER FOR LESBIAN
RIGHTS
870 Market Street, Suite 370
San Francisco, California 94102
(415) 392-6257
CStoll@nclrights.org

Elizabeth F. Schwartz
ELIZABETH F. SCHWARTZ, P.A.
3050 Biscayne Blvd., Suite 600
Miami, Florida 33137
liz@elizabethschwartz.com

Michael W. Weaver
MCDERMOTT WILL & EMERY
444 West Lake Street
Chicago, Illinois 60606

(312) 984-5820
mweaver@mwe.com

*Attorneys for Plaintiffs*