IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**EQUALITY FLORIDA, et al.,**

    **Plaintiffs,**

v.                                                                    Case No. 4:22-cv-134-AW-MJF

**RONALD D. DESANTIS, et al.,**

    **Defendants.**

_____/

## ORDER REGARDING SCHEDULE

Plaintiffs have moved for a scheduling order. ECF No. 36. The motion is GRANTED to the extent set out below.

1. Plaintiffs' deadline to amend their complaint and to add or drop parties remains May 25. Defendants' deadline to respond remains June 27. *See* ECF No. 33.

2. Plaintiffs indicate they plan to move for preliminary injunctive relief. They may file at any time; there is no deadline. If they do file, the court will promptly conduct a planning conference to address a schedule for resolving the motion. At that time, the court will address whether there will be a hearing on the motion, whether there will be discovery related to the motion, and related matters. Until a preliminary injunction motion is filed, though, it would be premature to address those issues.

3. The parties' deadline for their Rule 26(f) conference is June 1. At the conference, the attorneys must address the matters set out in Rules 16(b)(3)(A),

1

16(b)(3)(B), 16(c)(2), 26(f)(2), and 26(f)(3). The Plaintiffs must take the initiative in setting up the conference, but all parties share responsibility in ensuring that the conference takes place by the deadline. The attorneys may meet telephonically, by video conference, or in person. Written exchanges are insufficient.

4. The deadline to file the Rule 26(f) report is June 8. The report must address the matters set out in Rules 16(b)(3)(A), 26(f)(2), and 26(f)(3), and it may address any other scheduling or case-management issues.

5. The parties must confer on whether they consent to have a magistrate judge preside over the entire case. *See* Fla. N.D. Loc. R. 73.1. The Rule 26(f) report must confirm that the parties have conferred on this issue, but it must not set out the parties' positions unless all parties consent to have a magistrate judge preside. If the parties do all consent, they should execute and file an appropriate consent form.

6. Unless the parties agree otherwise (and report the agreement in their Rule 26(f) report)—or unless the court orders otherwise—these are the deadlines for Rule 26 disclosures:

    a. Rule 26(a)(1) initial disclosures: 14 days after the Rule 26(f) conference;

    b. Rule 26(a)(2) disclosures: the deadline Rule 26(a)(2)(D) imposes;

    c. Rule 26(a)(3) disclosures: the deadline set in an order for pretrial conference (to be entered later) or, if no such order is entered, the deadline set out in Rule 26(a)(3)(B).

7. The parties may begin discovery after their Rule 26(f) conference. Defendants have indicated they will move to stay discovery. If they do so before June 1, discovery will be stayed automatically until the motion is resolved.

8. Unless otherwise ordered after review of the parties' Rule 26(f) report, the deadline to complete discovery will be November 4, 2022, and the trial will be during the two-week period that begins on February 13, 2023. The parties may seek earlier dates, but they should not seek later dates unless they detail in their Rule 26(f) report good cause for a more extended schedule.

9. Any party with a conflict for the trial date must file a notice within ten days from the date of this order.

10. Discovery materials and Rule 26(a)(1) and (2) disclosures must be served but must not be filed, except as required by Local Rule 26.1(A).

11. Motions to compel discovery may be filed no later than 30 days before the close of discovery. (The court will entertain a motion after this deadline only if the movant shows reasonable diligence during the discovery period and the dispute in question arose during the last 30 days of discovery.)

12. Any motion to compel discovery must include a certificate of conference, detailing efforts to resolve the issue without court involvement. No motion to compel discovery (or response to any such motion) may exceed seven pages without leave of court.

13. The deadline for any summary judgment or dispositive motion is 21 days after the end of discovery. Local Rule 56.1 applies to summary judgment motions. In addition, parties must follow these procedures for all summary judgment motions:

    a. Parties must first file a notice listing exhibits to be filed in support of (or in opposition to) summary judgment. The exhibits themselves must be filed as attachments to the notice. (Exhibits that cannot be filed on CM/ECF (*e.g.*, video files) may be submitted to the clerk.)

    b. The filing party must then file the summary judgment motion (or response) citing to the ECF number for each referenced exhibit, along with the pertinent page number.

    c. Any deposition transcript filed must be filed in text searchable form.

14. No later than 14 days after entry of this order, each nongovernmental corporate party must file a disclosure statement as required by Rule 7.1.

15. The motion to delay the Rule 26(f) conference deadline (ECF No. 37) is DENIED as moot. The motion for a litigation schedule (ECF No. 36) is GRANTED in part as set out above.

SO ORDERED on May 13, 2022.

                          s/ *Allen Winsor*
                          United States District Judge