IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**EQUALITY FLORIDA, et al.,**

    **Plaintiffs,**

v.   Case No. 4:22-cv-134-AW-MJF

**RONALD DESANTIS, et al.,**

    **Defendants.**

_____/

## ORDER DENYING MOTION TO INTERVENE

Scott Huminski has filed a pro se motion to intervene, ECF No. 17, which this order denies.

Huminski has not shown he is entitled to intervention as of right because he has shown no "direct, substantial, legally protectable interest in the proceeding." *Chiles v. Thornburgh*, 865 F.2d 1197, 1213 (11th Cir. 1989) (cleaned up). He does not seek to challenge the law Plaintiffs challenge; he seeks only to address unrelated complaints about what he views as the State's unfair treatment of him, including through his criminal cases.

Huminski has not shown any basis for permissive intervention either. He has not shown that his claim "and the main action have a question of law or fact in common." *Id.* And even if the court had discretion to allow his intervention, I would not do so. A pro se plaintiff's assertion of unrelated claims would only complicate

1

and delay this proceeding. Huminski's motion for a temporary restraining order against the State of Florida (a nonparty) only illustrates this point.

The motion to intervene (ECF No. 17) is DENIED. The motion for a Temporary Restraining Order, ECF No. 17-1, and the "Clarification of a Motion for Temporary Restraining Order," ECF No. 21, are STRICKEN as improperly filed.

SO ORDERED on May 23, 2022.

                                        s/ *Allen Winsor*
                                        United States District Judge