# United States District Court
# Northern District of Florida

EQUALITY FLORIDA, ET AL,    )           Number: 4:22-cv-00134-AW-MJF

    PLAINTIFFS,    )

            v.    )

RONALD DESANTIS, ET AL,    )

    DEFENDANTS.    )

## Verified Motion For Reconsideration and Motion For ADA Accommodations and
## Verified Motion to Compel the Clerk to file and docket docket the filings received by the Court on 5/24/2022 to complete the record on appeal and support reconsideration/intervention and
## Verified Motion for Recusal of Presiding Judge and
## Verified Motion for Order to Show Cause

NOW COMES, Scott Huminski ("Huminski"), and under oath, swears, deposes, states and moves as above and moves that the Court reconsider its intervention ruling of 5/23/2022, recuse, grant ADA accommodations and Compel the clerk to file papers in its possession and issue an order to show cause as to why State actors should not be held in contempt of the United States Courts for the following reasons:

The Court's opinion was prior to this Court's receipt of 3 filings that arrived at the Court on 5/24/2022, but were authored and served upon the parties on or before 5/13/2022. The order denying intervention wasn't mailed or served upon Huminski. Thus, the record on appeal will not be complete nor the decision-making process of this Court absent judicial review of ALL papers and pleadings prior to ruling. Attached hereto as Exhibit "A" are true and correct proof of copying and proof of shipping of papers that were in transit (4 court filings) at the time the order denying intervention was authored/issued.



1

1. This Court has adopted a procedure that discriminates against disabled indigent litigants that rely solely upon Social Security Disability for income by forcing the disabled indigent to:

   *Travel to copy shops to print out copies and pay 20 cents per page

   *Travel to shipping locations and pay for shipping/mailing services

   *Both are activities a well-monied law firm can accomplish with a mouse click

   *The disabled indigent have difficultly traveling and paying massive costs and fees for copies and shipping because of their disabilities and indigent status and should at least be on a level playing field as litigants such as Florida with the State treasury available to fund litigation.

   *This discrimination allows the Court to expeditiously rule absent papers filed by the indigent disabled as they travel to printing companies, they are shipped back to the disabled and have to finally be shipped to the court.  This case demonstrates a highly prejudicial course of conduct targeting disabled indigents that has no place in a court that wishes to obey and adopt the ADA.


2. Huminski has been determined fully disabled by the Social Security Administration for over 10 years and his sole source of income is Social Security Disability.

3. Courthouse staff, not a judicial authority, rejected 4 papers filed by Huminski in this matter which he intended as support for intervention and is required for the record on appeal in this matter. Low level court employees can not summarily deny the filing of papers pursuant to Due process.  Attached hereto as Exhibit "B" are the Notice(s) of Filing as filed in the State Courts which does not discriminate against the disabled as this Court does, at least with regard to filing papers. Attached hereto as Exhibit "B" are true and correct copies of the first two pages of these documents.  Attached hereto as Exhibit "C" is the service list for copies of the filings rejected by the Court that were also filed in State court as a backup.  All parties have been served.  Attached hereto as Exhibit "D" is a true and correct copy of the one page sent by the court announcing the refusal to file the documents received by the Court on 5/24/2022.

4. Huminski has not received and wasn't served the order denying intervention, the Court can refer to its mailing machine/software to verify this.

5. Ironically, all parties possess the rejected pleadings including Huminski and the State Courts have the papers ... the U.S.D.C. is the only party that has the papers, but, refuses to file and docket them that are supportive of intervention.

6.  Exhibit "D" is a true and correct copy of the clerk's rejection letter concerning the filing of the 4 Court papers filed by Huminski and received by the Court on 5/24/2022. The postage on the envelope is $.53 and only 1 page was included in the envelope from the court. These papers, in possession of the Court, should be filed prior to ruling on this paper and certainly prior to appeal to provide a complete record on appeal. Huminski has not received any returned documents back from the Court and can not timely regenerate the papers which are produced in New York State, shipped to Huminski and then shipped to the Court. Court deadlines do not allow time to re-produce the documents that are in possession of the Court that the Court refuses to file. A *per se* ADA violation.

7.  The Clerk of the Court has refused to file the papers that were in transit to the Court when the Court denied intervention and true and correct first two pages from each motion and a notice of filing of the motions in State Court are attached hereto in Exhibit "B".

8.  Huminski asserted identical claims related to the plaintiffs' issues concerning censorship and content-based discrimination against speech although the State of Florida has taken a more extreme approach by banishing Huminski from communication with the entire State government for perpetuity where Huminski resides and is a citizen. Florida's version of sending a political dissident to a gulag in Siberia. The content based discrimination concerning Huminski's speech is dissent and core protected political expression critical of government for which Huminski has a long record as a citizen-reporter. See generally Huminski v. Corsones, 396 F.3d 53 (2nd Cir. 2005)

9.  Huminski's papers in this matter, consistent with the pleadings of the Plaintiff, asserts that the State of Florida conducts itself with a complete disdain and revulsion for the First Amendment most notably memorialized in the Statements of Judge Krier on 6/29/2017 in Huminski v. Town of Gilbert, et al., 17-CA-421, Florida 20th Circuit court, setting forth her willingness to reject the authority, integrity, dignity, powers and jurisdiction of the federal courts by plowing ahead in a State case that had been removed to the U.S.D.C. three days earlier on 6/26/2017, Huminski v. Town of Gilbert, et al., 9-17-ap-00509-FMD (Middle District of Florida, Bankruptcy Unit) to ban any and all speech by Huminski with the entire State of Florida's government and local law enforcement (including reporting of crime) as truly and correctly excerpted as follows (the Court is in possession of the hardcopy that has yet to be filed):

22       Are they gonna assign another case number to

23       this case?  I don't know how they're gonna do

24       that.

25           MR. KUNASEK:  My experience with orders to

6

1       show cause in DR court, Your Honor, has led me to

2       believe that that normally does not happen.

3       We'll just stay under this case number.

4           MR. SARLO:  The case number that's on the

5       order is a civil case number.

6           THE COURT:  Right because that's the only

7       case number I have.

8      MR. SARLO:  The clerk very well may ask us --

9      THE COURT:  I know in Collier County, because

10  I've done a couple of these proceedings in

11  Collier, they do open a new file.  So, if you

12  want that to happen, I would think that

13  somebody's gotta ask -- ask the Clerk to do that.

14      Okay.  So, let's see.  Middle of August is

15  okay for everybody?

16      MR. KUNASEK:  Yes, Your Honor.

17      THE DEFENDANT:  No.

18      THE COURT:  Could we do it at --

19      THE DEFENDANT:  This case has been removed to

20  bankruptcy court, so I'm not good with that.

21      THE COURT:  Pardon me?

22      THE DEFENDANT:  This case has been removed to

23  bankruptcy court --

24      THE COURT:  This case hasn't been removed to

25  any place, Mr. Huminski.

7

1      THE DEFENDANT:  Under bankruptcy rule 9027 --

2      THE COURT:  Mr. Huminski, A, you're not a

3  lawyer and, B, this case doesn't get removed to

4  bankruptcy court.  That's not how the law works.

5  Okay.  You need to --

23          THE COURT:  Yeah, 17-CA-421.

24          And, also, Madame Clerk, would you please

25     check with the clerk's office because, again, in

---

eFiled Lee County Clerk of Courts Page 22                    Page

---

23

1      Collier, they give -- they set up a new file.

2      It's a little bit difficult to have a civil -- a

3      criminal proceeding in a civil case.  So, if you

4      could check with somebody about that, maybe we

5      can get that straightened out, too.

6          THE DEFENDANT:  Your Honor, I'd like

7    permission to forward the rules of the bankruptcy

8    court to my attorney, so he can forward them to

9    you concerning the removal.

10    THE COURT:  I'm not a bankruptcy court judge,

11    so if your attorney thinks that that should be

12    done in this case, well, I'm certain he can --

13    THE DEFENDANT:  It's a federal court, so it

14    has jurisdiction everywhere.

15    THE COURT:  Again, sir, this is not a

16    bankruptcy court.  You can forward them to your

17    attorney and your attorney can decide whether or

18    not to forward them to me.

&lt;break in text&gt;

2      THE COURT:  Well, you need to have an

3   attorney representing you throughout these

4   proceedings.  You don't understand the law, Mr.

5   Huminski, and an attorney does and you seriously

6   need that kind of assistance.  They go to school

7   for it.  They go to school for three years for

8   it, then they -- then they, you know, watch other

9   attorneys do their job in training for their job

10   and they have -- and they've had practice in

11   doing their job.  You haven't had any of that.

12   And these are serious charges.  You could be in

13   jail for it.  So, you need to make sure that --

14   that --

15      THE DEFENDANT:  One further question, to get

16   it on the record.  You will not respect the

17   removal to United States bankruptcy court?

d

18   THE COURT:  It's not -- again, evidence that
19   you do not understand the law.  It's not removed
20   to bankruptcy court.  You can file bankruptcy, it
21   has nothing to do with a criminal proceeding.
22   THE DEFENDANT:  Rule 9027 allows removal of
23   any state proceeding to bankruptcy court.
24   THE COURT:  It's not removed to bankruptcy
25   court, okay?  I might stay a civil proceeding, so

---

eFiled Lee County Clerk of Courts Page 17                                    Page

---

18

1   such that we couldn't proceed with a judgement
2   against you, but you're the plaintiff in this
3   case, Mr. Huminski.  You filed this action.
4   THE DEFENDANT:  And I can remove it.

5          THE COURT:  You can't remove it.  It doesn't

6     work that way.  You don't understand.  You are

7     not in a law -- you are not a lawyer and you are

8     misstating the law.

9          THE DEFENDANT:  What does bankruptcy rule

10    9027 allow you to do?  It's about removal.

11         THE COURT:  It does -- it's not removed to

12    bankruptcy court and this, today, is a criminal

13    proceeding.  Criminal proceedings are definitely

14    not removed to bankruptcy court.  There is

15    nothing that is -- that a bankruptcy court is

16    going to do that is going to stop this criminal

17    proceeding from --

18         THE DEFENDANT:  It got removed on Monday,

19    prior to today.

20         THE COURT:  Okay.  It's not removed.  There's

.

18      THE DEFENDANT:  It got removed on Monday,

19   prior to today.

20      THE COURT:  Okay.  It's not removed.  There's

21   no removal.

22      THE DEFENDANT:  That's not what the federal

23   law says.

24      THE COURT:  Well, I think you're

25   misinterpreting the federal law.  Bankruptcy

---

eFiled Lee County Clerk of Courts Page 18                          Page 2

---

19

1   court can stay a civil proceeding, meaning it can

2   stop the proceedings from going forward, but it's

3   not removed to bankruptcy court.

4      THE DEFENDANT:  It can remove a proceeding

5   and it's called an adversary proceeding and it's

6   a very common in bankruptcy court.

7      THE COURT:  Okay.  Mr. Huminski -- Mr.

8   Huminski, you don't understand the law.  Get an

9   attorney.  I asked you to get an attorney

10   previously.  I strongly recommended it.  You

11   need an attorney.  So --

&lt;break in text&gt;

.

11

2      MR. SARLO:  No, Your Honor.  We'll just put

3      on the record that he enters a plea of not

4      guilty.  He reserves his fifth and sixth

5      amendment right to (unintelligible) jury trial,

6      if that's the way that the State decides to go.

7          THE DEFENDANT:  I'm gonna object to

8      jurisdiction in this court.

9          MR. SARLO:  You've made that objection.

<obviously the public defender (on a *sui generis* common law case!) should have objected to jurisdiction and moved to dismiss for lack of any and all jurisdiction – it was removed to federal court, and the government doesn't barge into a civil case with a contempt allegation as plaintiff>

10. A true and correct copy of an email sent to all parties/attorneys of record in this case is attached hereto as Exhibit "E" that contains some content from the previous paragraph and much more.  Noteworthy that more than a dozen Florida Assistant Attorney Generals were recipients of Exhibit "E" who likely are laughing concerning the ability of the State of Florida to disrespect the integrity, dignity, jurisdiction, powers and authority of the federal courts and this Courts refusal to allow intervention making the federal courts a laughing stock compared to the strict adherence of other States to respect the powers and authority of the federal courts.  In Florida, in the eyes of the Florida Courts and now the Florida Attorney General's office, the federal courts are a joke to be ignored and treated as circus clowns to be ridiculed and disobeyed at every opportunity.  There is no other explanation why a State judge, a State prosecutor and a State Public Defender going along with continuing a State case after it had been removed to federal court.  They all should be held in criminal contempt of the District Court.

11. Below is a true and correct PACER listing of Huminski v. Town of Gilbert, et al, as removed to federal court on 6/26/2022, yet the 20th Circuit held a hearing described as an "arraignment" in Huminski v. Town of Gilbert, et al. (the removed State case contained a *sui generis* common law issue-contempt) in the complete absence of any and all jurisdiction to pursue the agenda of the State of Florida which was to silence all

communication with the State of Florida government, for life, which the State succeeded in securing in the absence of any and all jurisdiction at final judgment,

| Name | Case No. | Case Title | Chapter / Lead BK case | Date Filed | Party Role | Date Closed |
|------|----------|-----------|------------------------|-----------|-----------|-------------|
| Huminski, Scott Alan (pty) (2 cases) | 2:17-ap-00509-FMD | Huminski v. Town of Gilbert, AZ et al | Lead BK: 2:17-bk-03658-FMD Scott Alan Huminski | 06/26/17 | Plaintiff | 08/24/17 |
| | 2:17-bk-03658-FMD | Scott Alan Huminski | 7 | 04/28/17 | Debtor | 08/24/17 |

CM/ECF   Query   Reports ▾   Utilities ▾   Help   Log Out

**U.S. Bankruptcy Court**
**Middle District of Florida (Ft. Myers)**
**Adversary Proceeding #: 2:17-ap-00509-FMD**

Assigned to: Chief Judge Caryl E. Delano
Lead BK Case: 17-03658
Lead BK Title: Scott Alan Huminski
Lead BK Chapter: 7
Show Associated Cases

Demand:

Nature[s] of Suit:  01 Determination of removed claim or cause

Date Filed: 06/26/17
Date Terminated: 08/24/17
Date Removed From State: 06/26/17

12. True and correct audio from the above-described and transcribed hearing is available at https://soundcloud.com/nelsonaudio/2017-07-23-183640-mp3

13. This Court failed to adequately address the authorities cited in Huminski's Motion to Intervene and has failed to realize that the disdain and disrespect of the First Amendment that controls the behavior of the State of Florida in both Plaintiff's and Huminski's set of facts and is only surpassed by the disdain and disrespect of the State of Florida for the dignity, integrity, powers, authority and jurisdiction of the federal courts residing in Florida by plowing ahead in a State case after removal.

14. This Court ruled prior to receipt of all papers filed in the case by Huminski, notably 4 papers that were in transit.   Attached hereto as Exhibit "A" are true and correct copies of proof of copying at Best Value Copying in New York, Proof of shipping via UPS of papers for filing and a scan of this Court's envelope with the postmark that transmitted the refusal to file and docket.  The UPS shipment tracking for Best Value Copying to Huminski was 1Z14636X0391822342.

15. Huminski will immediately appeal this Court's decision to the 11th Circuit Court of Appeals in Atlanta upon denial of this Reconsideration Motion or refusal of the clerk to docket this paper.

16. None of the parties served, which includes all Plaintiffs and all Defendants opposed intervention and, likely, will remain silent with regard to this motion because Huminski's

intervention is proper.  Only a *sua sponte* denial of intervention would succeed in this matter because no party opposed intervention, nor, honesty, could they have properly opposed intervention given the fact and authorities cited in the intervention paper.

17. A one word order such as "Denied" would have given the parties and the 11th Circuit the same logic and analysis as the instant opinion on intervention.  Huminski will proceed with an interlocutory appeal after the forthcoming denial of reconsideration.

18. The refusal of this Court to serve the indigent disabled electronically places this class of persons at a disadvantage to all other attorneys who have appeared in this matter and Huminski still awaits a served copy of the order.

19. Disabled indigent litigants should not be given an advantage over the parties to this litigation, they merely should be treated equally as mandated by the ADA and not forced to incur costs, fees, travel, hardships and prejudice that other litigants do not have to endure.

20. The *sua sponte* ruling without notice deprived the parties and Huminski the notice required under Due Process to respond to the arguments posed by the Court and to create a record for appeal.  A show cause order should have issued pursuant to Due Process.  As it stands now only the relevant filings of Huminski (sans the papers the clerk refused to file) will be part of the record on appeal in the Eleventh Circuit and the few vague sentences from the Court's order absent analysis or on-point citation of authority.  At least this motion to reconsider will allow the parties to set forth their view of the intervention to be heard on appeal.   All parties should be allowed to respond to this motion to put into the record what they believe to be relevant to the intervention issue pursuant to Due Process and to create a record for appeal aside from the sparse order which doesn't mention *stare decisis* concerning First Amendment concerns which was a central issued proffered by Huminski.

21. The Court incorrectly stated that Huminski intervention was grounded upon State criminal cases.  Huminski recounted, contrary to the Court's characterization, that the State converted a *sui generis* common law offense, contempt, to a statutory misdemeanor to banish Huminski from all communication with the entire State government for life when ancient law and authority in federal law and State legal authority classifies contempt as a *sui generis* common law offense.  The reason for the illegitimate conversion to a statutory crime (absent a statute) was to ban Huminski's core protected political expression as a condition of release and to ultimately banish Huminski from communication with the entire government of Florida for life which was achieved in the

14

State contempt prosecution absent any and all jurisdiction and commenced when the matter had been removed to federal court. This Court should reject drinking the sham/fraud Kool-Aid of State actors detailed in the above transcript excerpts and attached hereto.

22. Another motivation of the State of Florida was to silence Huminski by evading the jurisdiction of the U.S. District Court (Bankruptcy Unit, Middle District of Florida, Chief Judge Caryl Delano presiding) that had exclusive jurisdiction over the *sui generis* contempt claims as a result of federal removal. Three days after removal, the State of Florida continued the contempt case containing the same contempt allegations as the case before the Bankruptcy Court. Attached hereto are google results for the search in Florida Courts regarding "contempt sui generis" attached hereto as Exhibit "F". The Florida courts themselves characterize contempt as *sui generis* in nature, neither a statutory misdemeanor nor felony – not a crime. Exhibit "F" reveals that the State of Florida doesn't and can not inject itself into contempt arising in a civil matter as a Plaintiff. None of the cases in Exhibit "F" list the State of Florida as a plaintiff which is absolutely consistent with the Rule of Law in Florida and the United States. <u>State v. Huminski</u> concerning the alleged contempt in <u>Huminski v. Town of Gilbert</u> is a fraudulent fiction achieved with a forgery of a County Court order by prosecutor Anthony Kunasek who committed suicide 30 days after Huminski's initial filings in this matter.

23. An interlocutory appeal regarding denial of intervention will be a waste of the parties and Huminski's and the 11th Circuit time and resources which can be remedied now by the Court simply filing and docketing the papers received by the Court on 5/24/2022 that Huminski has relied upon in the intervention and which he will rely upon on appeal. An appeal with a deliberately deficient record on appeal caused by courthouse staff will not further the interests of justice.

24. Huminski will file a motion for summary remand in the 11th Circuit with instructions to this Court to file court papers properly submitted to the Court if non-judicial staff is successful in intercepting and rejecting filings.

25. Noteworthy, is the State Courts filing of all documents this Court refuses to file which are at State Court websites located at,

https://edca.3dca.flcourts.org/DcaDocs/2021/1920/2021-1920_Notice_245631_DK15A202D20Notice20of20Filing.pdf

https://edca.3dca.flcourts.org/DcaDocs/2021/1920/2021-1920_Notice_245331_DK15A202D20Notice20of20Filing.pdf

https://edca.3dca.flcourts.org/DcaDocs/2021/1920/2021-
1920_Notice_245273_DK15A202D20Notice20of20Filing.pdf

https://edca.3dca.flcourts.org/DcaDocs/2021/1920/2021-
1920_Notice_245144_DK15A202D20Notice20of20Filing.pdf

The clerks interception and refusal to file instead of orderly compliance with Due Process and the ADA as the State Courts have done above related to redress of grievances is an improper discrimination against the disabled indigent and a First Amendment deprivation. This Court can learn from the State Courts as to treatment under the ADA of disabled indigent litigants with respect to treating the disabled equally to able-bodied well-funded attorneys.

26. Although Huminski has not received the Court's intervention order as of the date of this writing, he heard that the Court mentioned his listing the State in a temporary restraining order which he intended to clarify once additional defendants where added in the forthcoming Amended Complaint that is being drafted by the Plaintiffs and Governor DeSantis will be at least one subject of the TRO when Huminski clarifies it.

27. This Court should recuse because it does not have sufficient knowledge of contempt as a *sui generis* common law offense under both Federal and State authority, thus, upon considering reconsideration or upon remand this Court will be unable to understand the issues in this case. This is evident from the Court's characterization of Huminski's *sui generis* common law cases as "criminal" in nature similar to a very misinformed jurist's quotes above and in the clerk-rejected papers. No Florida case exists whereby contempt in a civil case designated "CA" has ever been prosecuted in a State Court as a criminal case with the State injecting themselves as a plaintiff in a case such as Huminski v. Town of Gilbert, et al., 17-CA-421, Fl. 20th Circuit Court.

28. Huminski is not in possession of the aforementioned court-rejected papers nor the order denying intervention. He does possess the one page refusal to file letter from the Court. The Court is in possession of all Huminski's papers intended for filing and he was never served the order regarding intervention.


**<u>Prayer for Relief</u>**


16

**WHEREFORE**, the Court should reconsider denial of intervention and grant the disabled

indigent litigants the same methods of communication with the Court that licensed attorneys

enjoy, such as;

1. Cost free and travel free filing of court documents with a click of a mouse that would
   have prevented the instant decision of this Court that was rendered without documents
   that were authored and served 10 days prior to the instant ruling which, after lengthy
   copying and shipping, arrived at the Court on 5/24/2022.  The disparity between the
   Court's treatment of the disabled indigent and licensed attorneys, prejudicing the disabled
   indigent, violates the Americans with Disabilities Act and embodies First Amendment
   concerns concerning access to the Courts.  The Court and parties should also serve
   disabled indigents electronically pursuant to the ADA.  Attached hereto as Exhibit "A"
   are true and correct copies of proof of copying at Best Value Copying in New York,
   Proof of shipping via UPS of papers for filing and a scan of this Courts envelope with the
   postmark containing the 1 page notice of rejection of filings.

   And the Court should compel the clerk to file the papers Huminski sent to the court for

filing that remain at the court and are not filed or docketed and are necessary to opine on

intervention and for the forthcoming appeal to the Eleventh Circuit.  The Court also should

recuse because of inadequate knowledge of contempt, that presents prominently in Huminski's

claims, and its classification as a *sui generis* common law offense neither a felony nor a

misdemeanor under both Federal and Florida authority.  This lack of judicial knowledge

concerning contempt will prejudice Huminski in this proceeding and in potential remand.

Pursuant to the ADA this Court should also file the papers set forth in the State Courts

which are identical to the papers that this Court refuses to file.  See content at above links.

This Court should also issue an order to show cause as to why State actors should not be

held in civil and/or criminal contempt of the United States Courts for continuing State litigation

after the matter had been removed to the federal courts and securing a judgment forbidding

Huminski's communication with the State of Florida government for life.  A perpetual First

Amendment restriction equivalent to the Plaintiffs' claims in the instant matter. 18 USC 241, 242

Sworn and Subscribed to before me on this  28ᵗʰ  day of May, 2022 in Flagler Court, Florida.



**KYLE RASMUSSEN**
Notary Public
State of Florida
Comm# HH260959
Expires 5/4/2026

_Kyle Rasmussen_

Notary

Exp. 05/04/2026

Dated at Palm Coast, Florida this 28ᵗʰ day of May, 2022.

Scott Huminski, pro se
P.O. Box 353820
Palm Coast, FL  32135
(239) 300-6656
S_Huminski@live.com

<u>Certificate of Service</u>

Copies of this document and any attachment(s) was served upon the parties via the U.S. Mails and/or email and/or the e-filing system in this case.

Dated this 28
ᵗʰ day of May, 2022.
-/s/- Scott Huminski

Scott Huminski

<attachments>

18

Exhibit "A"



scott huminski.

Thank you for your order from Best Value Copy. You can check the status of your order by logging into your account. If you have questions about your order, you can email us at customerservice@bestvaluecopy.com or call us at 1-888-307-4570.

Your shipping confirmation is below. Thank you again for your business.

# Your Shipment #000037332 for Order #000047273

**Shipped By**                    **Tracking Number**

UPS:                              1Z14636X0391822342



## Your package has been delivered.

**Delivery Date:**   Tuesday, 05/24/2022
**Delivery Time:**   12:03 PM

At the request of Anonymous, this notice is to confirm that the following shipment has been delivered.

**Shipment Details**

| | |
|---|---|
| **Tracking Number:** | 1Z013X530301546454 |
| **Ship To:** | TALLAHASSEE, FL 32301 US |
| **UPS Service:** | UPS GROUND |
| **Number of Packages:** | 1 |
| **Weight:** | 25.7 LBS |

You have mail and packages arriving soon.          5/27/2022



# COMING TO YOUR MAILBOX SOON.



**View all mail on dashboard**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
OFFICE OF THE CLERK
111 NORTH ADAMS STREET, SUITE 322
TALLAHASSEE, FLORIDA 32301-7717

OFFICIAL BUSINESS

TALLAHASSEE FL 323

25 MAY 2022PM 2 L



$0.53 0
US POSTAGE
FIRST-CLASS
0625001156 32201

Scott Huminski
Post Office Box 353820
Palm Coast, Florida 32135
Return of Documents

32135-382020



Shipment Receipt:  Page #1 of 1
THIS IS NOT A SHIPPING LABEL. PLEASE SAVE FOR YOUR RECORDS.

SHIP DATE:
MON 23 MAY 2022

EXPECTED DELIVERY DATE:
TUES 24 MAY 2022 EOD
SHIP FROM:
SCOTT HUNINSKI
P O. BOX 353820
PALM COAST  FL 32135
(239) 300-0055

SHIP TO:
U.S. DISTRICT COURT
111 N ADAMS ST
TALLAHASSEE FL 32301-7736
BUSINESS

SHIPPED THROUGH:
UPS CUSTOMER COUNTER
JACKSONVILLE.FL 32257

SHIPMENT INFORMATION:
UPS GROUND COMMERCIAL
25.85 lb actual wt
26.008 lb billable wt
DIMS: 9.00X9.00X9.00 IN

TRACKING NUMBER: 1Z013N530301546454
SHIPMENT ID: MAHTZHHONTGAC
SHIP REF 1: - -
SHIP REF 2: - -

DESCRIPTION OF GOODS:
Document Paper

SHIPMENT CHARGES:
GROUND COMMERCIAL            22.25
SERVICE OPTIONS               0.00

TOTAL                       $22.25

COMPLETE ONLINE SHIPMENT TRACKING INFO:
ENTER THE FOLLOWING ADDRESS IN YOUR WEB BROWSER TO VIEW TRACKING INFO:
HTTP://WWWAPPS.UPS.COM/1ETRACKING/TRACKING.CGI?TRACKNUM=1Z013N530301546454

QUESTIONS ABOUT YOUR SHIPMENT?
CALL THE CARRIER AT: 1-800-PICK-UPS (1-800-742-5877)
OR CONTACT SHIPPED THROUGH FACILITY LIST.

SHIPMENTID: MAHTZHHONTGAC

UPS

Powered by iShip?

Sale

416662
UPS SE STORE 628
943 E FLORIDA BLMING HMD
JACKSONVILLE, FL 32257
800-742-5877

Term ID: 001                Ref #: 001

AMEX                 Entry Method: Chip
XXXXXXXXXXXX2000
05/23/22                         08:27:59
Inv #: 000001  Appr Code: 875970
Batch#: 143001

Total:                    $      22.25

AMERICAN EXPRESS
AID: A000000025010801
TSI: F800
TVR: 0000000000

Customer Copy
Thank you!

# Exhibit "B"

Filing # 149219632 E-Filed 05/09/2022 03:14:39 PM

In The

# Third District Court of Appeal

RECEIVED, 05/09/2022 03:15:23 PM, Clerk, Third District Court of Appeal

| | | |
|---|---|---|
| SCOTT HUMINSKI, | ) | Number: 3d21-1920 |
| APPELLANT , | ) | |
| v. | ) | |
| STATE OF FLORIDA, ET AL, | ) | |
| APPELLEES. | ) | |

### Notice of filing

NOW COMES, Appellant Scott Huminski ("Huminski"), and notices of filing of the documents attached hereto in Equality Florida, Et al. v. Desantis, Et al., 4:22-cv-00134-AW-MJF, United States District Court (Northern District of Florida).

Dated at Miami, Florida this 9th day of May, 2022.

-/S/-  Scott Huminski

_____

Scott Huminski, pro se
P.O. Box 353820
Palm Coast, FL  32135
(239) 300-6656
S_huminski@live.com

### Certificate of Service

Copies of this document and any attachment(s) was served upon the parties via the e-filing system in this case.

Dated this 9th day of May, 2022.
-/s/- Scott Huminski

_____

Scott Huminski

<attachments>

1

In The

# United States District Court
# Northern District of Florida

EQUALITY FLORIDA, ET AL,                    )          Number: 4:22-cv-00134-AW-MJF

    PLAINTIFFS,                              )

        v.                                )

RONALD DESANTIS, ET AL,                     )

    DEFENDANTS.                              )

## <u>SUGGESTION OF DEATH – ANTHONY KUNASEK, ESQ.</u>

NOW COMES, Scott Huminski ("Huminski"),   and, notices of the death of Anthony Kunasek, Esq. as follows:

Anthony Kunasek (deceased) after conducting a murder trial on Friday April 29, 2022 became informed that crimes he committed targeting the Federal and State courts were being considered for prosecution.  On April 30, 2022 Mr. Kunasek committed suicide via a gunshot wound to the head which was investigated by the F.B.I..

The crimes Mr. Kunasek was confronting are the exact same issues that Governor DeSantis and Florida Ashley Moody continue to conspire together to cover up and ensure the results of the crimes of Mr. Kunasek remained permanent against Huminski including the lifetime speech prohibition requested by Mr. Kunasek and granted creating a virtual First Amendment Free Zone concerning Huminski's core protected political expression to the State of Florida.  A claim almost identical to the set of facts of <u>Huminski v. Corsones</u>, 396 F.3d 53 (2d Cir. 2004 amended 2005).

"The Notices Against Trespass in effect prohibit indefinitely any and all expressive activity in which Huminski might want to engage in and around Rutland state courthouses. These notices are thus pervasive enough to be viewed as creating a <u>"First-Amendment-Free Zone"</u> for Huminski alone in and around the Rutland courts. The defendants' singling out of Huminski for exclusion, thereby permitting all others to engage in similar activity in and around the courts, suggests to us that the trespass notices are not reasonable. Such broad restrictions are generally frowned upon even in nonpublic forums. Cf. Bd. of Airport Comm'rs v. Jews for Jesus, Inc., 482 U.S. 569, 575, 107 S.Ct. 2568, 96 L.Ed.2d 500 (1987) ("We think it obvious that ... a ban [on First Amendment activities at an airport] cannot be justified even

1

Filing # 149474426 E-Filed 05/12/2022 01:49:06 PM

In The

# Third District Court of Appeal

| | | |
|---|---|---|
| SCOTT HUMINSKI, | ) | Number: 3d21-1920 |
| APPELLANT , | ) | |
| v. | ) | |
| STATE OF FLORIDA, ET AL, | ) | |
| APPELLEES. | ) | |

### Notice of filing

NOW COMES, Appellant Scott Huminski ("Huminski"), and notices of filing of the documents attached hereto in <u>Equality Florida, Et al. v. Desantis, Et al</u>., 4:22-cv-00134-AW-MJF, United States District Court (Northern District of Florida).

Dated at Miami, Florida this 12th day of May, 2022.

-/S/- Scott Huminski

_____

Scott Huminski, pro se
P.O. Box 353820
Palm Coast, FL  32135
(239) 300-6656
S_huminski@live.com

### Certificate of Service

Copies of this document and any attachment(s) was served upon the parties via the e-filing system in this case.

Dated this 12th day of May, 2022.

-/s/- Scott Huminski

_____

Scott Huminski

1

RECEIVED, 05/12/2022 01:49:23 PM, Clerk, Third District Court of Appeal

In The

# United States District Court
# Northern District of Florida

| | | |
|---|---|---|
| Equality Florida, Et Al, | ) | Number: 4:22-cv-00134-AW-MJF |
| Plaintiffs, | ) | |
| v. | ) | |
| Ronald Desantis, Et Al, | ) | |
| Defendants. | ) | |

## NOTICE OF CORRESPONDENCE

NOW COMES, Scott Huminski ("Huminski"),  and, notices of the below correspondence with the parties (the phrase "Criminal Division" referring to State v. Huminski, 17-mm-815, was unintentionally truncated from an image below, the parties have the full version):

**From:** scott huminski <s_huminski@live.com>
**Sent:** Thursday, May 12, 2022 1:18 PM
**To:** Christopher Sutter <Christopher.Sutter@myfloridalegal.com>; Katia Marques <Katia.Marques@myfloridalegal.com>; Martine Legagneur <Martine.Legagneur@myfloridalegal.com>; Eugene Steele <apiggg@yahoo.com>; info@lawstaff.info <info@lawstaff.info>; es@lawstaff.info <es@lawstaff.info>; Stacey Blume <stacey.blume@myfloridalegal.com>; rkaplan@kaplanhecker.com <rkaplan@kaplanhecker.com>; CStoll@nclrights.org <CStoll@nclrights.org>; liz@elizabethschwartz.com <liz@elizabethschwartz.com>; nadine@eqfl.org <nadine@eqfl.org>; geanny@eqfl.org <geanny@eqfl.org>; mark@eqfl.org <mark@eqfl.org>; nick@eqfl.org <nick@eqfl.org>; todd@eqfl.org <todd@eqfl.org>; mark@eqfl.org <mark@eqfl.org>; robin@eqfl.org <robin@eqfl.org>; robert@eqfl.org <robert@eqfl.org>; rene@eqfl.org <rene@eqfl.org>; andrew@eqfl.org <andrew@eqfl.org>; carlos@eqfl.org <carlos@eqfl.org>; don@eqfl.org <don@eqfl.org>; paul@eqfl.org <paul@eqfl.org>; stratton@eqfl.org <stratton@eqfl.org>; dan@eqfl.org <dan@eqfl.org>; david@eqfl.org <david@eqfl.org>; joe@eqfl.org <joe@eqfl.org>; brittany@eqfl.org <brittany@eqfl.org>; brandon@eqfl.org <brandon@eqfl.org>; michael@eqfl.org <michael@eqfl.org>; nikole@eqfl.org <nikole@eqfl.org>; jon@eqfl.org <jon@eqfl.org>; wesley@eqfl.org <wesley@eqfl.org>; yordanos@eqfl.org <yordanos@eqfl.org>; salvatore@eqfl.org <salvatore@eqfl.org>; benjamin@eqfl.org <benjamin@eqfl.org>; mary@eqfl.org <mary@eqfl.org>; de@eqfl.org <de@eqfl.org>; ian@eqfl.org <ian@eqfl.org>; Joel Valez-Stokes <joel.valez-stokes@browardpalmbeach.com>; jason.parsley@sfgn.com <jason.parsley@sfgn.com>; justin.wyse@sfgn.com <justin.wyse@sfgn.com>; lbrown@washblade.com <lbrown@washblade.com>; srutgers@washblade.com <srutgers@washblade.com>; bpitts@washblade.com <bpitts@washblade.com>; jhickling@washblade.com <jhickling@washblade.com>; prockstroh@washblade.com <prockstroh@washblade.com>; tmasters@losangelesblade.com <tmasters@losangelesblade.com>; swong@losangelesblade.com <swong@losangelesblade.com>; Scott Wazlowski

2

Filing # 149581361 E-Filed 05/13/2022 04:25:18 PM

In The

# Third District Court of Appeal

RECEIVED, 05/13/2022 04:30:25 PM, Clerk, Third District Court of Appeal

| | | |
|---|---|---|
| SCOTT HUMINSKI, | ) | Number: 3d21-1920 |
| APPELLANT , | ) | |
| V. | ) | |
| STATE OF FLORIDA, ET AL, | ) | |
| APPELLEES. | ) | |

### Notice of filing

NOW COMES, Appellant Scott Huminski ("Huminski"), and notices of filing of the documents attached hereto in <u>Equality Florida, Et al. v. Desantis, Et al</u>., 4:22-cv-00134-AW-MJF, United States District Court (Northern District of Florida).


Dated at Miami, Florida this 13th day of May, 2022.

-/S/- Scott Huminski

_____

Scott Huminski, pro se
P.O. Box 353820
Palm Coast, FL  32135
(239) 300-6656
S_huminski@live.com

### Certificate of Service

Copies of this document and any attachment(s) was served upon the parties via the e-filing system in this case.

Dated this 13th day of May, 2022.

-/s/- Scott Huminski

_____

Scott Huminski


<attachments>


1

In The

# United States District Court
# Northern District of Florida

EQUALITY FLORIDA, ET AL,                    )          Number: 4:22-cv-00134-AW-MJF

PLAINTIFFS,                    )

v.                    )

RONALD DESANTIS, ET AL,                    )

DEFENDANTS.                    )

## Motion to Take Judicial Notice

NOW COMES, Scott Huminski ("Huminski"),  and moves that the Court take judicial notice pusaunt to FED. R. EVID. 201 of the record on appeal Huminski v. State, 2D19-1914 (Fl. Second District Court of Appeal, 2019) attached hereto as Exhibit "A" concerning contempt allegedly occurring in the 20th Circuit Court whereby the 20th Circuit attempted to hijack the appeal by hearing the appeal of a contempt case involving the 20th Circuit by the 20th Circuit, but, the hijacking was thwarted by the 2nd District Court of Appeal who properly asserted jurisdiction after the 20th Circuit immediately dismissed the appeal with one sentence.  For obvious reasons the 20th Circuit wanted to bury the issues that Huminski has proffered in the instant matter. Courthouse crime is very embarrassing and requires a cover-up.

Initially, this scenario presents the bizarre scenario that contempt allegedly occurs in the 20th Circuit Court and then the 20th Circuit became the appellate Court with it being the alleged victim of the contempt.  How this 20th Circuit Contempt wiggled its way into a Court of inferior jurisdiction, Lee Court Court, State v. Huminski, 17-mm-815 was via forgery of court orders by prosecutor Anthony Kunasek and others which Huminski has already discussed extensively in previous papers filed in this matter.  Mr. Kunasek took his life 30 days after his forgery and other conduct became a documented issue in the instant matter.

The record on appeal supports Huminski's contention that a custom, policy, practice and procedure exists through the entire State government of the State of Florida not only has an utter disdain for federal law especially the First Amendment, Bill of Rights generally, Title 11, ADA, Title 18 and harbors an intense disdain and disrespect for the powers, authority, jurisdiction of the Federal Courts leading to wholesale violations of federally secured rights, immunities and protections.  State Courts simply can not tell the federal courts to pound sand.

1

Filing # 150206916 E-Filed 05/24/2022 02:21:12 PM

In The

# Third District Court of Appeal

RECEIVED, 05/24/2022 02:22:49 PM, Clerk, Third District Court of Appeal

| | | |
|---|---|---|
| SCOTT HUMINSKI, | ) | Number: 3d21-1920 |
| APPELLANT , | ) | |
| v. | ) | |
| STATE OF FLORIDA, ET AL, | ) | |
| APPELLEES. | ) | |

## Notice of filing

NOW COMES, Appellant Scott Huminski ("Huminski"), and notices of filing of the documents attached hereto in <u>Equality Florida, Et al. v. Desantis, Et al.</u>, 4:22-cv-00134-AW-MJF, United States District Court (Northern District of Florida).

Dated at Miami, Florida this 24th day of May, 2022.

-/S/- Scott Huminski

_____

Scott Huminski, pro se
P.O. Box 353820
Palm Coast, FL 32135
(239) 300-6656
S_huminski@live.com

## Certificate of Service

Copies of this document and any attachment(s) was served upon the parties via the e-filing system in this case.

Dated this 24th day of May, 2022.

-/s/- Scott Huminski

_____

Scott Huminski

&lt;attachments&gt;

1

In The

# United States District Court
# Northern District of Florida

| | | |
|---|---|---|
| EQUALITY FLORIDA, ET AL, | ) | Number: 4:22-cv-00134-AW-MJF |
| PLAINTIFFS, | ) | |
| v. | ) | |
| RONALD DESANTIS, ET AL, | ) | |
| DEFENDANTS. | ) | |

## Motion to Take Judicial Notice

NOW COMES, Scott Huminski ("Huminski"),  and moves that the Court take judicial notice  pusaunt to FED. R. EVID. 201 of the opinion entered in NetChoice, LLC v. Attorney General, State of Florida, 21-12355 (11th Cir. 2022).  Attached hereto as Exhibit "A" is a true and correct copy of the NetChoice opinion enjoining another State of Florida law violative of the First Amendment.

The NetChoice opinion supports Huminski's contention that the State of Florida operates with a completely depraved disdain for the First Amendment and will chose a course of conduct to silence speech, if the State disagrees or is uncomfortable with said speech and violate any and all provisions of federal law to accomplish its depraved corrupt notions/philosophy regarding free speech.  The willingness of Governor DeSantis and Ashley Moody, Esq. in 2021 and 2022 to engage in a course of conduct to maintain Huminski's lifetime banishment (Huminski v. DeSantis, et al., 21-CA-18435, Fl. 11th Judicial Circuit, Huminski v. DeSantis, et al., 3d21-1920, Fl. 3rd District Court of Appeal) concerning communication with the entire State of Florida government despite him being a citizen and resident of Florida reveals the intent of the State with regard to federal law and the Bill of Rights.  Forgery of a Lee County Court order (State v. Huminski, 17-mm-815) is just one technique used by the State to silence dissent and core protected political expression.  Apparently no provision of federal law will stop the State's quest to undermine the First Amendment.  Even removal to federal court didn't stop the State of Florida from plowing ahead the State v. Huminski.  In the mindset of Florida, federal law exists to be ignored and violated and this philosophy rises to the highest levels of State government.

Considering the State of Florida's position on the First Amendment, the only possible solution for this once confederate State may be to secede as it did 150 years ago concerning the

1

31

# Exhibit "C"

**Notice of Service of Court Documents**

**Filing Information**

Filing #:            149581361
Filing Time:         05/13/2022 04:25:18 PM ET
Filer:               Scott Alan Huminsky 239-300-6656
Court:               Third District Court of Appeal
Case #:              3D2021-1920
Court Case #:        3D2021-1920
Case Style:          SCOTT HUMINSKI, vs STATE OF FLORIDA, et al.,

**Documents**

| Title | File |
|-------|------|
| Other Notice | merged dca notice of filing_compressed 55mb.pdf |

E-service recipients selected for service:

| Name | Email Address |
|---|---|
| Christopher Michael Sutter | christopher.sutter@myfloridalegal.com |
| | katia.marques@myfloridalegal.com |
| | martine.legagneur@myfloridalegal.com |
| Eugene Steele | apiggg@yahoo.com |
| | info@lawstaff.info |
| | es@lawstaff.info |
| Scott Huminski | s_huminski@live.com |
| Stacey Blume | Stacey.Blume@myfloridalegal.com |
| Scott Alan Huminsky | scott.huminski@gmail.com |
| Paralegal | info@lawstaff.info |
| Andrew Greenlee | andrew@andrewgreenleelaw.com |
| Michael Brownlee | mbrownlee@brownleelawfirmpa.com |
| R. Kaplan | rkaplan@kaplanhecker.com |
| S. Stoll | CStoll@nclrights.org |
| L. Schwartz | liz@elizabethschwartz.com |
| B. Faruqui | Bilal.Faruqui@myfloridalegal.com |
| D. Bell | Daniel.Bell@myfloridalegal.com |

| | |
|---|---|
| C. Whitaker | Henry.Whitaker@myfloridalegal.com |
| S Barday | SBarday@gibsondunn.com |
| A. Patel | Anita.Patel@myfloridalegal.com |
| C. Litigation | ComplexLitigation.eservice@myfloridalegal.com |
| SAO Service | ServiceSAO-LEE@sao.cjis20.org |
| Oag Serve | oag.civil.eserve@myfloridalegal.com |
| Crim App | crimappTPA@myfloridalegal.com |
| D Bell | Daniel.Bell@myfloridalegal.com |
| E Jackson | ejackson@johnsonjackson.com |
| A Gallagher | agallagher@johnsonjackson.com |
| L Stillwell | lstillwell@johnsonjackson.com |
| K Harris | kharris@johnsonjackson.com |
| W Harvey | walter.harvey@dadeschools.net |
| J Madrigal | jordanmadrigal@dadeschools.net |
| D Marsey | dmarsey@rumberger.com |
| J Grosholz | jgrosholz@rumberger.com |
| D Orlando | docketingorlando@rumberger.com |
| b harris | bharris@lawfla.com |
| a hopkins | ahopkins@lawfla.com |
| j dean | jdean@lawfla.com |
| c carstens | ccarstens@lawfla.com |

| | |
|---|---|
| J Grosholz | jgrosholz@rumberger.com |
| D Orlando | docketingorlando@rumberger.com |
| b harris | bharris@lawfla.com |
| a hopkins | ahopkins@lawfla.com |
| j dean | jdean@lawfla.com |
| c carstens | ccarstens@lawfla.com |
| m fuqua | mfuqua@fmc.legal |
| c crowley | ccrowleylaw@gmail.com |
| c wor | cworcester@sao.cjis20.org |

**E-service recipients not selected for service:**

| Name | Email Address |
|---|---|
| No Matching Entries | |

This is an automatic email message generated by the Florida Courts E-Filing Portal. This email address does not receive email.

Thank you,
The Florida Courts E-Filing Portal

Exhibit "D"

# UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF FLORIDA
### OFFICE OF THE CLERK

JESSICA J. LYUBLANOVITS
CLERK OF COURT
100 NORTH PALAFOX STREET
PENSACOLA, FLORIDA 32502-5658
850.435.8440
850.433.5972 FAX

ELIZABETH LAWRENCE
CHIEF DEPUTY CLERK
111 N. ADAMS STREET
TALLAHASSEE, FLORIDA 32301-7717
850.521.3501
850.521.3656 FAX

*Visit our web site at www.find.uscourts.gov*

Reply to: Tallahassee Division

May 25, 2022

Scott Huminski

P.O. Box 353820

Palm Coast, FL 32135

Subject: 4:22-cv-00134-AW-MJF EQUALITY FLORIDA et al v. DESANTIS et al

Dear Mr. Huminski :

The Clerk's Office  received today for filing  two motions to take judicial notice, notice of correspondence and a suggestion of death as well voluminous exhibits.

In a recent order of the Court, enclosed,  it denied your request to intervene and so you are not a party in the subject case.

Therefore the Clerk's office is returning these voluminous documents to you..

Sincerely,

JESSICA J. LYUBLANOVITS, Clerk

*s / Blair Patton*
by Blair Patton
Deputy Clerk

---

*The mission of the Office of the Clerk of the Northern District of Florida is to provide superior service to the public and the Court.*

Gainesville Division
401 SE 1st Avenue, STE 243
Gainesville, Florida 32601
352.380.2400
352.380.2424 FAX

Pensacola Division
100 North Palafox Street
Pensacola, Florida 32502-5658
850.435.8440
850.433.5972 FAX

Tallahassee Division
111 N. Adams Street
Tallahassee, Florida 32301-7717
850.521.3501
850.521.3656 FAX

Panama City Division
30 W. Government Street
Panama City, Florida 32401
850.769.4556
850.769.7528 FAX

Exhibit "E"

**From:** scott huminski <s_huminski@live.com>
**Sent:** Tuesday, May 24, 2022 8:59 AM
**To:** Christopher Sutter <Christopher.Sutter@myfloridalegal.com>; Katia Marques
<Katia.Marques@myfloridalegal.com>; Martine Legagneur <Martine.Legagneur@myfloridalegal.com>;
Eugene Steele <apiggg@yahoo.com>; info@lawstaff.info <info@lawstaff.info>; es@lawstaff.info
<es@lawstaff.info>; Stacey Blume <stacey.blume@myfloridalegal.com>; rkaplan@kaplanhecker.com
<rkaplan@kaplanhecker.com>; CStoll@nclrights.org <CStoll@nclrights.org>; liz@elizabethschwartz.com
<liz@elizabethschwartz.com>; nadine@eqfl.org <nadine@eqfl.org>; geanny@eqfl.org
<geanny@eqfl.org>; mark@eqfl.org <mark@eqfl.org>; nick@eqfl.org <nick@eqfl.org>; todd@eqfl.org
<todd@eqfl.org>; mark@eqfl.org <mark@eqfl.org>; robin@eqfl.org <robin@eqfl.org>; robert@eqfl.org
<robert@eqfl.org>; rene@eqfl.org <rene@eqfl.org>; andrew@eqfl.org <andrew@eqfl.org>;
carlos@eqfl.org <carlos@eqfl.org>; don@eqfl.org <don@eqfl.org>; paul@eqfl.org <paul@eqfl.org>;
stratton@eqfl.org <stratton@eqfl.org>; dan@eqfl.org <dan@eqfl.org>; david@eqfl.org
<david@eqfl.org>; joe@eqfl.org <joe@eqfl.org>; brittany@eqfl.org <brittany@eqfl.org>;
brandon@eqfl.org <brandon@eqfl.org>; michael@eqfl.org <michael@eqfl.org>; nikole@eqfl.org
<nikole@eqfl.org>; jon@eqfl.org <jon@eqfl.org>; wesley@eqfl.org <wesley@eqfl.org>;
yordanos@eqfl.org <yordanos@eqfl.org>; salvatore@eqfl.org <salvatore@eqfl.org>; benjamin@eqfl.org
<benjamin@eqfl.org>; mary@eqfl.org <mary@eqfl.org>; de@eqfl.org <de@eqfl.org>; ian@eqfl.org
<ian@eqfl.org>; Joel Valez-Stokes <joel.valez-stokes@browardpalmbeach.com>;
jason.parsley@sfgn.com <jason.parsley@sfgn.com>; justin.wyse@sfgn.com <justin.wyse@sfgn.com>;
lbrown@washblade.com <lbrown@washblade.com>; srutgers@washblade.com
<srutgers@washblade.com>; bpitts@washblade.com <bpitts@washblade.com>;
jhickling@washblade.com <jhickling@washblade.com>; prockstroh@washblade.com
<prockstroh@washblade.com>; tmasters@losangelesblade.com <tmasters@losangelesblade.com>;
swong@losangelesblade.com <swong@losangelesblade.com>; Scott Wazlowski
<s.wazlowski@ebar.com>; m.yamashita@ebar.com <m.yamashita@ebar.com>;
Bilal.Faruqui@myfloridalegal.com <Bilal.Faruqui@myfloridalegal.com>; Daniel.Bell@myfloridalegal.com
<Daniel.Bell@myfloridalegal.com>; Henry.Whitaker@myfloridalegal.com
<Henry.Whitaker@myfloridalegal.com>; SBarday@gibsondunn.com <SBarday@gibsondunn.com>;
Anita.Patel@myfloridalegal.com <Anita.Patel@myfloridalegal.com>;
ComplexLitigation.eservice@myfloridalegal.com <ComplexLitigation.eservice@myfloridalegal.com>;
ServiceSAO-LEE@sao.cjis20.org <ServiceSAO-LEE@sao.cjis20.org>; oag.civil.eserve@myfloridalegal.com
<oag.civil.eserve@myfloridalegal.com>; crimappTPA@myfloridalegal.com
<crimappTPA@myfloridalegal.com>; Daniel.Bell@myfloridalegal.com
<Daniel.Bell@myfloridalegal.com>; ejackson@johnsonjackson.com <ejackson@johnsonjackson.com>;
agallagher@johnsonjackson.com <agallagher@johnsonjackson.com>; lstillwell@johnsonjackson.com
<lstillwell@johnsonjackson.com>; kharris@johnsonjackson.com <kharris@johnsonjackson.com>;
walter.harvey@dadeschools.net <walter.harvey@dadeschools.net>; jordanmadrigal@dadeschools.net
<jordanmadrigal@dadeschools.net>; dmarsey@rumberger.com <dmarsey@rumberger.com>;
jgrosholz@rumberger.com <jgrosholz@rumberger.com>; docketingorlando@rumberger.com
<docketingorlando@rumberger.com>; bharris@lawfla.com <bharris@lawfla.com>;
ahopkins@lawfla.com <ahopkins@lawfla.com>; jdean@lawfla.com <jdean@lawfla.com>;
ccarstens@lawfla.com <ccarstens@lawfla.com>; mfuqua@fmc.legal <mfuqua@fmc.legal>;
kworcester@sao.cjis20.org <kworcester@sao.cjis20.org>; jwasserkrug@mwe.com
<jwasserkrug@mwe.com>; ejackson@johnsonjackson.com <ejackson@johnsonjackson.com>;
agallagher@johnsonjackson.com <agallagher@johnsonjackson.com>; Andrew Kadah
<askadah09@gmail.com>; sandymodell@aol.com <sandymodell@aol.com>
**Subject:** Equality Florida v. DeSantis correspondence

The below content from an email of yesterday was sent to the entire staff at the Lee Court
complex and discussed arraignment in the communication banishment case that sought and

accomplished a lifetime communication banishment between proposed intervenor Huminski and the entire State of Florida in perpetuity.

Co-conspirators to this criminal activity clearly involve the participation of a quite delusional Judge Krier, the late prosecutor Kunasek and the public defender for the 20th Circuit. All were eager to advance the case in State court in spite of its removal to the U.S. District Court (Bankruptcy Unit).

DeSantis and Ashley Moody fought to continue collection activities related to the void ab initio case State v. Huminski in 2021-2022 on a case that was commenced to evade jurisdiction of the Federal Courts. That commencement was in the absence of any and all jurisdiction because of the removal. Further, after the forgery of a court order, there was no service of the forged court order and Lee County Court had no subject matter jurisdiction to hear Circuit Court contempt. **South Dade Farms v. Peters, 88 So. 2d 891 - Fla: Supreme Court 1956**

> "In the opinion last cited this court adopted the language of the Supreme Court of the United States in the leading case of <u>Gompers v. Buck's Stove & Range Co., 221 U.S. 418, 31 S.Ct. 492, 501, 55 L.Ed. 797,</u> from which we quote also the following:
> "There has been general recognition of the fact that the courts are clothed with this power, and must be authorized to exercise it without referring the issues of fact or law to another tribunal or to a jury in the same tribunal. "

Intense and obvious corruption, The Goal - to **SILENCE ALL SPEECH TO THE FLORIDA GOVERNMENT IN PERPETUITY,** a situation that continues to this day. The issue was not only removed, there was no service and the "transfer" from Circuit to County court constituted a loss of subject matter jurisdiction. Transfer of contempt from a court of general jurisdiction to a court of limited jurisdiction is unknown in any United States jurisdiction. An obscene level of corruption in Florida concerning the obsession with silencing core protected political expression. Afforded the highest level of protection under the first amendment.

So in the below email are transcript excerpts of the "criminal arraignment" of 6/29/2017 in Huminski v. Town of Gilbert, et al, a case that had been removed to the Bankruptcy Court 3 days prior, See pacer excerpts,

| Name | Case No. | Case Title | Chapter / Lead BK case | Date Filed | Party Role | Date Closed |
|------|----------|-----------|------------------------|-----------|-----------|-------------|
| Huminski, Scott Alan (pty) (2 cases) | <u>2:17-ap-00509-FMD</u> | Huminski v. Town of Gilbert, AZ et al | *Lead BK:* 2:17-bk-03658-FMD Scott Alan Huminski | 06/26/17 | Plaintiff | 08/24/17 |
| | <u>2:17-bk-03658-FMD</u> | Scott Alan Huminski | 7 | 04/28/17 | Debtor | 08/24/17 |



CM█ECF    Query    Reports▾    Utilities▾    Help    Log Out

U.S. Bankruptcy
Middle District of Floriⅾ
Adversary Proceeding #: 2:1

*Assigned to:* Chief Judge Caryl E. Delano
*Lead BK Case:* 17-03658
*Lead BK Title:* Scott Alan Huminski
*Lead BK Chapter:* 7
Show Associated Cases

*Demand:*

*Nature[s] of Suit:* 01 Determination of removed claim or cause

*laintiff*
-----------------------
cott Alan Huminski
4544 Kingfish Street
⸱onita Springs, FL 34134
39-300-6656
SN / ITIN: xxx-xx-4327

------------------------------------------------------- **EMAIL to Courthouse staff and SA office**
-----------------------------------------------------

**From:** scott huminski <s_huminski@live.com>
**Sent:** Monday, May 23, 2022 2:56 PM
**To:** ldoggett@leeclerk.org <ldoggett@leeclerk.org>; Eadams@ca.cjis20.org <Eadams@ca.cjis20.org>;
Jadams@ca.cjis20.org <Jadams@ca.cjis20.org>; KAhlquist@ca.cjis20.org <KAhlquist@ca.cjis20.org>;
Kamo@ca.cjis20.org <Kamo@ca.cjis20.org>; Jatkins@ca.cjis20.org <Jatkins@ca.cjis20.org>;
Fbaker@ca.cjis20.org <Fbaker@ca.cjis20.org>; Lbaldyga@ca.cjis20.org <Lbaldyga@ca.cjis20.org>;
Kball@ca.cjis20.org <Kball@ca.cjis20.org>; Dballard@ca.cjis20.org <Dballard@ca.cjis20.org>;
Mbancroft@ca.cjis20.org <Mbancroft@ca.cjis20.org>; Jbaniowski@ca.cjis20.org
<Jbaniowski@ca.cjis20.org>; Mbarcia@ca.cjis20.org <Mbarcia@ca.cjis20.org>; Tbauer@ca.cjis20.org
<Tbauer@ca.cjis20.org>; Cbeach@ca.cjis20.org <Cbeach@ca.cjis20.org>; Gbedinotti@ca.cjis20.org
<Gbedinotti@ca.cjis20.org>; Sblasko@ca.cjis20.org <Sblasko@ca.cjis20.org>; Kbrantley@ca.cjis20.org
<Kbrantley@ca.cjis20.org>; Lbrisbois@ca.cjis20.org <Lbrisbois@ca.cjis20.org>; Lbrodie@ca.cjis20.org
<Lbrodie@ca.cjis20.org>; Kbrooks@ca.cjis20.org <Kbrooks@ca.cjis20.org>; Tbrousseau@ca.cjis20.org
<Tbrousseau@ca.cjis20.org>; AngelaBrown@ca.cjis20.org <AngelaBrown@ca.cjis20.org>;

Tbrown@ca.cjis20.org <Tbrown@ca.cjis20.org>; Ebruns@ca.cjis20.org <Ebruns@ca.cjis20.org>; Ebusby@ca.cjis20.org <Ebusby@ca.cjis20.org>; Rcallanan@ca.cjis20.org <Rcallanan@ca.cjis20.org>; Jcarlin@ca.cjis20.org <Jcarlin@ca.cjis20.org>; Mcarr@ca.cjis20.org <Mcarr@ca.cjis20.org>; Gcary@ca.cjis20.org <Gcary@ca.cjis20.org>; Jclay@ca.cjis20.org <Jclay@ca.cjis20.org>; Rcorbin@ca.cjis20.org <Rcorbin@ca.cjis20.org>; Ccrews@ca.cjis20.org <Ccrews@ca.cjis20.org>; Rcrivello@ca.cjis20.org <Rcrivello@ca.cjis20.org>; Rcrown@ca.cjis20.org <Rcrown@ca.cjis20.org>; Ecruz@ca.cjis20.org <Ecruz@ca.cjis20.org>; Ldavis@ca.cjis20.org <Ldavis@ca.cjis20.org>; CdeMarsh@ca.cjis20.org <CdeMarsh@ca.cjis20.org>; Gdemeyere@ca.cjis20.org <Gdemeyere@ca.cjis20.org>; Cdenton@ca.cjis20.org <Cdenton@ca.cjis20.org>; MdeSousa@ca.cjis20.org <MdeSousa@ca.cjis20.org>; Jdommerich@ca.cjis20.org <Jdommerich@ca.cjis20.org>; Ddrinnon@ca.cjis20.org <Ddrinnon@ca.cjis20.org>; Ddrinnon@ca.cjis20.org <Ddrinnon@ca.cjis20.org>; Debron-Harrison@ca.cjis20 <Debron-Harrison@ca.cjis20>; Cellis@ca.cjis20.org <Cellis@ca.cjis20.org>; Senglish@ca.cjis20.org <Senglish@ca.cjis20.org>; Efishbeck@ca.cjis20.org <Efishbeck@ca.cjis20.org>; Nforrett@ca.cjis20.org <Nforrett@ca.cjis20.org>; Afoster@ca.cjis20.org <Afoster@ca.cjis20.org>; Hfrench@ca.cjis20.org <Hfrench@ca.cjis20.org>; Dfriedman@ca.cjis20.org <Dfriedman@ca.cjis20.org>; Jfriess@ca.cjis20.org <Jfriess@ca.cjis20.org>; Jfuller@ca.cjis20.org <Jfuller@ca.cjis20.org>; Jgagliardi@ca.cjis20.org <Jgagliardi@ca.cjis20.org>; Lgerald@ca.cjis20.org <Lgerald@ca.cjis20.org>; Dgolden@ca.cjis20.org <Dgolden@ca.cjis20.org>; Mgonzalez@ca.cjis20.org <Mgonzalez@ca.cjis20.org>; Sgray@ca.cjis20.org <Sgray@ca.cjis20.org>; Cgreider@ca.cjis20.org <Cgreider@ca.cjis20.org>; Tgutshall@ca.cjis20.org <Tgutshall@ca.cjis20.org>; FrederickH@ca.cjis20.org <FrederickH@ca.cjis20.org>; Hhayes@ca.cjis20.org <Hhayes@ca.cjis20.org>; LFHayes@ca.cjis20.org <LFHayes@ca.cjis20.org>; Lhayslip@ca.cjis20.org <Lhayslip@ca.cjis20.org>; Jhendrickx@ca.cjis20.org <Jhendrickx@ca.cjis20.org>; Vheinssen@ca.cjis20.org <Vheinssen@ca.cjis20.org>; Iherrera@ca.cjis20.org <Iherrera@ca.cjis20.org>; Nhood@ca.cjis20.org <Nhood@ca.cjis20.org>; Shooper@ca.cjis20.org <Shooper@ca.cjis20.org>; Njackson@ca.cjis20.org <Njackson@ca.cjis20.org>; Ljacobs@ca.cjis20.org <Ljacobs@ca.cjis20.org>; Djordan@ca.cjis20.org <Djordan@ca.cjis20.org>; Mkantor@ca.cjis20.org <Mkantor@ca.cjis20.org>; Skellum@ca.cjis20.org <Skellum@ca.cjis20.org>; Skaskie@ca.cjis20.org <Skaskie@ca.cjis20.org>; Jkent@ca.cjis20.org <Jkent@ca.cjis20.org>; Skeppen@ca.cjis20.org <Skeppen@ca.cjis20.org>; Ekhin@ca.cjis20.org <Ekhin@ca.cjis20.org>; Lkiesel@ca.cjis20.org <Lkiesel@ca.cjis20.org>; Skolody@ca.cjis20.org <Skolody@ca.cjis20.org>; Bkrier@ca.cjis20.org <Bkrier@ca.cjis20.org>; Bkyle@ca.cjis20.org <Bkyle@ca.cjis20.org>; Kkyle@ca.cjis20.org <Kkyle@ca.cjis20.org>; Elentovich@ca.cjis20.org <Elentovich@ca.cjis20.org>; Mlentovich@ca.cjis20.org <Mlentovich@ca.cjis20.org>; Rlevingston@ca.cjis20.org <Rlevingston@ca.cjis20.org>; Along@ca.cjis20.org <Along@ca.cjis20.org>; Slucas@ca.cjis20.org <Slucas@ca.cjis20.org>; Jluna@ca.cjis20.org <Jluna@ca.cjis20.org>; Jlundy@ca.cjis20.org <Jlundy@ca.cjis20.org>; Lmaldonado@ca.cjis20.org <Lmaldonado@ca.cjis20.org>; Rmanalich@ca.cjis20.org <Rmanalich@ca.cjis20.org>; Lmartin@ca.cjis20.org <Lmartin@ca.cjis20.org>; JmcGarity@ca.cjis20.org <JmcGarity@ca.cjis20.org>; MmcHugh@ca.cjis20.org <MmcHugh@ca.cjis20.org>; MmcHugh@ca.cjis20.org <MmcHugh@ca.cjis20.org>; Mmeyer@ca.cjis20.org <Mmeyer@ca.cjis20.org>; Bmidgley@ca.cjis20.org <Bmidgley@ca.cjis20.org>; Dmonaco@ca.cjis20.org <Dmonaco@ca.cjis20.org>; Gmorrison@ca.cjis20.org <Gmorrison@ca.cjis20.org>; Dmravic@ca.cjis20.org <Dmravic@ca.cjis20.org>; Smunroe@ca.cjis20.org <Smunroe@ca.cjis20.org>; Vmurphy@ca.cjis20.org <Vmurphy@ca.cjis20.org>;

Nnetram@ca.cjis20.org <Nnetram@ca.cjis20.org>; Jnorden@ca.cjis20.org <Jnorden@ca.cjis20.org>; Tpaluck@ca.cjis20.org <Tpaluck@ca.cjis20.org>; Jporter@ca.cjis20.org <Jporter@ca.cjis20.org>; Lpoulston@ca.cjis20.org <Lpoulston@ca.cjis20.org>; Squindry@ca.cjis20.org <Squindry@ca.cjis20.org>; Gragoonanan@ca.cjis20.org <Gragoonanan@ca.cjis20.org>; Treese@ca.cjis20.org <Treese@ca.cjis20.org>; CharlesR@ca.cjis20.org <CharlesR@ca.cjis20.org>; Drodriguez@ca.cjis20.org <Drodriguez@ca.cjis20.org>; Jrodriguez@ca.cjis20.org <Jrodriguez@ca.cjis20.org>; Jrosman@ca.cjis20.org <Jrosman@ca.cjis20.org>; Lruiz@ca.cjis20.org <Lruiz@ca.cjis20.org>; Csackett@ca.cjis20.org <Csackett@ca.cjis20.org>; Jseals@ca.cjis20.org <Jseals@ca.cjis20.org>; Pshannon@ca.cjis20.org <Pshannon@ca.cjis20.org>; Lschreiber@ca.cjis20.org <Lschreiber@ca.cjis20.org>; Jsheets@ca.cjis20.org <Jsheets@ca.cjis20.org>; Cshepelrich@ca.cjis20.org <Cshepelrich@ca.cjis20.org>; Jsimpson@ca.cjis20.org <Jsimpson@ca.cjis20.org>; Jsloan@ca.cjis20.org <Jsloan@ca.cjis20.org>; Bsmith@ca.cjis20.org <Bsmith@ca.cjis20.org>; Dsoumastre@ca.cjis20.org <Dsoumastre@ca.cjis20.org>; Lspader@ca.cjis20.org <Lspader@ca.cjis20.org>; Hstarnes@ca.cjis20.org <Hstarnes@ca.cjis20.org>; Msteinbeck@ca.cjis20.org <Msteinbeck@ca.cjis20.org>; MASteinbeck@ca.cjis20.org <MASteinbeck@ca.cjis20.org>; Mstockman@ca.cjis20.org <Mstockman@ca.cjis20.org>; Sstudybaker@ca.cjis20.org <Sstudybaker@ca.cjis20.org>; Rsturgis@ca.cjis20.org <Rsturgis@ca.cjis20.org>; Athompson@ca.cjis20.org <Athompson@ca.cjis20.org>; Lthompson@ca.cjis20.org <Lthompson@ca.cjis20.org>; Lthrelkeld@ca.cjis20.org <Lthrelkeld@ca.cjis20.org>; Ctrammell@ca.cjis20.org <Ctrammell@ca.cjis20.org>; Aturner@ca.cjis20.org <Aturner@ca.cjis20.org>; Eturner@ca.cjis20.org <Eturner@ca.cjis20.org>; Evolz@ca.cjis20.org <Evolz@ca.cjis20.org>; Bwhite@ca.cjis20.org <Bwhite@ca.cjis20.org>; Kwilkinson@ca.cjis20.org <Kwilkinson@ca.cjis20.org>; Swilsker@ca.cjis20.org <Swilsker@ca.cjis20.org>; Swinesett@ca.cjis20.org <Swinesett@ca.cjis20.org>; Dzellman@ca.cjis20.org <Dzellman@ca.cjis20.org>; Info_InspectorGeneral@leeclerk.org <Info_InspectorGeneral@leeclerk.org>; oag.civil.eserve@myfloridalegal.com <oag.civil.eserve@myfloridalegal.com>; ineymotin@flrc2.org <ineymotin@flrc2.org>; KatherineT@pd.cjis20.org <KatherineT@pd.cjis20.org>; KevinS@pd.cjis20.org <KevinS@pd.cjis20.org>; zmiller@flrc2.org <zmiller@flrc2.org>; newstips@nbc-2.com <newstips@nbc-2.com>; service@parveyfrankel.com <service@parveyfrankel.com>; allan@parveyfrankel.com <allan@parveyfrankel.com>; srussell@sao.cjis20.org <srussell@sao.cjis20.org>; srussell2@sao.cjis20.org <srussell2@sao.cjis20.org>; akunasek@sao.cjis20.org <akunasek@sao.cjis20.org>; douglas.szabo@henlaw.com <douglas.szabo@henlaw.com>; beverly.slager@henlaw.com <beverly.slager@henlaw.com>; john.noland@helaw.com <john.noland@helaw.com>; anne.migliore@henlaw.com <anne.migliore@henlaw.com>; investigators@nbc-2.com <investigators@nbc-2.com>; support@nbc-2.com <support@nbc-2.com>; comments@nbc-2.com <comments@nbc-2.com>; dabbot@water.net <dabbot@water.net>; darrel.lieze-adams@water.net <darrel.lieze-adams@water.net>; bhannon@water.net <bhannon@water.net>; spontius@water.net <spontius@water.net>; gerry.poppe@water.net <gerry.poppe@water.net>; research@water.net <research@water.net>; ineymotin@flrc2.org <ineymotin@flrc2.org>; KevinS@pd.cjis20.org <KevinS@pd.cjis20.org>; KatherineT@pd.cjis20.org <KatherineT@pd.cjis20.org>; stateattorney@sao.cjis20.org <stateattorney@sao.cjis20.org>; ServiceSAO-LEE@sao.cjis20.org <ServiceSAO-LEE@sao.cjis20.org>; akunasek@sao.cjis20.org <akunasek@sao.cjis20.org>; zmiller@flrc2.org <zmiller@flrc2.org>; appeals@flrc2.org <appeals@flrc2.org>; appeals@pd.cjis20.org <appeals@pd.cjis20.org>; Jadams@ca.cjis20.org <Jadams@ca.cjis20.org>; ValerieZ@pd.cjis20.org

<ValerieZ@pd.cjis20.org>; mdcavic@uspis.gov <mdcavic@uspis.gov>;
oag.civil.eserve@myfloridalegal.com <oag.civil.eserve@myfloridalegal.com>; MmcHugh@ca.cjis20.org
<MmcHugh@ca.cjis20.org>; srussell@sao.cjis20.org <srussell@sao.cjis20.org>; srussell2@sao.cjis20.org
<srussell2@sao.cjis20.org>; aegisalliance@theaegisalliance.com <aegisalliance@theaegisalliance.com>;
edkellyatlaw@aol.com <edkellyatlaw@aol.com>; lawsters@googlegroups.com
<lawsters@googlegroups.com>; akunasek@sao.cjis20.org <akunasek@sao.cjis20.org>; Rebecca Potter
<tlc211@gmail.com>; southfloridacorruption@gmail.com <southfloridacorruption@gmail.com>;
jgreco@fgcu.edu <jgreco@fgcu.edu>; jgarner@fgcu.edu <jgarner@fgcu.edu>; dwiltrout@fgcu.edu
<dwiltrout@fgcu.edu>; daanderson@fgcu.edu <daanderson@fgcu.edu>; tclark@fgcu.edu
<tclark@fgcu.edu>; kfeldman@fgcu.edu <kfeldman@fgcu.edu>; kgibson@fgcu.edu
<kgibson@fgcu.edu>; jhaley@fgcu.edu <jhaley@fgcu.edu>; ahubbell@fgcu.edu <ahubbell@fgcu.edu>;
fjones@fgcu.edu <fjones@fgcu.edu>; mmartinez@fgcu.edu <mmartinez@fgcu.edu>;
kmccurry@fgcu.edu <kmccurry@fgcu.edu>; sminsky@fgcu.edu <sminsky@fgcu.edu>;
cpivacek123@gmail.com <cpivacek123@gmail.com>; mrechkemmer@fgcu.edu
<mrechkemmer@fgcu.edu>; grodriguez@fgcu.edu <grodriguez@fgcu.edu>; hromero@fgcu.edu
<hromero@fgcu.edu>; asterwald@fgcu.edu <asterwald@fgcu.edu>;
debbie.filipek@cityofbonitasprings.org <debbie.filipek@cityofbonitasprings.org>;
hr@cityofbonitasprings.org <hr@cityofbonitasprings.org>; fred.forbes@cityofbonitasprings.org
<fred.forbes@cityofbonitasprings.org>; mike.gibson@cityofbonitasprings.org
<mike.gibson@cityofbonitasprings.org>; Ben.nelson@cityofbonitasprings.org
<Ben.nelson@cityofbonitasprings.org>; Stephen.mcintosh@cityofbonitasprings.org
<Stephen.mcintosh@cityofbonitasprings.org>; janet.martin@cityofbonitasprings.org
<janet.martin@cityofbonitasprings.org>; Peter Simmons <peter.simmons@cityofbonitasprings.org>;
meg.weiss@cityofbonitasprings.org <meg.weiss@cityofbonitasprings.org>;
Arleen.Hunter@cityofbonitasprings.org <Arleen.Hunter@cityofbonitasprings.org>;
carl.schwing@cityofbonitasprings.org <carl.schwing@cityofbonitasprings.org>; Matt Feeney
<matt.feeney@cityofbonitasprings.org>; jesse.felger@cityofbonitasprings.org
<jesse.felger@cityofbonitasprings.org>; peter.oflinn@cityofbonitasprings.org
<peter.oflinn@cityofbonitasprings.org>; kworcester@sao.cjis20.org <kworcester@sao.cjis20.org>;
Christopher Crowley <ccrowleylaw@gmail.com>; sandymodell@aol.com <sandymodell@aol.com>;
FEDERALLAWSUIT 4FREESPEECH <federallawsuit4freespeech@gmail.com>; Andrew Kadah
<askadah09@gmail.com>; kworcester@sao.cjis20.org <kworcester@sao.cjis20.org>;
Afox@sao.cjis20.org <Afox@sao.cjis20.org>; Christopher Sutter
<Christopher.Sutter@myfloridalegal.com>; Katia Marques <Katia.Marques@myfloridalegal.com>;
Martine Legagneur <Martine.Legagneur@myfloridalegal.com>; oag.civil.eserve@myfloridalegal.com
<oag.civil.eserve@myfloridalegal.com>; crimappTPA@myfloridalegal.com
<crimappTPA@myfloridalegal.com>; USDOJ Office of the Attorney General [Criminal Division] <PLEASE
CONSIDER THIS AS ANOTHER ADDENDUM TO MY HIGHLY DETAILED OFFICIAL CORRESPONDENCE OF JUL
6 2017 10:10> <criminal.division@usdoj.gov>; Bilal.Faruqui@myfloridalegal.com
<Bilal.Faruqui@myfloridalegal.com>; Daniel.Bell@myfloridalegal.com
<Daniel.Bell@myfloridalegal.com>; ComplexLitigation.eservice@myfloridalegal.com
<ComplexLitigation.eservice@myfloridalegal.com>; Henry.Whitaker@myfloridalegal.com
<Henry.Whitaker@myfloridalegal.com>; Anita.Patel@myfloridalegal.com

<Anita.Patel@myfloridalegal.com>; crimappTPA@myfloridalegal.com
<crimappTPA@myfloridalegal.com>; gzerman@hotmail.com <gzerman@hotmail.com>;
FEDERALLAWSUIT 4FREESPEECH <federallawsuit4freespeech@gmail.com>; dhalpen@cl-law.com
<dhalpen@cl-law.com>; jstusek@cl-law.com <jstusek@cl-law.com>; rlancaster@cl-law.com
<rlancaster@cl-law.com>; hhujsa@cl-law.com <hhujsa@cl-law.com>; rtucker@cl-law.com <rtucker@cl-
law.com>; jschechter@cl-law.com <jschechter@cl-law.com>; culrich@cl-law.com <culrich@cl-law.com>;
dludgin@cl-law.com <dludgin@cl-law.com>; bmontalvo@cl-law.com <bmontalvo@cl-law.com>;
tbradley@cl-law.com <tbradley@cl-law.com>; rsherm@cl-law.com <rsherm@cl-law.com>; mkaelin@cl-
law.com <mkaelin@cl-law.com>; jpoklemba@cl-law.com <jpoklemba@cl-law.com>; adouglas@cl-
law.com <adouglas@cl-law.com>; whorowitz@cl-law.com <whorowitz@cl-law.com>; tmccann@cl-
law.com <tmccann@cl-law.com>; mcrawford@cl-law.com <mcrawford@cl-law.com>;
ccarneyrichman@cl-law.com <ccarneyrichman@cl-law.com>; dfurneaux@cl-law.com <dfurneaux@cl-
law.com>
**Subject:** Judge Krier responsible for Kunasek's SUICIDE, the wrong person died.


Kunasek stipulating to banishment from communication with the entire State
of florida early on, I told Kathleen Smith that this was illegal and
unconstitutional.  First off, there are no terms of release in a sui generis
common law case - contempt.  The speech banishment was made final and
permanent at final judgment.  Criminally actionable to this day under the
continuing violation/offense doctrine.  Suicide is a cowards way out for those
who can not take the punishment for their crimes like a man and own up to
the crimes.

STATE OF FLORIDA                          CASE NO.     17-MM-000815 JRA

vs.

SCOTT ALAN HUMINSKI

_____/

### STIPULATED MOTION TO MODIFY CONDITIONS OF PRETRIAL RELEASE

      **COMES NOW**, the Defendant, by and through the Office of the Public Defender, and the State Attorney and jointly stipulate that the Defendant's pretrial release conditions be modified, and states the following as grounds:

1. On June 29, 2017, Mr. Huminski was placed on pretrial supervision as part of indirect criminal contempt proceedings.
2. Mr. Huminski's conditions included (but were not limited to) no contact with the Lee County Sherriff's Office "except through their legal counsel, unless said contact is initiated by the Sherriff's Office, such as if SCOTT HUMINSKI is arrested or stopped for a traffic violation." Order on Arraignment, dated July 7, 2017.
3. The Lee County Sherriff's Office provides security for the Lee County Justice Center and is the default law enforcement agency in the City of Bonita Springs, where Mr. Huminski lives.
4. Mr. Huminski's conditions should be modified so that he shall not have any contact with the Lee County Sherriff's Office except through their legal counsel unless said contact:
   a. is initiated by the Sherriff's Office, such as if Mr. Huminski is arrested or stopped for a traffic violation;
   b. is made in the process of attending and participating in court dates for his criminal case; or
   c. is necessary to report a crime or other emergency normally referred to the Lee County Sherriff's Office.

      DATED this __25th__ day of __September__, 2017.

STEPHEN B. RUSSELL                        KATHLEEN A. SMITH
State Attorney                            Public Defender



Anthony W. Kunasek                        Kevin John Sarlo
Assistant State Attorney                  Assistant Public Defender

Here is where Krier, Kunasek and the Public pretender were discussing the forgery, pre-forgery. Even Kunasek admitted alleged contempt in a civil case does not get transferred to County Court. Kunasek does mention contempt arising in a "DR" case, contrarily, Huminski v. Town of Gilbert was a "CA" case, straight civil case. Krier admits here that somebody had to ask a clerk to forge the County Court order. Mr. Kunasek's fun and games.

22       Are they gonna assign another case number to

23       this case?  I don't know how they're gonna do

24       that.

25          MR. KUNASEK:  My experience with orders to

---

eFiled Lee County Clerk of Courts Page 5        Page 2

---

6

1       show cause in DR court, Your Honor, has led me to

2       believe that that normally does not happen.

3       We'll just stay under this case number.

4          MR. SARLO:  The case number that's on the

5       order is a civil case number.

6          THE COURT:  Right because that's the only

7       case number I have.

8    MR. SARLO:  The clerk very well may ask us --

9    THE COURT:  I know in Collier County, because

10   I've done a couple of these proceedings in

11   Collier, they do open a new file.  So, if you

12   want that to happen, I would think that

13   somebody's gotta ask -- ask the Clerk to do that.

14   Okay.  So, let's see.  Middle of August is

15   okay for everybody?

16   MR. KUNASEK:  Yes, Your Honor.

17   THE DEFENDANT:  No.

18   THE COURT:  Could we do it at --

19   THE DEFENDANT:  This case has been removed to

20   bankruptcy court, so I'm not good with that.

21   THE COURT:  Pardon me?

22   THE DEFENDANT:  This case has been removed to

23   bankruptcy court --

24   THE COURT:  This case hasn't been removed to

25   any place, Mr. Huminski.

7

1    THE DEFENDANT:  Under bankruptcy rule 9027 --

2    THE COURT:  Mr. Huminski, A, you're not a

3    lawyer and, B, this case doesn't get removed to

4    bankruptcy court.  That's not how the law works.

5    Okay.  You need to --

23          THE COURT:  Yeah, 17-CA-421.

24          And, also, Madame Clerk, would you please

25      check with the clerk's office because, again, in

---

eFiled Lee County Clerk of Courts Page 22                      Page

---

23

1      Collier, they give -- they set up a new file.

2      It's a little bit difficult to have a civil -- a

3      criminal proceeding in a civil case.  So, if you

4      could check with somebody about that, maybe we

5      can get that straightened out, too.

6          THE DEFENDANT:  Your Honor, I'd like

7   permission to forward the rules of the bankruptcy
8   court to my attorney, so he can forward them to
9   you concerning the removal.
10      THE COURT:  I'm not a bankruptcy court judge,
11   so if your attorney thinks that that should be
12   done in this case, well, I'm certain he can --
13      THE DEFENDANT:  It's a federal court, so it
14   has jurisdiction everywhere.
15      THE COURT:  Again, sir, this is not a
16   bankruptcy court.  You can forward them to your
17   attorney and your attorney can decide whether or
18   not to forward them to me.

Yes, Crazy Krier, you are not a federal court, but, federal courts implementing federal law is the "Law of the Land" under the Supremacy Clause.  Removal ends your ignorant vendetta in the
"Wisdom" from the legal idiot Krier.  This isn't incompetence, it is mental disease.  Federal removal is a self-executing procedure equivalent to a federal court order.  This is indirect criminal contempt of the federal courts and congress.

Yes, Kunasek was right, contempt doesn't get transferred to a lower court.  So why did he go ahead and engage in forging a County Court order to evade federal jurisdiction of the U.S. District Court (Bankruptcy Unit).  Notice the statute involved in the charges and then the content of the statute.  Lee County Court had no [exercise of their] "Civil Jurisdiction". F.S. 900.04  There was no County Court Civil case.  Thus, "no exercise of its civil jurisdiction".  Courthouse crime on top of crime by the State criminal justice system. I wouldn't be surprised if there are a dozen courthouse criminals involved in this corrupt courthouse enterprise intending to shake down costs, fees and fines from the innocent.  A RICO violation. A pot pourri of courthouse criminals all working together to obtain a corrupt goal.



17-MM-000815 : State of Florida vs Huminski, Scott A

| | | | |
|---|---|---|---|
| Case Type: | Misdemeanor | Date Filed: | 06/30/2017 |
| Location: | County Criminal | UCN: | 362017MM000815000A |
| Judge: | James R Adams | Status: | Closed |
| Citation Number: | Misdemeanor | Appear By Date: | |

| Parties | | | | | |
|---|---|---|---|---|---|
| Name | DOB | Type | Attorney | | Atty Phone |
| State of Florida | | Plaintiff | Anthony Kunasek | | 239-533-100 |
| Scott Huminski | 12/01/1959 | Defendant | | | |

| Charge Details | | | |
|---|---|---|---|
| Offense Date | Charge | Plea | Arrest Disposition |
| 06/05/2017 | 1. CONTEMPT OF COURT CIRCUIT OR COUNTY Statute: 900.04 No Charge - No Level | 3/16/2018 Pled Not Guilty | 3/16/2018 Non Jury Trial Adjudicated Guilty |

Ok, FS 900.04 below.  Not defining contempt as a misdemeanor.  Who entered the false information on the docket above to justify a criminal misdemeanor prosecution.  Another courthouse criminal.

Title XLVII                    Chapter 900        View Entire Chapter
CRIMINAL PROCEDURE AND CORRECTIONS   GENERAL PROVISIONS

900.04    Contempts.—Said courts, in the exercise of their criminal jurisdiction may punish for contempts as in the exercise of their civil jurisdiction, and the county courts shall possess, in this respect, the same powers as the circuit courts.

History.—RS 2794; GS 3844; RGS 5939; CGL 8205; s. 3, ch. 70-339; s. 34, ch. 73-334.
Note.—Former s. 932.03.

Krier is the gift that keeps giving.  Here is
Kunasek informing the judge to have a little
highly illegal fun with the case.  Thank
heavens Kunasek is not practicing law.  He
was dangerous and an enabler of criminal
judicial conduct.

```
10        THE COURT:  Okay.  We're here on an order to
11   show cause.  This is essentially an arraignment
12   proceeding today.  So, I think the things that we
13   have to do today are set court dates for various
14   proceedings, as well as address issues of bond
15   and/or pretrial release, am I correct?
16        MR. SARLO:  Yes, Judge.
17        THE COURT:  Okay.  So, first thing is bond
18   and/or pretrial release.  Any arguments from
19   anybody?
20        MR. KUNASEK:  Judge, the State will defer to
21   the Court with respect to that.  I know there was
22   an issue with serving him with the initial order
23   to show cause.  So, his availability may be an
24   issue and the Court's well aware of that more
25   than I am, so I will defer to the Court with
```

Here is Krier setting forth imaginary law from
an imaginary statute.  Delusional.  Her mental
disease is on full display in this complete
detachment from reality.

```
 2          THE COURT:  My understanding is these
 3     proceedings there's two different ways that the
 4     State can proceed, one is with a -- a maximum of,
 5     I think, 59 days in jail count, which means
 6     there's no jury trial and then the second option
 7     is for the State to proceed as a second degree
 8     misdemeanor, I guess, with a maximum of just
 9     under six months in jail, which requires a jury
10     trial.  Does the State know how it's gonna be
11     proceeding with this?
12          Haven't decided yet?  Okay.  Well, at some
13     point I'm gonna need a decision.  We can probably
14     address that at case management.  I mean, despite
15     the fact that I prepared and signed the order to
16     show cause I can't prosecute a case, so it's the
17     State that's gotta prosecute the case.  So, you
18     guys can just tell me at case management if
```

Kathleen Smith, PD going along with the criminal conduct.  Setting a trial in a case that has been removed to federal court.  Also a moron.

7            THE COURT:  Okay.  Do you want to wait and

8      set the trial at that time?

9            MR. SARLO:  Yes, Your Honor.

10           THE COURT:  Okay.  And, then, I'm assuming,

11     also, if you have any motions that you want to

12     file, that you can just file those and then just

13     call my office for a time.

14           You're probably gonna need to call the office

15     because my regular JAC system is, you know, I'm

16     generally in the sill (phonetic spelling)

17     division.  I think it might be weirder for you to

18     try to get on my regular motion calendar.  So, if

19     you have motions that need to be addressed by the

20     Court, then you can just call my office and get

21     hearing time.  Okay.

# Kunasek going along with lunatic Krier

```
24          THE COURT:  Okay.  Now, I have to consider
25     issues of bond and/or pretrial release.  I have a
```

eFiled Lee County Clerk of Courts Page 9

Page 2

```
                                                        10
 1     couple of concerns.  Now, first of all, let me
 2     just review with you what my understanding of the
 3     law is, which is if I set a bond then I don't get
 4     to set any terms of pretrial release.  If I set a
 5     pretrial release and I set terms, then I don't
 6     get to set a bond, unless, of course, he violates
 7     his terms.  Is that accurate?
 8          MR. KUNASEK:  That's how I understand it.
 9          THE COURT:  Okay.
```

Kathleen Smith going along with the illegal antics.  No Mr. Sarlo, there is no pre-trial release related to F.S. 900.04, it is not a statutory misdemeanor nor felony.  Another member of the courthouse crime cartel.