**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF FLORIDA**
**TALLAHASSEE DIVISION**

EQUALITY FLORIDA, et, al,

                Plaintiffs,      Case No: 4:22-cv-00134-AW-MJF

vs.

RONALD DION DESANTIS, in
his official Capacity as Governor
of the State of Florida, et al,

                Defendants.
_____/

**DEFENDANT, PASCO COUNTY SCHOOL BOARD'S**
**MOTION TO DISMISS FOR IMPROPER VENUE**

**COMES NOW**, Defendant, PASCO COUNTY SCHOOL BOARD ("Pasco"), pursuant to Federal Rules of Civil Procedure 21 and 12(b)(6), (3) and (1), moves the Court for an Order dismissing the Plaintiffs' Complaint as to Pasco for improper venue, and states as follows:

**PRELIMINARY STATEMENT**

1.  Plaintiffs are a collection of two (2) entities, four (4) students, nine (9) parents, and 2 teachers (*See* ¶¶ 25 – 81) who make various challenges to the constitutionality of Florida State legislative act entitled House Bill 1557 (also

known as "H.B. 1557")[1] and seek declaratory and injunctive relief against the application thereof. (*See* ¶¶ 261 – 317) Such legislative act was passed by the Florida legislature on March 8, 2022, signed into Florida Law by the Defendant, Ronald Dion Desantis, in his official Capacity as Governor of the State of Florida, on March 28, 2022, and becomes effective July 1, 2022.[2]

2. There is no allegation in the Complaint that the Pasco participated in the creation, drafting, or passage of such legislation, nor that Pasco has any authority to have done so.

3. To establish jurisdiction and venue, the Complaint makes only a general statement that "Defendant's are public officials in the State of Florida, they are sued in their official capacities, and certain Defendants maintain their principal headquarters in this District…." (*See* ¶22)

4. The only allegation made in the Complaint that any plaintiff has any contact to Pasco County, Florida, is that Plaintiff, Washington, is a "drama teacher at Union Park Charter Academy in Pasco County." (*See* ¶ 79).

---

[1]  As codified, H.B. 155 creates new subsections to the existing statutory provisions of §1001.42(8), Fla. Stat., inserting the substantive language about which the Plaintiffs complain in this action.

[2] While this information is not specifically set out within the four corners of the complaint, it is offered only as background and is based upon State official record information of the Florida House of Representatives at https://www.myfloridahouse.gov/Sections/Bills/billsdetail.aspx?BillId=76545.

5. Pasco is a district school board, charged by state law with the operation and authority *only* over public schools in Pasco County, Florida, and it has no corporate or physical presence within the Northern District.

## MOTION TO DISMISS

6. Plaintiffs' Complaint against Pasco should be dismissed for improper venue for the following reasons: (A) Pasco appears to be little more than a nominal party improperly or mistakenly joined to this action despite having no virtually no relationship to the dispute, nor physical contacts with the district; and (B) the home venue privilege permits Pasco to insist venue for any claim against it be adjudicated in the Middle District of Florida.

*(A) Pasco appears to be little more than a nominal party improperly or mistakenly joined in this action.*

7. While Plaintiffs allege that Pasco "is a district school board organized and governed pursuant to Fla. Stat. § 1001.34 et seq.," the Plaintiffs omit or are unaware that Pasco, as a school board, is organized and governed by the Florida Constitution as the governmental agency duly empowered to administer, manage, and operate" public school *within* Pasco County, Florida.  See, Art. IX, Sec. 4., Fla. Const.[3]

---

[3] See also, §1003.02, Fla. Stat., which provides in pertinent part, "As provided in part II of chapter 1001, district school boards are constitutionally and statutorily charged with the operation and control of public K-12 education within their school districts."

8. No allegation asserts that Pasco has or had any contacts with this venue. Pasco is not alleged to have any jurisdictional authority over any of the Plaintiffs within the venue of this Court; nor to have conducted any business activity or been involved in any enterprise giving rise to this action with the Plaintiffs within the venue of this Court. Pasco respectfully asserts that the Northern District is an inappropriate venue for litigation against it in this matter.

9. Additionally, the only Plaintiff who alleges any relationship with Pasco is Myndee Washington, who alleges she is a "drama teacher at Union Park Charter Academy in Pasco County." *See* ¶ 79. Plaintiff, Washington fails to note that Union Park Charter Academy is a separate legal entity from Defendant, Pasco, and that, as such, Washington is NOT an employee of Defendant, Pasco, and is not subject to any direct management, supervision or control of Defendant, Pasco. Thus, any direct relationship between Washington and Defendant, Pasco, is virtually non-existent -- remote and/or tenuous, at best.

**(B) The home venue privilege permits Pasco to insist venue for any claim against it be adjudicated in the Middle District of Florida.**

10. Under Florida Law, School Boards as political subdivisions are entitled to a home venue privilege to be sued within the venue assigned to its principal geographical location – for Pasco, this would be Pasco County Florida, or the Federal Court for the Middle District of Florida.

## **MEMORANDUM OF LAW**

11. For the purposes of determining the authorized and appropriate venue for litigation of Federal questions, 28 U.S.C. 1391, provides in pertinent part as follows:

> (b) <u>Venue in general</u>. --A civil action may be brought in--
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; …
>
> (d) <u>Residency of corporations in States with multiple districts</u>.-- For purposes of venue under this chapter, **in a State which has more than one judicial district and** in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, **such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State**, and, if there is no such district, the corporation shall be deemed to reside in the district within which it has the most significant contacts.

12. This provision has been interpreted to require courts to "focus on relevant **activities of the defendant**, **not of the plaintiff**." (**Emphasis added**.) *See NuTek International, Inc., v Moxley-West*, 2014 WL 12623811 at *4. Moreover, the court's analysis regarding venue should "ensure that a defendant is not hailed into a remote district having no real relationship to the dispute." See *Hemispherx Biopharma, Inc. v. MidSouth Capital, Inc.*, 669 F.Supp.2d 1353, 1357 - 1358 (2009) (citing, *Jenkins Brick Co., v. Bremer*, 321 F.3d 1366, 1371-72 (11th Cir. 2003), and *Woodke v Dahm*, 70 F.3d 983, 985 (8th Cir. 1995). See also, *Vivant*

*Pharms., LLC v. Clinical Formula*, LLC, No. 10–21537, 2011 WL 1303218, (S.D. Fla. Mar. 31, 2011).

13. Rather than alleging that Pasco has any relationship to the dispute or this District, the Complaint generally alleges a legal conclusion of jurisdiction and venue of this Court, as follows:

> 22. This Court has personal jurisdiction over Defendants, and **venue is proper** in this District pursuant to 28 U.S.C. § 1391(b), because **Defendants are public officials in the State of Florida**, **they are sued in their official capacities**, and **certain Defendants maintain their Principal headquarters in this District**. Defendants reside within this District **and/or perform official duties within Florida**. (**Emphasis added**.)

## *(A)   Pasco appears to be little more than a nominal party improperly joined in this action.*

14. As a school board within the State of Florida, Pasco has power and authority to act within the District of Pasco County, Florida.

15. Article IX, Section 4 of the Constitution of the State of Florida, provides as follows:

> (a) **Each county shall constitute a school district**; provided, two or more contiguous counties, upon vote of the electors of each county pursuant to law, may be combined into one school district….
>
> (b) **The school board shall operate, control and supervise all free public schools within the school district** and determine the rate of school district taxes within the limits prescribed herein….

16. The Complaint fails to allege that Pasco has any contacts within this Court's District, or that Pasco has engaged in any relevant action or conduct within the venue of this Court's District, or that Pasco has the legal authority to act within this Court's District.

17. More specifically, the allegations of Defendant Washington, address her impressions and concerns, but fail to address any specific action taken by Pasco relative to matters within the Complaint. See ¶¶ 79 – 81, 92, 222 – 223, 225, 228 – 230, 232, 239, 266, 270, and 304

18. Likewise, the Complaint fails to allege any of the Plaintiffs located *within* the Northern District's geographical venue have been or will be affected by any specific action taken by or conduct of Pasco.

19. Additionally, Defendant Washington is not an employee of Pasco. Rather, she is an employee of the separate legal entity, Union Park Charter Academy, a public charter school operating within Pasco County Florida pursuant to § 1002.33, Fla. Stat.

20. Under Florida law, charter schools, such as Union Park Charter Academy, are operated by independent governing boards, which are separate legal entities from the School Board. Most significantly, some of statutory rights under which a charter school such as Union Park Charter Academy, enjoy include the following:

A. The right to select its own employees, (which are not employees of Pasco); §1002.33(12)(a), Fla. Stat.

B. Adopt its own policies (which are separate from the policies of Pasco[4]); §1002.33(12)(g)(3), Fla. Stat., and

C. The exemption from "all statutes in chapters 1000-1013. §1002.33(16)(a), Fla. Stat.

21. For the reasons stated above, Defendant, Pasco, appears to be little more than a nominal party improperly joined in this action, and has not engaged in conduct that subjects it to the venue of this Court.

### *(B) The home venue privilege permits Pasco to insist venue for any claim against it be adjudicated in the Middle District of Florida.*

22. Under state law, the authorized and appropriate venue for litigation on such statute is established by §47.011, Fla. Stat., which provides as follows:

> Actions shall be brought only in the county where the defendant resides, where the cause of action accrued, or where the property in litigation is located.

---

[4] Also related and significant to understanding the significance of this provision is 1002.33(5)(b)(1)(d), which provides, "The **sponsor shall not apply its policies to a charter school unless mutually agreed to by both the sponsor and the charter school.** If the sponsor subsequently amends any agreed-upon sponsor policy, the version of the policy in effect at the time of the execution of the charter, or any subsequent modification thereof, shall remain in effect and the sponsor may not hold the charter school responsible for any provision of a newly revised policy until the revised policy is mutually agreed upon." (**Emphasis added**.)

23. Under Florida law, Pasco is the governing body of the Pasco School District, and the corporate governmental agency empowered by the constitution and statutes of the State of Florida to administer, manage, and operate" the public schools within Pasco County, Florida. 1001.40, Fla. Stat.; Art IV, §4, Fla. Const.

24. Since Pasco has not, through any action or conduct, submitted itself to the venue of this Court's District, Pasco has and hereby asserts its State and common law "home venue privilege" to be sued in the county where it maintains its principal headquarters. See, § 47.011, Fla. Stat.; and *School Bd. of Osceola County v. State Bd. of Educ.*, 903 So.2d 963, 966 (Fla. 5th DCA 2005).

25. Such home venue privilege was created by common law, and among other things, the privilege is intended to "promote orderly, efficient, and economical government" by allowing governmental entities to be sued in the county of their headquarters, "where such suits can be defended at a minimum expenditure of effort and public funds." *Smith v. Williams*, 35 So.2d 844 (Fla. 1948); *Florida Dept. of Children and Families v. Sun-Sentinel*, 865 So.2d 1278, 1287 (Fla. 2004) ("Sun-Sentinel II"). See also, *Fish & Wildlife Conservation Com'n v. Wilkinson*, 799 So.2d 258, 263 (Fla. 2d DCA 2001).

26. In consideration of these principles, Pasco asserts that the Plaintiffs' venue selection in this venue is inappropriate as it relates to any claim against Pasco.

## CONCLUSION

For the aforementioned reasons, Pasco should be dismissed from the relief requested by the Complaint based upon Plaintiff's choice of improper venue against Pasco and based upon Pasco's home venue privilege.

Dated 20 June 2022

**MCCLAIN ALFONSO, P.A.**
Post Office Box 4
37908 Church Avenue
Dade City, Florida 33526-0004
Telephone: (352) 567-5636
Facsimile: (352) 567-6696
Email:  DAlfonso@mcclainalfonso.com
Secondary email:  Eserve@mcclainalfonso.com
Attorney for the Defendant,
   Pasco County School Board

s/ *Dennis J. Alfonso*

DENNIS J. ALFONSO, Esquire
Florida Bar Number:  843271

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the undersigned electronically filed the foregoing with the Clerk of the Court via the CM/ECF system on June 20, 2022, and requested the Clerk provide electronic notification to all counsel of record.

s/ *Dennis J. Alfonso*

DENNIS J. ALFONSO, Esquire
Florida Bar Number:  843271