UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

CASE NO.: 22-CV-00134-AW-MJF

EQUALITY FLORIDA, et al,

    Plaintiffs,

vs.

RONALD D. DESANTIS, in his official
Capacity as Governor of Florida, et al,

    Defendants.

_____/

## DEFENDANT SCHOOL BOARD OF BROWARD COUNTY'S MOTION TO DISMISS FIRST AMENDED COMPLAINT

The Defendant School Board of Broward County ("BCSB")[1], by and through its undersigned attorneys and pursuant to Rules 12(b)(1)(6) of the Fed. R. Civ. Pro. requests that the Court enter an order dismissing Plaintiff's First Amended Complaint (DE 52) for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted against BCSB, and dismissing and/or striking the claims for punitive damages against BCSB, and as grounds therefore would show:

1.    The Plaintiffs' collectively seek declaratory and injunctive relief regarding the constitutionality of the Florida Legislature's recent adoption of a statute relating to parental rights in education (H.B. 1557). Relief is sought against Florida Governor Ronald D. DeSantis and the Florida Department of Education as well as several Florida school districts including the BCSB.

---

[1] The First Amended Complaint refers to BCSB as the Broward County School Board, but its correct legal name is The School Board of Broward County.

2. The claims against BCSB are asserted by Plaintiffs Equality Florida, Family Equality and Scott Berg ("Berg") who is allegedly employed as a teacher by BCSB. The First Amended Complaint appears to assert that the anticipated future application of H.B. 1557 will deprive Plaintiff Berg of federally protected rights secured under the First and Fourteenth Amendments of the Constitution. The relief requested includes a permanent injunction to enjoin the implementation and enforcement of H.B. 1557 together with an award of nominal, compensatory, statutory and punitive damages.[2]

3. There is a lack of subject matter jurisdiction and the First Amended Complaint fails to state a federal claim upon which relief can be granted as against BCSB for the following reasons:

(a) The subject statute has not become effective and the First Amended Complaint is devoid of any allegations that the challenged statute has been applied by Defendant BCSB to Plaintiff Berg or any of the named Plaintiffs. As such, the claim against BCSB is premature and is not ripe and/or Plaintiff Berg and the other Plaintiffs lack standing to maintain a claim against BCSB.

(b) The First Amended Complaint fails to state a plausible claim that the Defendant BCSB has deprived or will deprive Equality Florida, Family Equality and/or Berg of any right protected by the First and Fourteenth Amendments of the Constitution.

(c) The First Amended Complaint is devoid of any allegations to establish entity liability against BCSB for a violation of 42 U.S.C. §1983. The Plaintiffs fail to allege that any policy of custom of BCSB has or will in the future cause Plaintiff Berg or any of the other Plaintiffs to be deprived of a federally protected right.

---

[2] The First Amended Complaint does not allege that BCSB has actually applied H.B. 1557 to Plaintiff Berg. Indeed, the statute will not become effective until July 1, 2022.

4.     Plaintiffs seek an award of punitive damages against the Defendants including BCSB (DE 52 at ¶315). Governmental entities such as BCSB are not subject to an award of punitive damages for a violation of 42 U.S.C. §1983. As a result, the claim for punitive damages should be dismissed and/or stricken.

### Memorandum of Law

In accordance with N.D. Fla. Loc. R. 7.1, Defendant BCSB sets forth its Memorandum of Law in support of said Defendant's Motion to Dismiss Plaintiff's First Amended Complaint and states as follows:

### Introduction

The First Amended Complaint seeks relief arising from the Florida Legislature's adoption of a portion of H.B. 1557 which in relevant part provides as follows:

> (8) STUDENT WELFARE -
>
> (c)3  Classroom instruction by school personnel or third parties on sexual orientation of gender identity may not occur in kindergarten through grade three or in a manner which is not age-appropriate or developmentally appropriate for students in accordance with state standards.
>
> Section 2. By June 30, 2023, the Department of Education shall review and update, as necessary, school counseling frameworks and standards; educator practices and professional conduct principals: and any other student services personnel guidelines, standards, or frameworks in accordance with the requirements of this act.
>
> Section 3.  This act shall take effect July 1, 2022.

Allegations concerning BCSB are set forth in paragraphs 78, 87, 108 and 217-221. As it pertains to Defendant BCSB, it is alleged that:

(a)    Plaintiff Berg is employed by BCSB as an elementary school art teacher,

(b) Defendant BCSB is a District School Board which employs Berg and is required by Florida law to implement H.B. 1557,

(c) BCSB has required an inclusive curriculum for LGBTQ students,

(d) Plaintiff Berg is concerned that H.B. 1557 will require him to alter "his" curriculum, prevent him from fostering an inclusive environment and that if he acknowledges his identity as a gay male he will be called a "pedophile" or a "groomer".

Count I of the First Amended Complaint asserts that H.B. 1557 is void for vagueness, Count II asserts that BCSB has denied Berg equal protection of the laws, Counts III and IV assert that BCSB has deprived some of the Plaintiff (excluding Berg) their First Amendment rights to receive information and freedom of expression and that H.B. 1557 is overbroad and has a chilling effect on members of equality Florida and Family Equality's First Amendment rights of expression.

## Lack of Subject Matter Jurisdiction

To establish standing, Plaintiffs must show (1) injury in fact that is (a) concrete and particularized and (b) actual or imminent; (2) a causal connection between that injury and the complained on conduct; and (3) redressability, meaning a favorable decision would eliminate the injury. See *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560-61 (1992). Where prospective declaratory and injunctive relief is requested, a plaintiff must "demonstrate that he is first likely to suffer future injury; second, that he is likely to suffer such injuries at the hand of the defendant; and third, that the relief will likely prevent such injury from occurring". *Cone Corp. v. Florida Department of Transportation,* 921 F.2d 1190, 1203-04 (11th Cir. 1991). Since an injunction seeks to regulate future conduct, a plaintiff seeking such relief must also allege a real and immediate threat, not merely a conjectural or hypothetical threat of a future injury. *Shotz v. Cates,*

4

256 F.3d 1077, 1081 (11th Cir. 2001).  A Plaintiff must also establish standing as to each claim and for each type of relief sought. *Davis v. Federal Election Commission,* 554 U.S. 724, 734 (2008).

Plaintiffs M.A. Zander Moricz, Jane Doe, Rabbi Amy Morrison, Cecile Houry, Dan and Brent Vantice, Lourdes Cesares, Kimberly Fineberg, Lindsey Bingham Shook, Anh Volmer and Myndee Washington do not allege any connection with Defendant BCSB or that BCSB has applied or threatened to apply H.B. 1557 to any of these Plaintiffs.  With respect to the organizational Plaintiffs, Equality Florida and Family Equality, the First Amended Complaint also fails to allege any connection with BCSB or that BCSB has applied or threatened to apply H.B. 1557 to these organizations.  Indeed H.B. 1557's application is limited to "classroom instruction" of pre-k through third grade public school students.  There are no allegations that Plaintiffs Equality Florida and/or Family Equality engage in the classroom instruction of pre-k through third grade students in the Broward Public School system.  As such, these Plaintiffs fail to allege any existing or imminent non-speculative injury attributable to BCSB.

With respect to Plaintiff Berg, the First Amended Complaint does not allege that BCSB has ever applied H.B. 1557 to Berg, that BCSB has ever threatened to apply H.B. 1557 to Berg or that there is any imminent threat of the application of the statute to Berg.   Indeed, the statute does not take effect until July 1, 2022, there is no allegation that Berg is engaged in classroom instruction during the summer months and neither Plaintiff Berg nor any of the other Plaintiffs seek a preliminary injunction.  Indeed, H.B. 1557 does not provide for the taking of any action against a teacher such as Plaintiff Berg and instead provides that parental concerns regarding compliance with the statute shall be addressed through an administrative proceeding against the

5

school district or a civil action for declaratory and injunctive relief against the school district. See Section 1001.42(8)(c) 7(b), Florida Statute (2022). No case or controversy exists between BCSB and any of the Plaintiffs.

## No Viable Federal Claim or Basis for BCSB Liability

### Due Process (Count I)

As set forth above, the challenged portion of H.B. 1557 applies to **"Classroom instruction"** by "school personnel or third parties". (emphasis added) With the exception of Plaintiff Berg, none of the other Plaintiffs allege that they engage in classroom instruction in Broward Public Schools. Moreover, H.B. 1557 provides for enforcement though an administrative proceeding or civil action for declaratory and injunctive relief against **"school districts"** (emphasis added) and none of the Plaintiffs allege that they are therefore subject to the enforcement mechanism of 1557. Finally, Section 2 of H.B. 1557 provides that the Florida Department of Education shall adopt personnel guidelines, standards or frameworks in accordance with the requirements of the act and provides that this will occur by June 30, 2023. The First Amended Complaint fails to allege that any such action has yet been taken by the Florida Department of Education. The First Amended Complaint fails to plausibly allege that the Defendant BCSB has deprived any Plaintiff of life, liberty or property without due process of law.

### Equal Protection Claim (Count II)

Count II initially asserts that the Florida Legislature had an invidiously discriminatory purpose in the adoption of H.B. 1557. There is no allegation that the BCSB participated in the adoption of H.B. 1557. Again there is no allegation that Defendant BCSB has ever applied H.B. 1557 to Berg or any of the other Plaintiffs or that the Defendant BCSB has treated Berg or any of

the other Plaintiffs differently than similarly situated persons, or that there is any imminent threat that BCSB will do so. The statute on its face applies to classroom instruction by all teachers and third parties regardless of their gender identity or sexual orientation. To state an as applied equal protection claim against the BCSB, Plaintiffs are required to alleged that BCSB has applied the statute and that Plaintiffs were treated differently than similarly situated persons and that Defendant BCSB applied the law unequally for the purpose of discriminating against them. *Strickland v. Alderman,* 74 F.3d 260, 264 (11th Cir. 1996). The First Amended Complaint contains no such allegations. Count II fails to state a plausible equal protection claim against Defendant BCSB.

**First Amendment Claims (Counts III-V)**

Plaintiffs M.A., Moricz, S.S., Doe, Equality Florida and Family Equality seek relief against the Defendant BCSB for claimed violations of their First Amendment right to receive information or engage in freedom of expression. Relief is not sought by Plaintiff Berg against Defendant BCSB. Again, the First Amended Complaint fails to allege any connection between these Plaintiffs and the Defendant BCSB. Moreover, none of the Plaintiffs have any First Amendment right to alter the curriculum provided to pre-K through third grade students so as to teach public school students regarding issues they believe are important and beneficial. See *Evans-Marshall v. Board of Education of Tipp City Exempt School District*, 624 F.3d 332, 340-42 (6th Cir. 2010) and *Webster v. New Lenox School District No. 122,* 917 F.2d 1004 (7th Cir. 1990) (teachers do not have a First Amendment right to vary curricular content). The statute applies to classroom instruction and does not violate the First Amendment free speech rights of the Plaintiffs.

Count V is brought by Plaintiffs M.A., Moricz, S.S., Doe, Equality Florida and Family

Equality against Defendant BCSB and alleges that H.B. 1557 is overbroad in violation of the First Amendment. Again, none of the Plaintiffs allege that they have any connection with BCSB, that BCSB has applied or that there is any imminent threat that BCSB will apply the subject statute to any of the Plaintiffs or that any of the Plaintiffs engage in classroom instruction in Broward Public Schools such that there could be any application by BCSB to the Plaintiffs. Count V fails to state any viable claim against Defendant BCSB.

**No Basis for Entity Liability**

It is axiomatic that section 1983 liability cannot be imposed on BCSB unless a plaintiff was deprived of a federally protected right pursuant to a BCSB policy or custom. See generally, *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed. 2d 611 (1978). A school district is "liable under section 1983 only for acts for which [the school district] is actually responsible." *Marsh v. Butler County*, 268 F.3d 1014, 1027 (11th Cir. 2001) *(en banc)*. The Plaintiffs in this action must "identify a [school district] policy or custom that cause their injury." *Gold v. City of Miami*, 151 F.3d 1346, 1350 (11th Cir. 1998) (internal quotation marks omitted) and *Grech v. Clayton County, GA*, 335 F.3d 1326, 1329-30 (11th Cir. 2003). The First Amended Complaint does not identify any officially promulgated BCSB policy or unofficial custom or practice of BCSB shown through the repeated acts of a final policy maker which allegedly caused or will cause Plaintiffs to be deprived of any federally protected right. See *Grech v. Clayton County, GA.*, supra at 1329. To establish entity liability against BCSB, Plaintiffs are required to allege and show that BCSB has authority and responsibility over the governmental function at issue. *Teagan v. City of McDonough,* 949 F.3d 670, 675 (11th Cir. 2020), citing *Grech v. Clayton County,* supra at 1330.

8

The First Amended Complaint affirmatively alleges that BCSB and the other school districts do not have authority and responsibility over the governmental function at issue. Instead, the establishment of the complained of prohibition on classroom instruction emanates from Florida legislature and will thereafter be more fully defined by rules and regulations adopted by the Florida Department of Education. Any implementation of H.B. 1557 by BCSB will be as a "arm of the state" not as a result of any policy or custom promulgated by BCSB. Where a local governmental entity such as BCSB functions as an arm of the state and thus has immunity under the Eleventh Amendment with respect to any claim for damages. See *Kicklighter v. McIntosh County Board of Commissioners,* 694 Fed. Appx. 711, 714 (11th Cir. 2017) (citing *Manders v. Lee*, 338 F.3d 1304, 1308 (11th Cir. 2003). See, also generally this Court's recent decision in *Dream Defenders v. DeSantis*, 553 F. Supp. 3rd 1052, 1085-1090 (N.D. Fla. 2021) holding that Florida county sheriff's function as an arm of the state with respect to the "anti-riot bill". No basis exists for imposing section 1983 liability on Defendant BCSB.[3]

## No Basis for a Punitive Damage Award

Plaintiffs seek an award of punitive damages against the Defendant BCSB. (DE 52 at ¶315). Punitive damages cannot be awarded against a governmental entity for a violation of 42 U.S.C. §1983. See *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247 (1981).

---

[3] Count VI seeks relief for an alleged violation of Title IX but does not seek relief against Defendant BCSB.

WHEREFORE, in accordance with the reasons and authorities stated above, Defendant BCSB requests that the Court enter an order dismissing this action as against it for lack of subject matter jurisdiction and/or for failure to state a federal claim upon which relief can be granted.

Dated: June 27, 2022

                                        Respectfully submitted,

                                        */s/Christopher J. Stearns*
                                        Christopher J. Stearns, Esquire (557870)
                                        Stearns@jambg.com
                                        Young@jambg.com
                                        Johnson, Anselmo, Murdoch,
                                        Burke, Piper & Hochman, P.A.
                                        2455 East Sunrise Blvd., Suite 1000
                                        Fort Lauderdale, Florida 33304
                                        Telephone: 954-463-0100
                                        *Counsel for Defendant BCSB*

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on the 27th day of June, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of records or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                JOHNSON, ANSELMO, MURDOCH, BURKE, PIPER & HOCHMAN, P.A.
*Counsel for Defendant BCSB*
2455 East Sunrise Boulevard, Ste. 1000
Fort Lauderdale, FL 33304
Telephone: 954-463-0100

BY: */s/Christopher J. Stearns*
      CHRISTOPHER J. STEARNS
      Florida Bar No. 557870

**SERVICE LIST**

Roberta A. Kaplan (NY #2507093)*
John C. Quinn (NY #4965000)*
Kate L. Doniger (NY #5128251)*h
D. Brandon Trice (NY #5140017)*
KAPLAN HECKER & FINK LLP
350 Fifth Avenue, 63rd Floor
New York, New York 10118
Tel.: (212) 763-.0883
rkaplan@kaplanhecke.com

Joshua Matz (DC #1045064)*
Valerie L. Hletko (DC #485610)*
KAPLAN HECKER & FINK LLP
1050 K Street, NW, Suite 1040
Washington, D.C. 20001
Tel: (212) 763-0883
jmatz@kaplanhecker.com

Christopher Stoll (CA #179046)*
NATIONAL CENTER FOR LESBIAN RIGHTS
870 Market Street, Suite 370
San Francisco, California 94102
Tel.: (415) 392-6257
CStoll@nclrights.org

Michael W. Weaver (IL #6291021)*
MCDERMOTT WILL & EMERY LLP
444 West Lake Street, Suite 4000
Chicago, Illinois 60606
Tel (312) 984-5820
mweaver@mwe.com

Joseph M. Wasserkrug (FL #112274)
MCDERMOTT WILL & EMERY LLP
333 SE 2nd Avenue, Suite 4500
Miami, Florida 33131
jwasserkrug@wme.corn

Elizabeth F. Schwartz (FL #114855)
ELIZABETH F. SCHWARTZ,
3050 Biscayne Blvd, Suite 600
Miami, Florida 33137
liz@elizabethschwartz.corn

Attorneys for Plaintiffs'
*admitted pro hac vice

Shireen A. Barday, Esq.
GIBSON DUNN & CRUTCHER LLP -
NEW YORK NY
200 PARK AVENUE
NEW YORK, NY 10166
212-351-4000
sbarday@gibsondunn.com

Anita J. Patel, Esq.
Florida Attorney Generals Office
Complex Litigation
PL-01 The Capitol
Tallahassee, FL 32399
850-414-3694
anital.patel@myfloridlegal.com

Bilal Ahmed Faruqui, Esq.
Office of the Attorney General
PL-01 The Capitol
Tallahassee, FL 32399
850-414-3757
bilal.faruqui@myfloridlegal.com

Daniel William Bell, Esq.
Florida Attorney Generals Office
Complex Litigation
PL-01 The Capitol
Tallahassee, FL 32399
786-473-2923
daniel.bell@myfloridlegal.com

Henry Charles Whitaker, Esq.
Florida Attorney Generals Office
Complex Litigation
PL-01 The Capitol
Tallahassee, FL 32399
850-414-3688
henry.whitaker@myfloridlegal.com

Ashley Tinsley Gallagher, Esq.
JOHNSON JACKSON - TAMPA FL
100 N TAMPA STREET
SUITE 2310
TAMPA, FL 33602
813-580-8400
Fax: 813-580-8407
agallagher@johnsonjackson.com

Erin G. Jackson, Esq.
JOHNSON JACKSON - TAMPA FL
100 N TAMPA STREET
SUITE 2310
TAMPA, FL 33602
813-580-8400
ejackson@johnsonjackson.com

Daniel J. Deleo, Esq.
SHUMAKER LOOP KENDRICK LLP - SARASOTA FL
240 S PINEAPPLE AVENUE
10TH FLOOR
SARASOTA, FL 34236
941-364-2740
Email: ddeleo@shumaker.com

Walter James Harvey, Esq.
MIAMI-DADE COUNTY PUBLIC SCHOOLS - MIAMI FL
SCHOOL BOARD ATTORNEY'S OFFICE
1450 NE 2ND AVE
STE 430
MIAMI, FL 33132
305-995-1304
walter.harvey@dadeschools.net

Jeffrey James Grosholz, Esq.
RUMBERGER KIRK & CALDWELL PA - TALLAHASSEE FL
101 NORTH MONROE STREET
STE 120
TALLAHASSEE, FL 32301
850-222-6550
jgrosholz@rumberger.com

John David Marsey, Esq.
RUMBERGER KIRK & CALDWELL PA - TALLAHASSEE FL
101 NORTH MONROE STREET
STE 120
TALLAHASSEE, FL 32301
850-841-8365
dmarsey@rumberger.com

Bob Lynn Harris, Esq.
MESSER CAPARELLO & SELF PA –
TALLAHASSEE FL
2618 CENTENNIAL PL
TALLAHASSEE, FL 32308
850-222-0720
Fax: 850-224-4359
bharris@lawfla.com

Dennis John Alfonso, Esq.
MCCAIN ALFONSO PA – DADE CITY FL
PO BOX 4
DADE CITY, FL 33526-0004
352-567-5636
Fax: 352-567-6696
dalfonso@mcclainalfonso.com