UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**EQUALITY FLORIDA**, et al.,

   *Plaintiffs*,

   v.   No. 4:22-cv-134-AW-MJF

**RON DESANTIS**, in his official capacity
as Governor of Florida, et al.,

   *Defendants*.

_____/

## DEFENDANTS' MOTION TO STAY DISCOVERY PENDING RESOLUTION OF THEIR MOTIONS TO DISMISS

In an earlier filing, Defendants previewed that there likely would be "compelling reasons for the Court to stay discovery pending resolution of their motion[s] to dismiss" but noted that a motion to stay would "be premature until the amended complaint and motion[s] to dismiss are filed." ECF 37 at 3. Per this Court's order, Plaintiffs filed their amended complaint on May 25, 2022, which added more than 30 pages of allegations to their original pleading. On June 27, Defendants filed six motions to dismiss, five by individual school board defendants and one by the State Defendants. Plaintiffs have served interrogatories and requests for production of documents, responses to which are due July 18.

For the reasons discussed below, Defendants respectfully ask the Court to stay discovery until their motions to dismiss are resolved.

## ARGUMENT

Although district courts enjoy significant discretion over docket management, the Eleventh Circuit has repeatedly held that "[f]acial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should . . . be resolved before discovery begins." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997); *accord Isaiah v. JPMorgan Chase Bank*, 960 F.3d 1296, 1308 (11th Cir. 2020); *Roman v. Tyco Simplex Grinnell*, 732 F. App'x 813, 815 (11th Cir. 2018); *Stepanovich v. City of Naples*, 728 F. App'x 891, 903 (11th Cir. 2018); *Roberts v. FNB S. of Alma*, 716 F. App'x 854, 857 (11th Cir. 2017); *Rivas v. The Bank of N.Y. Mellon*, 676 F. App'x 926, 932 (11th Cir. 2017); *Redford v. Gwinnett Cnty. Jud. Cir.*, 350 F. App'x 341, 346 (11th Cir. 2009); *Dragash v. Fed. Nat'l Mortg. Ass'n*, 700 F. App'x 939, 946 (11th Cir. 2017); *Moore v. Potter*, 141 F. App'x 803, 807 (11th Cir. 2005).

Resolving dispositive motions before discovery avoids "unnecessary costs to the litigants and to the court system." *Chudasama*, 123 F.3d at 1368; *see Lawrence v. Governor of Ga.*, 721 F. App'x 862, 864 (11th Cir. 2018) ("[W]arn[ing] of the dangers of allowing a case to proceed through the pretrial processes with a potentially invalid claim."). This case is no exception. Indeed, resolving the pending motions pre-discovery is especially important here for three reasons.

**1.** Defendants raise serious questions about Plaintiffs' standing and, with it, the Court's subject-matter jurisdiction. *See* ECF 62 at 4–6; ECF 63 at 8–11; ECF 65 at 13–23; ECF 66 at 12–16; ECF 67 at 9–22; ECF 68 at 24–31. Subject-matter jurisdiction is fundamental to the Court's "power to act." *Escareno v. Carl Nolte Sohne GmbH*, 77 F.3d 407, 412 (11th Cir. 1996). That is, "[w]ithout jurisdiction the court cannot proceed at all in any cause," and "the only function remaining to the court is that of announcing the fact and dismissing the cause." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (quoting *Ex parte McCardle*, 7 Wall. 506, 514 (1868)).

That is no less true of discovery, as "[t]he subpoena power of a court cannot be more extensive than its jurisdiction." *U.S. Cath. Conf. v. Abortion Rts. Mobilization, Inc.*, 487 U.S. 72, 76 (1988). Defendants therefore should not be required to submit to discovery while serious questions about the Court's power to act are resolved. *See Seaway Two Corp. v. Deutsche Lufthansa Aktiengesellschaft*, 06-20993-CIV, 2006 WL 8433652, at *1 (S.D. Fla. Nov. 17, 2006) ("[B]ecause the Motion to Dismiss asserts that the Court [lacks] subject matter jurisdiction . . . it is possible that the Court lacks the authority to mandate that the parties engage in discovery."). For that reason, when "serious doubts regarding subject matter jurisdiction" are raised, courts have stayed discovery. *Duo-Regen Techs., LLC v. 4463251 Can., Inc.*, 8:13-CV-2108-T-27TBM, 2014 WL 12618711, at *1 (M.D. Fla.

3

Feb. 14, 2014); *accord Latele Prods., Inc. v. Azteca Int'l Corp.*, 16-CV-25347, 2018 WL 11350654, at *1 (S.D. Fla. Dec. 18, 2018). This Court should do the same here.

**2.** Eleven of eighteen defendants (the State Defendants) have moved to dismiss on sovereign-immunity grounds. *See* ECF 68 at 21–24. "[S]overeign immunity presents a special concern that a party raising the defense should not be subjected to the burdens of litigation before the defense has been decided." *Cook v. Taylor*, No. 2:18-CV-977-WKW, 2019 WL 1233853, at *1 (M.D. Ala. Mar. 15, 2019) (citing *Bouchard Transp. Co. v. Fla. Dep't of Env't Prot.*, 91 F.3d 1445, 1448 (11th Cir. 1996)). "Indeed, the Eleventh Circuit has explicitly held that the district court must resolve a claim of immunity before subjecting a party asserting it to discovery or Rule 26 obligations." *Id.* (citing *Howe v. City of Enterprise*, 861 F.3d 1300, 1302–03 (11th Cir. 2017)). That makes sense because sovereign immunity is "an immunity from suit rather than a mere defense to liability" that must be resolved "at the earliest possible stage in litigation," and the immunity is violated whenever a defendant entitled to it is required to participate in litigation, including discovery. *Howe*, 861 F.3d at 1302 (quotations omitted); *cf. P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 143 (1993) (holding that an order denying a

defendant Eleventh Amendment immunity is immediately appealable because the issue is "too important to be denied review").[1]

**3.** Beyond that, each of Plaintiffs' claims is legally insufficient for several additional independent reasons. For example, Plaintiffs' equal-protection claim fails not only because they fail to plausibly allege discriminatory purpose, but for the more basic reason that "the gravamen of an equal protection claim is differential governmental treatment, not differential governmental messaging," *Moore v. Bryant*, 853 F.3d 245, 250 (5th Cir. 2017), and H.B. 1557 does not subject Plaintiffs (or anyone else) to differential treatment. Like other curricular standards, it subjects all teachers at a given grade level to the same restriction on "classroom instruction" and thus operates equally on the education of all students at that grade level. And Plaintiffs lack standing under the Equal Protection Clause to challenge mere "exposure to a discriminatory message, without a corresponding denial of equal treatment." *Id.* at 249–50.

---

[1] This Court has previously concluded that discovery may proceed where a sovereign immunity defense is "factual," such as when defendants "submit[] a declaration in support" of their argument "that they have not waived immunity under § 504 by accepting federal funds." *Yelapi v. Desantis*, No. 4:20-CV-351-AW-MAF, 2021 WL 1921018, at *1 (N.D. Fla. Feb. 25, 2021). Even granting that, however, here the sovereign-immunity defense turns on Defendants' role (or lack thereof) in the challenged statutory scheme. In that scenario, discovery should await resolution of the immunity issue.

Plaintiffs' Title IX claim is likewise implausible because H.B. 1557 regulates only "classroom instruction"—*i.e.*, curricular materials—and, under longstanding regulatory authority, Title IX does not "require[] or prohibit[] or abridge[] in any way the use of particular textbooks or curricular materials." 34 C.F.R. § 106.42; *see, e.g.*, *Grimes ex rel. Grimes v. Sobol*, 832 F. Supp. 704, 706 (S.D.N.Y. 1993) (relying on Title IX regulations to reject a claim under its sister statute, Title VI, that the curriculum of the New York City public schools injured African Americans because it was systematically biased against them).

While Plaintiffs' other claims fare no better, the implausibility of Plaintiffs' equal-protection and Title IX claims is especially significant because those motive- and effects-based claims are Plaintiffs' only arguable path to discovery. Vagueness is, of course, always a question of law. So are Plaintiffs' First Amendment claims, which are subject, at most, to rational-basis review. The content of public-school curricula is plainly government speech. *See Chiras v. Miller*, 432 F.3d 606, 618 (5th Cir. 2005); *see Kennedy v. Bremerton Sch. Dist.*, 21-418, 2022 WL 2295034, at *2 (U.S. June 27, 2022) (explaining that a high school coach "instructing players" is government speech because it is the "speech the [school d]istrict paid him to produce"). But even student speech that is part of school-sponsored activity may be restricted in a manner that is "reasonably related to legitimate pedagogical concerns." *Hazelwood Sch. Dist. v. Kuhlmeier*, 484 U.S. 260, 273 (1988). That test

asks not what the State actually concluded, but what it "could reasonably have concluded," *id.* at 275, a question of law. Plaintiffs thus have no need, for example, for all documents "concerning H.B. 1557 and the advancement of any pedagogical or governmental interest, including H.B. 1557's role in advancing any pedagogical or government interest" or all documents "concerning respects in which H.B. 1557 may hinder, undermine, frustrate, or defeat any pedagogical or governmental interest." *See* Ex. A, First Request for Production to DeSantis at 7.

A stay of discovery is therefore warranted because the complaint faces a serious, case-dispositive challenge. *See, e.g.*, *Chevaldina v. Katz*, 17-22225-CIV, 2017 WL 6372620, at *3 (S.D. Fla. Aug. 28, 2017) (good cause for a stay when, in light of motion to dismiss, "Plaintiff's entire cause of action before this Court may be dismissed"); *Prohias v. Asurion Corp.*, 05-22259-CIV, 2006 WL 8433152, at *1 (S.D. Fla. Jan. 10, 2006) (good cause when, after taking "preliminary peek" to determine that the defendant's motion was "truly case dispositive," the court determined that the motion could result in full dismissal). But even assuming some part of the complaint will survive, it is exceedingly unlikely that Plaintiffs will ultimately need discovery for any or all of their claims, which independently justifies a stay. *See, e.g.*, *Khan v. Bankunited, Inc.*, 8:15-CV-2632-T-23TGW, 2016 WL 4718156, at *1 (M.D. Fla. May 11, 2016) (granting stay because motion to dismiss "will potentially narrow the scope of discovery in a case of this complexity and

7

size"). For these reasons, the dozens of interrogatories and requests for production on Defendants (with more sure to come) are unduly burdensome and all the more reason to grant the stay.[2]

**4.** Plaintiffs will no doubt oppose a stay because "the Court has set a trial date of February 13, 2023" and, for that reason, they decided to forego "seeking a preliminary injunction." ECF 47 at 112 n.80. Plaintiffs are, of course, free to file a preliminary-injunction motion at any time, and they have known since at least the beginning of May that Defendants intended to file motions to dismiss and then seek a discovery stay pending resolution of those motions.

In any event, courts have rejected similar arguments because the schedule "can be amended." *Duo-Regen Techs., LLC*, 2014 WL 12618711, at *2. That is especially true here because Plaintiffs' litigation conduct belies any claim that the trial date should be set in stone. Plaintiffs filed suit on March 31, 2022. ECF 1. At that time, they said that the "harmful effects of H.B. 1557," which would not become effective for months, were "already manifest," ECF 1 ¶ 16, and they planned to seek preliminary injunctive relief. ECF 1 ¶ 251. They apparently reconsidered and have, since then, litigated at a leisurely pace beginning with a two-month lull so that they could amend their complaint, ECF 32 at 1, culminating in a decision not to seek

---

[2] *See* Ex. A; *see also, e.g.*, Ex. B, First Set of Interrogatories to All Defendants (propounding 14 interrogatories); Ex. C., First Request for Production to Diaz (asking for 38 categories of documents).

8

preliminary relief. ECF 47 at 112 n.80. Having reversed course on the need for speed once, Plaintiffs should not be heard to do so again.

>Respectfully submitted,
>
>ASHLEY MOODY
>ATTORNEY GENERAL
>
>Henry C. Whitaker (FBN 1031175)
>SOLICITOR GENERAL
>
>*/s/ Daniel William Bell*
>Daniel William Bell (FBN 1008587)
>CHIEF DEPUTY SOLICITOR GENERAL
>
>Bilal Faruqui (FBN 15212)
>ASSISTANT ATTORNEY GENERAL
>
>Anita Patel (FBN 70214)
>ASSISTANT ATTORNEY GENERAL
>
>Office of the Attorney General
>The Capitol, Pl-01
>Tallahassee, Florida 32399-1050
>(850) 414-3300
>(850) 410-2672 (fax)
>daniel.bell@myfloridalegal.com
>
>*Counsel for Governor Ron DeSantis, the Florida State Board of Education, Thomas R. Grady, Ben Gibson, Monesia Brown, Esther Byrd, Grazie P. Christie, Ryan Petty, Joe York, Commissioner Manny Diaz, and the Florida Department of Education*
>
>*/s/ Erin G. Jackson*
>Erin G. Jackson, Esq. (FBN 413097)
>Ashley Gallahger, Esq. (FBN 125141)
>Johnson Jackson PLLC
>100 N. Tampa Street, Suite 2310

Tampa, FL 33602
Telephone: (813) 580-8400
Facsimile: (813) 580-8407
ejackson@johnsonjackson.com
agallagher@johnsonjackson.com
lstillwell@johnsonjackson.com
kharris@johnsonjackson.com

*Counsel for the Manatee County School Board*

*/s/ J. David Marsey*
J. David Marsey (FBN 0010212)
Jeffrey J. Grosholz (FBN 1018568)
Rumberger, Kirk & Caldwell, P.A.
101 N. Monroe Street Suite 120
Tallahassee, Florida 32301
Telephone: (850) 222-6550
dmarsey@rumberger.com
jgrosholz@rumberger.com
docketingorlando@rumberger.com
dmarseysecy@rumberger.com
jgrosholzsecy@rumberger.com

*Counsel for the St. John's County School Board*

*/s/ Daniel DeLeo*
Daniel DeLeo, Esq. (FBN 14268)
Patrick Duggan, Esq. (FBN 899461)
Shumaker, Loop & Kendrick, LLP
240 S. Pineapple Ave 10th floor
Sarasota, Florida 34236
Telephone: (941) 364-2740
ddeleo@shumaker.com

*Counsel for the Sarasota County School Board*

/s/ John Palmerini
John C. Palmerini
Deputy General Counsel
School Board of Orange County
445 W. Amelia St., Orlando, FL 32801
407-317-3200
John.Palmerini@ocps.net

*Counsel for the Orange County School Board*

/s/ Michael Burke
Michael Burke
Chris Stearns
Johnson, Anselmo, Murdoch, Burke, Piper & Hochman, P.A.
2455 East Sunrise Boulevard, Suite 1000
Ft. Lauderdale, Florida 33304
954-463-0100
burke@jambg.com

*Counsel for the Broward County School Board*

/s/ Dennis J. Alfonso
Dennis J. Alfonso
McClain Alfonso, P.A.
37908 Church Avenue
Post Office Box 4
Dade City, Florida 33526-0004
Phone: 352-567-5636
dalfonoso@mcclainalfonso.com
lclark@mcclainalfonso.com

*Counsel for the Pasco County School Board*

**CERTIFICATE OF CONFERRAL**

Consistent with Local Rule 7.1(B), undersigned counsel conferred in good faith with counsel for Plaintiffs, who oppose the relief requested in this motion.

11

**CERTIFICATE OF WORD COUNT**

Consistent with Local Rule 7.1(F), this motion contains 1,897 words.

# CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of July, 2022, a true and correct copy of the foregoing was filed with the Court's CM/ECF system, which will provide service to all parties.

*/s/ Daniel William Bell*
Chief Deputy Solicitor General
