UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

CASE NO.: 22-CV-00134-AW-MJF

M.A., by and through his parent
AMBER ARMSTRONG, et al,

      Plaintiffs,

vs.

FLORIDA STATE BOARD OF EDUCATION, et al,

      Defendants.

_____/

## DEFENDANT BROWARD COUNTY SCHOOL BOARD'S MOTION TO DISMISS SECOND AMENDED COMPLAINT

The Defendant Broward County School Board ("BCSB"), by and through its undersigned attorneys and pursuant to Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure request that the Court enter an order dismissing this action as against the Defendant BCSB, and as grounds therefore would show:

1.     The Second Amended Complaint contains seven separate counts. Counts I, II, and III seek relief against Defendant BCSB and the remaining four seek relief against defendants other than BCSB. The only Plaintiff who is alleged to have any connection with the BCSB is teacher Scott Berg ("Berg). (DE 123 at ¶14 and 19) Berg is the only plaintiff who asserts a claim against and seeks relief from the Defendant BCSB. (DE 123 at ¶99-118)

2.     Count I alleges that HB1557 is void for vagueness and seeks a declaration and injunction to enjoin its enforcement. Count II alleges that HB1557 deprives Berg of equal protection of the laws because it denies him the right to participate in education on the basis of his LGBTQ orientation or identity and violates his right to marry on the same terms and conditions as

opposite-sex couples. (DE 123 at ¶106-108)   Count III asserts that HB1557 has been enforced in a discriminatory or selective manner because it has been applied to restrict instruction on LGBTQ sexual orientations and identities while failing to restrict instruction of non-LGBTQ sexual orientations and identities. (DE 123 at ¶113-116)   Both Counts II and III seek a declaratory judgment and an injunction to enjoin the enforcement of HB1557.

3.    The action should be dismissed as against Defendant BCSB for a lack of subject matter jurisdiction.   The Second Amended Complaint fails to allege that Plaintiff Berg has standing to seek relief against Defendant BCSB and none of the other named Plaintiffs purport to have standing or seek relief against Defendant BCSB.

4.    Counts II and III also fail to plausibly state claims that Defendant BCSB has deprived Plaintiff Berg of equal protection of the laws through the implementation of HB1557.

## Memorandum of Law

In accordance with the N.D. Fla. Loc. R. 7.1, Defendant BCSB submits its memorandum of law in support of said Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint and states as follows:

## Plaintiff Berg Lacks Standing

As set forth in this Court's recent Order on Motions to Dismiss:

> Standing requires three elements: (1) An injury in fact that (2) is fairly traceable to the challenged action of the defendant and (3) is likely to be redressed by a favorable decision.
>
> ***
>
> The standing inquiry is separate for each claim that plaintiffs press and for each form of relief that they seek. (DE 120 at page 2-3) (citations and internal quotes omitted)

Plaintiff Berg is the only plaintiff who has any connection with the Defendant BCSB and is the

2

only plaintiff who seeks relief against the BCSB. "[T]he standing inquiry must be evaluated separately as to each defendant." Disability Rights South Carolina v. McMaster, 24 F. 4th 893, 900 (4th Cir. 2022).   As such, the Court's subject matter jurisdiction as to the Defendant BCSB is dependent on whether Plaintiff Berg has adequately alleged the elements of Article III standing with respect to a claim against BCSB.

**Count I – Void for Vagueness**

In Count I, Plaintiff Berg alleges that HB1557 is void for vagueness because its prohibitions are not clearly defined. (DE 120 at ¶¶100-102)  By way of relief, Plaintiff Berg requests that the Court enter a judgment declaring that HB1557 "and the actions described herein" deprive Berg of his Fourteenth Amendment due process rights and issue a permanent injunction to enjoin defendants from implementing or enforcing HB1557. (DE 120 at ¶¶142-43)  However, Plaintiff Berg fails to set forth allegations to show that any potential injury in fact is fairly traceable to the actions of the Defendant BCSB or is likely to be redressed by a decision against the Defendant BCSB.

HB1557 does not provide for enforcement action against teachers such as Plaintiff Berg and instead is enforced through a parental civil action against a district school board. See, Fla. Stat. §1001.42(8)(c)7.b.(I)-(II).   Plaintiff Berg appears to allege that if he violates HB1557 in the future his teachers certificate could be revoked by the Florida State Board of Education pursuant to a recently proposed change in Florida's Administrative Code. (DE 123 at ¶87)  However, if the proposed change is finally adopted, and if Berg faced the potential of injury through the loss of his State issued teacher's certificate, the alleged injury is not fairly traceable to the actions of the Defendant BCSB and the alleged injury would not be redressed by the issuance of declaratory or injunctive relief against the BCSB.

The Defendant BCSB did not adopt HB1557 and has no ability to amend or otherwise clarify its provisions.  Similarly, the issuance and if appropriate, the revocation of a Florida teachers certificate is not within the purview of the Defendant BCSB or any district school board, and instead rests with the Florida State Board of Education and the Florida Education Practices Commission. See, Fla. Stat. §1001.03(3) (the State Board of Education shall establish certification requirements for all school-based personnel to be issued by the Department of Education) and §1012.796(1)(a) (the Department of Education shall investigate complaints which contain grounds for the revocation or suspension of a certificate) and §1012.795(1)(v) (Education Practices Commission may suspend or revoke the educator certificate of any person).

Since any potential future injury resulting from the suspension or revocation or Plaintiff Berg's teacher certificate would not be traceable to the actions of the Defendant BCSB and would not be redressed by the issuance of declaratory or injunctive relief against the Defendant BCSB, Plaintiff Berg has failed to allege Article III standing to proceed against the Defendant BCSB and Count I of the Second Amended Complaint should be dismissed as against the BCSB for lack of standing.

**Counts II & III – Equal Protection**

In Count II, Plaintiff Berg alleges that HB1557 disparately harms LGBTQ teachers and denies them educational opportunities and the right to participate in education on the basis of their LGBTQ orientation or identity. (DE 123 at ¶108)   Plaintiff Berg also alleges that HB1557 violates his equal protection right to marry on the same terms and conditions as opposite-sex couples. (DE 123 at ¶109)

To establish standing, Berg must allege that he "suffered an injury in fact – an invasion of a legally protected interest that is both (a) concrete and particularized and (b) actual or imminent,

not conjectural or hypothetical" <u>Lewis v. Governor of Alabama</u>, 944 F.3d 1287, 1296 (11th Cir. 2019) en banc (citations and internal quotes omitted).   The Second Amended Complaint fails to set forth any allegations to show that any implementation of HB1557 by BCSB has altered or injured his right to marry on the same terms and conditions as opposite-sex couples or any right he may have to "participate in education on the basis of (his) LGBTQ orientation or identity". (DE 123 at ¶108)[1]

Even if it assumed that Plaintiff Berg has sufficiently alleged an actual injury to his right to marry and/or right to participate in education based on his LGBTQ orientation or identity, the Second Amended Complaint is devoid of any allegations which show that such an injury is traceable to the actions of the Defendant BCSB.   The only allegation contained in the Second Amended Complaint which asserts that the Defendant BCSB has done anything since the adoption of HB1557 is the assertion that in July of 2022, BCSB "transported at least 100 LGBTQ children's books to the Stonewall National Museum and Archives". (DE 123 at ¶83)   There is no allegation that any of these books were located at the school where Plaintiff Berg works, or that Plaintiff Berg previously used or currently seeks to use the books for the classes he teaches.   Clearly, the removal of these books does not impact or injure his right to marry or deprive him of equal protection of the laws.   Count II fails to contain sufficient allegations to show that Plaintiff Berg has sustained an injury to his Fourteenth Amendment right to equal protection and fails to show that any claimed injury is traceable to the actions of the Defendant BCSB or would be redressed by the issuance of declaratory injunctive relief against BCSB.

---

[1] It is unclear what is meant by the phrase "right to participate in education on the basis of their LGBTQ orientation or identity" (DE 123 at ¶108)   To the extent it asserts that Plaintiff Berg or other teachers have the right to alter the approved curriculum provided to pre-K through third grade students so as to teach public school students regarding issues they believe are important and beneficial, the right does not exist. See <u>Evans-Marshall v. Board of Education of Tipp City Exempt School District</u>, 624 F.3d 332, 340-42 (6th Cir. 2010) and <u>Webster v. New Lenox School District No. 122</u>, 917 F.2d 1004 (7th Cir. 1990) (teachers do not have a constitutional right to vary curricular content).

In Count III, it is alleged that the Defendant BCSB has deprived Plaintiff Berg "of the rights, privileges or immunities secured by the Equal Protection Clause by selectively enforcing HB1557 against (Berg) based (on) a discriminatory purpose, while failing to enforce HB1557 against other similarly situated individuals." (DE 123 at ¶113).   Again, with respect to the Defendant BCSB, the Second Amended Complaint's only allegation is that in response to complaints from a parental group, BCSB removed children's books from unspecified school facilities. (DE 123 at ¶83)   The Second Amended Complaint is devoid of any allegations to show that the Defendant BCSB removed these books for a discriminatory purpose and instead it is specifically alleged that the removal was pursuant to complaints from a parental group.   It is not alleged that any of these books were located at the school (Flamingo Elementary) where Plaintiff Berg teaches kindergarten, and no attempt is made to show how such a removal of these books has actually injured Plaintiff Berg in any concrete or specific particularized way.   The Second Amended Complaint fails to point to any complaint by a parent or other interested party regarding non-LGBTQ related books which the Defendant BCSB has ignored or failed to act upon.

Count III fails to contain allegations to show that Plaintiff Berg has sustained any actual injury to his rights to equal protection of the law, that any deprivation is fairly traceable to the actions of the BCSB or that his claim would be redressed by the issuance of declaratory or injunctive relief against the BCSB.   Indeed, the declaratory and injunctive relief sought regarding HB1557 would not preclude the BCSB from determining the books that it wishes to stock in elementary school libraries.   As such, Plaintiff Berg's claim against the Defendant BCSB in Count III should be dismissed for lack on standing.

**<u>Counts II and III Fail to State Plausible Claims for Relief</u>**

To survive a motion to dismiss, a complaint must provide "more than labels and conclusions and a formulaic recitation of the elements of a cause of action will not due." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)   "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007))   "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. at 679   See generally <u>Georgia Electronic Life Safety and System Association, Inc. v. City of Sandy Springs, Georgia</u>, 965 F.3d 1270, 1274 (11th Cir. 2020).

As set forth above, the only relevant factual allegations of the Second Amended Complaint are that Plaintiff Berg is employed by the Defendant BCSB as a teacher at Flamingo Elementary School and that shortly after receiving a complaint from the "Mom's for Liberty" group BCSB transported at least 100 LGBTQ children's books from an unidentified location to a museum and archives. (DE 123 at ¶¶14, 19 & 83)   While the Second Amended Complaint does contain "[t]hreadbare recitals of the elements of a (equal protection/selective enforcement) cause of action" these legal conclusions are not supported by any factual allegations.   There is no allegation that any of these books were at Flamingo Elementary School, have ever been used by Plaintiff Berg, that the BCSB had ever treated a complaint by another parent or interested party differently, or any factual allegations to plausibly show a claim of discrimination and selective enforcement.

Instead of setting forth factual allegations to plausibly state an equal protection violation, the Second Amended Complaint cites as support a July 8, 2022 Sun Sentinel Newspaper article

which states that the subject books did not come from Flamingo Elementary School or any school media center. (DE 123 at FN 59)   Rather based on the newspaper article cited by Plaintiff Berg in support of his allegations, the books were located at the School District's Diversity & School Climate Department and were donated to the museum and archives to make room for new departments being added to the physical office space due to a district reorganization. See (*sun-sentinel.com/news/education/fl-ne-broward-schools-lgbtq-books-20220708-mqbfatmyajgufcfix4mhdtlnwe-story.html*)   In addition to a lack of standing, Counts II and III fail to state plausible claims that the transporting of these books deprived Plaintiff Berg of his right to equal protection of the law.   As a result, if the Court determines that Plaintiff Berg has sufficiently alleged standing to assert an equal protection claim, Counts II and III should be dismissed for this alternative reason.

Dated: November 30, 2022

Respectfully submitted,

 */s/Michael T. Burke*
Michael T. Burke (338771)
Burke@jambg.com
Cardona@jambg.com
Johnson, Anselmo, Murdoch,
Burke, Piper & Hochman, P.A.
2455 East Sunrise Blvd., Suite 1000
Fort Lauderdale, Florida 33304
Telephone: 954-463-0100
*Counsel for Defendant BCSB*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on the 30th day of November, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of records or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

JOHNSON, ANSELMO, MURDOCH, BURKE,
PIPER & HOCHMAN, P.A.
*Counsel for Defendant BCSB*
2455 East Sunrise Boulevard, Ste. 1000
Fort Lauderdale, FL 33304
Telephone: 954-463-0100


BY: */s/Michael T. Burke*
     MICHAEL T. BURKE
     Florida Bar No. 338771

9

## SERVICE LIST

Roberta A. Kaplan (NY #2507093)*
John C. Quinn (NY #4965000)*
Kate L. Doniger (NY #5128251)*h
D. Brandon Trice (NY #5140017)*
KAPLAN HECKER & FINK LLP
350 Fifth Avenue, 63rd Floor
New York, New York 10118
Tel.: (212) 763-.0883
rkaplan@kaplanhecke.com

Joshua Matz (DC #1045064)*
Valerie L. Hletko (DC #485610)*
KAPLAN HECKER & FINK LLP
1050 K Street, NW, Suite 1040
Washington, D.C. 20001
Tel: (212) 763-0883
jmatz@kaplanhecker.com

Christopher Stoll (CA #179046)*
NATIONAL CENTER FOR LESBIAN RIGHTS
870 Market Street, Suite 370
San Francisco, California 94102
Tel.: (415) 392-6257
CStoll@nclrights.org

Michael W. Weaver (IL #6291021)*
MCDERMOTT WILL & EMERY LLP
444 West Lake Street, Suite 4000
Chicago, Illinois 60606
Tel (312) 984-5820
mweaver@mwe.com

Joseph M. Wasserkrug (FL #112274)
MCDERMOTT WILL & EMERY LLP
333 SE 2nd Avenue, Suite 4500
Miami, Florida 33131
jwasserkrug@wme.corn

Elizabeth F. Schwartz (FL #114855)
ELIZABETH F. SCHWARTZ,
3050 Biscayne Blvd, Suite 600
Miami, Florida 33137
liz@elizabethschwartz.corn

Attorneys for Plaintiffs'
*admitted pro hac vice

Shireen A. Barday, Esq.
GIBSON DUNN & CRUTCHER LLP -
NEW YORK NY
200 PARK AVENUE
NEW YORK, NY 10166
212-351-4000
sbarday@gibsondunn.com

Anita J. Patel, Esq.
Florida Attorney Generals Office
Complex Litigation
PL-01 The Capitol
Tallahassee, FL 32399
850-414-3694
anital.patel@myfloridlegal.com

Bilal Ahmed Faruqui, Esq.
Office of the Attorney General
PL-01 The Capitol
Tallahassee, FL 32399
850-414-3757
bilal.faruqui@myfloridlegal.com

Daniel William Bell, Esq.
Florida Attorney Generals Office
Complex Litigation
PL-01 The Capitol
Tallahassee, FL 32399
786-473-2923
daniel.bell@myfloridlegal.com

Henry Charles Whitaker, Esq.
Florida Attorney Generals Office
Complex Litigation
PL-01 The Capitol
Tallahassee, FL 32399
850-414-3688
henry.whitaker@myfloridlegal.com

Ashley Tinsley Gallagher, Esq.
JOHNSON JACKSON - TAMPA FL
100 N TAMPA STREET
SUITE 2310
TAMPA, FL 33602
813-580-8400
Fax: 813-580-8407
agallagher@johnsonjackson.com

Erin G. Jackson, Esq.
JOHNSON JACKSON - TAMPA FL
100 N TAMPA STREET
SUITE 2310
TAMPA, FL 33602
813-580-8400
ejackson@johnsonjackson.com

Daniel J. Deleo, Esq.
SHUMAKER LOOP KENDRICK LLP -
SARASOTA FL
240 S PINEAPPLE AVENUE
10TH FLOOR
SARASOTA, FL 34236
941-364-2740
Email: ddeleo@shumaker.com

Walter James Harvey, Esq.
MIAMI-DADE COUNTY PUBLIC
SCHOOLS - MIAMI FL
SCHOOL BOARD ATTORNEY'S OFFICE
1450 NE 2ND AVE
STE 430
MIAMI, FL 33132
305-995-1304
walter.harvey@dadeschools.net

Jeffrey James Grosholz, Esq.
RUMBERGER KIRK & CALDWELL PA -
TALLAHASSEE FL
101 NORTH MONROE STREET
STE 120
TALLAHASSEE, FL 32301
850-222-6550
jgrosholz@rumberger.com

John David Marsey, Esq.
RUMBERGER KIRK & CALDWELL PA -
TALLAHASSEE FL
101 NORTH MONROE STREET
STE 120
TALLAHASSEE, FL 32301
850-841-8365
dmarsey@rumberger.com

Bob Lynn Harris, Esq.
MESSER CAPARELLO & SELF PA –
TALLAHASSEE FL
2618 CENTENNIAL PL
TALLAHASSEE, FL 32308
850-222-0720
Fax: 850-224-4359
bharris@lawfla.com

Dennis John Alfonso, Esq.
MCCAIN ALFONSO PA – DADE CITY FL
PO BOX 4
DADE CITY, FL 33526-0004
352-567-5636
Fax: 352-567-6696
dalfonso@mcclainalfonso.com