UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**M.A.**, et al.,

   *Plaintiffs*,

v.                                            No. 4:22-cv-134-AW-MJF

**FLORIDA STATE BOARD OF EDUCATION**, et al.,

   *Defendants*.

_____

### STATE DEFENDANTS' RESPONSE TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiffs purport to notify the court of two new "authorities." *First*, they contend, the "Florida Department Education released a draft training, effective February 2023," clarifying that HB 1557 "applies to the selection of library materials in addition to classroom instruction." ECF155 at 1. *Second*, Plaintiffs contend, "libraries statewide are heeding the call." *Id.* at 2. These are, of course, not authorities at all. They are, as Plaintiffs admit, newly alleged "facts" or "developments," ECF155 at 1-2 & n.1, and they should be disregarded as a transparent attempt to amend the operative complaint without leave to do so, *see* Fed. R. Civ. P. 15(a)(2).

1

Not content just to flout the rules of civil procedure, Plaintiffs also misrepresent the training presentation attached as Exhibit A to their Notice. Nothing in the document suggests that HB 1557 "applies to the selection of library materials." ECF155 at 1. The document's title page is clear that the training covers both "Library Media" and "Instructional Materials." ECF155 Ex. A at 1. The training first covers the criteria for "Library Materials." *Id.* at 23-24. The training then covers the criteria for "Instructional Materials," understandably beginning with the "Common Selection Criteria" that apply both to "Instructional Materials" and the previously covered "Library Materials," such as a ban on pornography. *Id.* at 30-31.

Up to this point, the presentation says nothing about HB 1557, and Plaintiffs do not contend otherwise. The training mentions HB 1557 for the first and only time in the next section, identifying it as one of the "Additional Selection Criteria" that applies only to "Instructional Materials." *Id.* at 32, 37. Plaintiffs believe that reference to the statute clarifies that HB 1557 "applies to the selection of library materials in addition to classroom instruction." ECF155 at 1 (citing ECF155 Exh. A at 37). But it does the opposite. Consistent with the statutory text, which refers only to "classroom instruction," Fla. Stat. § 1001.42(8)(c)(3), the presentation teaches that HB 1557 is a criterion only for the selection of "instructional materials," in "addition" to the criteria that apply both to library materials *and* instructional materials.

Respectfully submitted,

ASHLEY MOODY
ATTORNEY GENERAL

Henry C. Whitaker (FBN 1031175)
SOLICITOR GENERAL

*/s/ Daniel William Bell*
Daniel William Bell (FBN 1008587)
CHIEF DEPUTY SOLICITOR GENERAL

Anita Patel (FBN 70214)
ASSISTANT ATTORNEY GENERAL

Office of the Attorney General
The Capitol, Pl-01
Tallahassee, Florida 32399-1050
(850) 414-3300
(850) 410-2672 (fax)
daniel.bell@myfloridalegal.com

*Counsel for the Florida State Board of Education, Thomas R. Grady, Ben Gibson, Monesia Brown, Esther Byrd, Grazie P. Christie, Ryan Petty, Joe York, and the Florida Department of Education*

## CERTIFICATE OF WORD COUNT

Consistent with Local Rule 7.1(J), this response contains no more than 350 words.

*/s/ Daniel William Bell*
Daniel William Bell

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of January, 2023, a true and correct copy of the foregoing was filed with the Court's CM/ECF system, which will provide service to all parties.

*/s/ Daniel William Bell*
Daniel William Bell
